IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC.   :
                                :
    Plaintiff,                  :
                                :
v.                              : Case No.: 1:05CV01277
                                : Judge: Paul L. Friedman
REGINALD CLARK  et al           :
                                :
    Defendants.                 :

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT

Reginald Clark ("Clark"), Defendant, by his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, submits this memorandum of points and authorities in support of his motion to dismiss the complaint.

### INTRODUCTION

CUMIS Insurance Society, Inc., ("CUMIS") has filed a complaint alleging, *inter alia* that Mr. Clark fraudulently converted money from Hoya Federal Credit Union ("Hoya").[1] Complaint at ¶ 10. CUMIS contends in its Affidavit of Service as to Mr. Clark that it served Mr. Clark by hand delivering the Summons and Complaint on a third party. As set forth below, the allegations in the affidavit of service are false and no service was obtained.

In the Complaint, CUMIS asserts three purportedly alternative claims of Fraud (Count I), Breach of Fiduciary Duty (Count II) and Unjust Enrichment (Count III). However, all three claims are merely mirror images of each other and rely upon the same inadequate allegations of fraudulent conduct. Thus, CUMIS fails to allege these claims of fraud with the particular

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

---

[1] CUMIS alleges that it is subrogated to Hoya's rights. Complaint at ¶ 18.

required by Rule 9(b). Lastly, CUMIS claim in Count II fails as a matter of law because there does not exist an independent cause of action for breach of fiduciary duty.[2]

## ARGUMENT

I.   CUMIS FAILED TO PROPERLY SERVE PROCESS ON MR. CLARK.

CUMIS' affidavit of service as to Mr. Clark provides that service was made upon "Valias Rodrigue, brother-in-law, a person of suitable age and discretion who states he resides therein with the defendant."[3]  As set forth in Mr. Clark's affidavit, Mr. Rodrigue is not Mr. Clark's "brother-in-law, nor does he reside with him (and has never resided with him). Clark Affidavit at ¶ 3. On information and belief, Mr. Rodrigue is the father of a tenant of Mr. Clark who rents a separate basement apartment from Mr. Clark with independent access and separate mail box of 1166B 5th Street, N.E. Washington, D.C. 20002. Clark Affidavit at ¶ 6-8. Mr. Rodrigue's does not even reside in the separate apartment, but on information and belief, was visiting his daughter when he was provided with service of process. Id at ¶ 7. Mr. Rodrigue also speaks very little English. Id ¶ 6.

Fed.R.Civ.P. 4(e) provides that service may be obtained "by delivering a copy of the summons and of the complaint to the individual personally or <u>by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein</u> . . ."  "Actual notice will not substitute for technically correct

---

[2] Counts IV-VII do not assert claims against Mr. Clark.

[3] It should also be noted that the affidavit of service for co-defendant, Mae Smith, provides that service was obtained on her by serving her "brother-in-law" Valias Rodrigue at the same address. Since Ms. Smith is Mr. Clark's aunt (see Complaint at ¶ 11) Mr. Rodrigue could not be the alleged "brother-in-law" to both Mr. Clark and Ms. Smith. Moreover, Ms. Smith does not reside at 1166 5th Street, N.E., Washington, D.C. as alleged in the affidavit of service. See Clark Affidavit at ¶ 4 attached hereto as Exhibit 1.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

2

service under Fed.R.Civ.P. 4.  If service is not properly made, the court has no jurisdiction to render a personal judgment against a defendant."  Moskovitz v. Drug Enforcement Admin., 774 F.Supp. 649, 652 (D.D.C.1991).  Substituted service of process, in contrast, [to personal service] carries the risk that the defendant never received notice" Marshall v. Warwick, 155 F.3d 1027, 1031 (8th Cir. 1998); see also Mared Industries, Inc. v. Mansfield, 609 N.W.2d 835, 848 (Mich. App. 2005) ("We pause to recognize and emphasize that this case illustrates how risky it is to attempt to serve a defendant's agent.").

Here, the attempted service on Mr. Clark did not comply with Fed.R.Civ.P. 4(e) since Mr. Rodrigue who received the process did not then nor ever reside with Mr. Clark.  Even if Mr. Rodrigue was temporally staying with his daughter in the separate basement apartment (of which there is no evidence)[4] service would still be insufficient.  In Di Leo v. Shin Shu, 30 F.R.D. 56, 5 Fed.R.Serv.2d 4 (S.D.N.Y. 1961), the United States District Court considered whether a separate apartment within a structure was a separate abode for the purposes of a similar service of process rule, Rule 4(d)(1).  The court held that:

> While the Court agrees that Rule 4(d)(1) should be construed liberally to effectuate service where actual notice has been received by a defendant, nevertheless, it is necessary that the specific requirements for personal service under Rule 4(d)(1) be met.
>
> In the Court's view, the service of process should have been made, under the terms of the Rule, at the apartment which Shin Shu occupied.  His 'usual place of abode' or 'dwelling house' was the apartment in which he resided, not the apartment of his daughter.
>
> The apartments in a multiple dwelling are, in a sense, as separate and distinct as individual buildings under separate roofs; and the

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

---

[4] It is the plaintiff's burden of proof to establish sufficient service of process.  Cox v. Quigley, 141 F.R.D. 222, 226 (D.Me. 1992) (Plaintiff's burden to show that the address was the usual place of abode).

3

> attempted substituted service in this action cannot, therefore, be deemed to have complied with the requirements of Rule 4(d)(1).

Id. 50 F.R.D. at 58 (empasis added) (citations omitted). <u>See</u> also <u>Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.</u>, 935 F.2d 21 (1992) (Service made upon an occupant of another apartment in same apartment building invalid. Default order vacated, citing <u>Di Leo</u>); <u>Cugno v. Kaelin</u>, 84 A.2d 576, 577, 138 Conn. 341 (1951) ("The law is that the apartments in a house of the character in which Felix and Spencer lived are as separate and distinct as though they were under different roofs. Each had a single place of abode, a habitation as much apart from the other as though each lived in a building by himself.")) Since service of process was insufficient, the Complaint should be dismissed.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROPERLY PLEAD FRAUD WITH PARTICULITY.

Fed.R.Civ.P 9(b) requires that a pleader state with particularity the circumstances constituting fraud or mistake. Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects him against a strike suit brought solely for its settlement value. <u>See</u> <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (observing that Rule 9(b) aims to prevent a claim filed as a "pretext for the discovery of unknown wrongs" (citation omitted)); <u>Vicom, Inc. v. Harbridge Merch. Servs.</u>, 20 F.3d 771, 777-78 (7th Cir.1994) (recognizing that Rule 9(b) is largely designed to give each opponent notice of his purported role in the alleged fraud); <u>DiVittorio v. Equidyne Extractive Indus., Inc.</u>, 822 F.2d 1242, 1247 (2d Cir.1987). Because the rule is chiefly concerned with the elements of fraud, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

4

or the claimant lost as a consequence of the alleged fraud. United States ex rel. Totten v. Bombardier Corp., 286 F.3d 542, 551-52 (D.C.Cir.2002); United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C.Cir.1981). In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of the fraud. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990) (requiring the pleader to provide the equivalent of a "first paragraph of any newspaper story").

Moreover, while the court must take as true all allegations of material fact and construe them in the light most favorable to the pleader in resolving a Rule 9(b) challenge, the pleader nevertheless must satisfy his burden by stating with particularity the supporting factual allegations for his claim. Kowal, 16 F.3d at 1278 (citing Wool v. Tandem, 818 F.2d 1433, 1439 (9th Cir.1987)); see also One-O-One Enters., Inc. v. Caruso, 668 F.Supp. 693, 697-99 (D.D.C.1987), aff'd, 848 F.2d 1283 (D.C.Cir.1988) (explaining that the pleader must allege with particularity the alleged fraud to survive a Rule 9(b) motion).

Here, Plaintiff alleges that Mr. Clark committed fraud over a twenty-seven month period: "by, among other means,[5] altering cash deposits, placing 'stop payment' orders on checks written against his account and the accounts of acquaintances, and producing fraudulent wire transfers." Complaint at ¶ 10. In ¶ 11-13 of the Complaint, CUMIS describes in general terms some of the methods purportedly employed by Mr. Clark, without any detail as to when the alleged conduct took place, to whom any representations were made, or the amount of loss Hoya incurred as a consequence of the alleged fraudulent conduct. The only specific allegations in the Complaint involve three allegedly improper wire transfers in which there are actual dates and amounts of loss described. Complaint at ¶ 15. There is no description as to how Mr. Clark accomplished these fraudulent transfers other than by "cloaking himself with false authority." See Complaint

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

---

[5] These alleged "other means" are not described in the Complaint.

at ¶ 23. Most importantly, the allegations regarding to the alleged fraudulent wire transfers account for only $102,500.00 of an alleged fraudulent loss of $540,196.14. Complaint at ¶ 17. Consequently, even taking these allegations into account CUMIS fails to plead with particularity the amount of its loss. See United States Ex Real. Totten v. Bombardier Corp., 286 F.3d 551-52 (the Plaintiff must plead with particularity what the Claimant lost as a consequence of the alleged fraud). Similarly, nowhere in the Complaint does CUMIS plead with any particularity that Hoya reasonably relied on any alleged misrepresentation or omission by Mr. Clark. See Alicke v. MCI Communications Corp., 111 F.3d 909, 912 (D.C. Cir. 1997) (dismissing claims of fraud and negligent misrepresentation under District of Columbia law for failing to plead reliance with the particularity required by Rule 9(b)).

Although Counts II and III of the Complaint purport to state claims for breach of fiduciary duty and unjust enrichment, each claim is based upon Mr. Clark's alleged:

> "Altering cash deposits, placing 'stop payment' orders on checks written against his account and the accounts of some of his acquaintances, and producing fraudulent wire transfers." (Complaint at ¶ 27);
>
> "Fail[ure] to debit his account and the account of Mr. Eatmon and Ms. Shuler, and conducted the fraudulent transfers of funds by wire." (Complaint at ¶ 30).

Consequently both Counts II and III are explicitly based upon Mr. Clark's alleged fraudulent conduct, and thus, Rule 9(b) applies to these Counts, as well as Count I. Therefore, because CUMIS has failed to adequately plead fraud, the Complaint should be dismissed as to Mr. Clark.

### III. THERE IS NO INDEPENDENT CLAIM FOR BREACH OF FIDUCIARY DUTY.

Kann v. Kann, 344 Md. 689, 690 A.2d 590 (1997) holds that there is not an independent common law cause of action for breach of fiduciary duty. See also Vinogradova v. SunTrust Bank, Inc., 875 A.2d 222 (Md. App. 2005). While the above cases were decided by Maryland

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

6

appellate courts, "the common law of the District of Columbia encompasses all common law enforced in Maryland in 1801 unless expressly repealed or modified." <u>United States v. Jackson</u>, 528 A.2d 1211, 1215 (D.C. 1987) (citations omitted).  As a result, "Maryland authorities expounding the common law of that state constitute a powerful precedent in this jurisdiction." <u>Little v. United States</u>, 709 A.2d 708, 711 (D.C. 1998).  Moreover, one D.C. appellate case refers to the lack of an independent cause of action for breach of fiduciary duty.  See <u>Dyer v. William S. Gergman & Associates, Inc.</u>, 657 A.2d 1132, 1134 (D.C. App. 1995) (noting that the Superior Court granted a directed verdict in favor of the defendant on a breach of fiduciary duty claim "holding that such a breach does not give rise to an independent cause of action.").

Consequently, CUMIS' claim for breach of fiduciary duty fails to state a claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the above stated reasons, the court should grant Reginal Clark's Motion to Dismiss the Complaint.

        Respectfully submitted,

        SMITH, LEASE & GOLDSTEIN, LLC

By: _____
David W. Lease
Bar No.: MD09426
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Tel:  (301) 838-8950
Fax:  (301) 838-0322
Counsel for Defendant

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of August 2005, a copy of the foregoing Defendant's Memorandum of Points and Authorities in Support of His Motion to Dismiss the Complaint, was mailed, first class, postage prepaid, to the following person(s):

Amy S. Owen
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182

_____
David W. Lease

Z:\Clark.Reginald\Memo in Support of His Motion to Dismiss the Complaint.doc

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950