## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CUMIS INSURANCE SOCIETY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv01277 |
| | ) | Judge Paul L. Friedman |
| v. | ) | |
| | ) | |
| REGINALD CLARK, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CUMIS INSURANCE SOCIETY, INC'S
## MEMORANDUM IN OPPOSITION TO REGINALD CLARK'S
## MOTION TO DISMISS THE COMPLAINT

The Court should deny defendant Reginald Clark's ("Mr. Clark") Motion to Dismiss the Complaint based on his claims of ineffective service, non-specific pleading of fraud, and the inexistence of a cause of action in the District of Columbia for breach of fiduciary duty. Mr. Clark's motion is simply an attempt to delay the inevitable consequences of his actions in taking funds from Hoya Federal Credit Union ("the Credit Union") while he was employed as an accountant.[1]

### I.     Facts

Mr. Clark was terminated after the Credit Union discovered he had used his position as a trusted employee to obtain funds for his own benefit. CUMIS Insurance Society Inc. ("CUMIS"), the bonding company that paid on the loss suffered by the Credit Union and which is subrogated to the Credit Union's rights, filed a nine page Complaint against Mr. Clark on June

---

[1] The remaining defendants Mae Smith, Derek Eatmon, and Tonia Shuler participated in or benefited from the

27, 2005.   The Complaint contained specific allegations relating to Mr. Clark's wrongful conduct during his tenure as the Credit Union's accountant.  The Complaint was served on Mr. Clark on August 1, 2005 by a reputable process server who confirmed Mr. Clark's residence, served the Complaint and filed an affidavit of service with the Court.

### II.     Mr. Clark has failed to establish service of process was defective

In an attempt to avoid the inevitable responsibility for his acts, Mr. Clark has submitted an affidavit, which was not notarized, purporting to rebut the affidavit filed by the process server. CUMIS effectuated proper service upon the Defendant pursuant to Fed. R. Civ. P. 4(e)(2) by "delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein…"   The process server left the document with an adult who identified himself as Valias Rodrigue, brother-in-law of Mr. Clark.  (See Exhibit A, Affidavit of Dwayne Boston, ¶¶ 5 and 7)  Mr. Rodrigue, at the time of service, was seated upon the front porch of 1166 5th Street, N.E.  (See Exhibit A, ¶ 3).  The process server did not go to the back of the house, nor did he see any other residence at the site of the property.  (See Exhibit A, ¶ 8).  The process server did not notice the gentleman having any difficulty speaking or understanding English.  (See Exhibit A, ¶ 6).  The return of service was subsequently filed with the Court.

The affidavit of a process server can only be impeached by strong and convincing evidence. Firemen's Insurance Co. v. Belts, 455 A.2d 908(1983).  No such evidence has been provided.  Mr. Clark's unverified claim that the service was not effective is not sufficient.  He has further provided

_____

wrongful acts and have not responded to the Complaint.

no affidavits or evidence from his "tenant" or his "tenant's father" to support his claim. *Cf.* Hasenfus v. Corporate Air Services, 700 F. Supp. 58 (D.D.C. 1988).

There is no dispute that Mr. Clark's usual abode is 1166 5th Street, N.E. Mr. Clark conceded in both his brief and the "Affidavit of Reginald Clark" that he lives at the residence indicated on the Summons. The land records for the District of Columbia further demonstrate that he is the owner of a single family home. Attached as Exhibit B are relevant copies of the land records. Mr. Clark's bald claim that the process server was wrong is not sufficient to rebut an affidavit and land records demonstrating that Mr. Clark lives in the same residence as the individual who was served.

Mr. Clark does not cite Fireman's Insurance Co. v. Belts in his brief or discuss its impact on this motion. Instead, he relies on cases from other jurisdictions that are neither binding on this Court nor factually similar to this matter. The line of cases Mr. Clark cites involve apartment buildings. For example, Mr. Clark relies heavily on Di Leo v. Shin Shu, 30 F.R.D. 56 (S.D.N.Y. 1961) which was later distinguished by the Fifth Circuit based on the additional nexus created by a landlord-tenant relationship versus the tenant-tenant relationship in Di Leo. Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967). In this case, however, Mr. Clark is the owner of the house.

The fact that there may be a second entrance to the property or that this individual has a mail box is irrelevant to the review of whether the individual lived in the abode. Even as described, the living relationship should be treated no differently than a roommate, particularly where Mr. Clark clearly received proper notice of the lawsuit and was able to respond to the court in a timely fashion. Pursuant to the Code of the District of Columbia Municipal Regulations, in order to operate a rental unit, the owner of the property must obtain a basic business license, register the property as a rental unit, pay the proper fee, and obtain a certificate of occupancy. CDCR 14-100, et al. (2005).

According to the District of Columbia Office of Consumer and Regulatory Affairs, no Certificate of Occupancy has ever been issued to Mr. Clark. Therefore, no additional rental unit seems to exist for the dwelling located at 1166 5th Street, N.E., Washington, DC 20002.[2]

To the extent the Court is inclined to give any credence to Mr. Clark's claim, then it must first conduct a hearing and Mr. Clark can offer evidence that service was defective. Even then, the relief should simply be to allow CUMIS to re-serve Mr. Clark in an orderly fashion. The 120 day time limit to effect proper service, established by Fed. R. Civ. P. 4(m), has not yet expired (the Complaint was filed on June 27, 2005). Assuming Mr. Clark does not try to evade service, he could be re-served in a timely fashion and the matter can proceed.

### III.     The Complaint alleges fraud with sufficient particularity

Mr. Clark's claims to dismiss the fraud and breach of fiduciary duty counts should be denied.[3] In Re U.S. Office Products Sec. Litig, et al. v. Ledecky, et al., 326 F. Supp. 2d 68, 72-73 (2004), sets forth the appropriate standard of review for the disposition of fraud claims under F.R.Civ.P. 9(b):

> Rule 9(b) requires that a pleader state with particularity the circumstances constituting fraud or mistake. Fed.R.Civ.P. 9(b). Rule 9(b)'s particularity requirement ensures that the opponent has notice of the claim, prevents attacks on his reputation where the claim for fraud is unsubstantiated, and protects him against a strike suit brought solely for its settlement value. Shields v. Wash. Bancorp., 1993 WL 88004, at *4 (D.D.C. Apr. 7, 1992); see also… Vicom, Inc. v. Harbridge Merch. Services, 20 F.3d 771, 777-778 (7th Cir.

---

[2] The District of Columbia Taxpayer Service Center provides the dimensions of the dwelling at 1166 5th Street, N.E., listing the home as having 1,120 square feet, six rooms, three of which are bedrooms, and only one bathroom. Thus it is highly unlikely that an apartment co-exists with the home at the address.

[3] The "usual judicial practice is to 'first, determine if service of process has been properly accomplished, and only if it has, proceed to the Rule 12(b)(6) determination.' Wilson v. Prudential Financial, 332 F. Supp. 2d 83, 89-90 (2004).

> 1994)(recognizing that Rule 9(b) is largely designed to give each opponent notice of his purported role in the alleged fraud)… Because the rule is chiefly concerned with the elements of fraud, the circumstances that the claimant must plead with particularity include matters such as the time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud… In other words, Rule 9(b) requires that the pleader provide the "who, what, when, where, and how" with respect to the circumstances of fraud.… (internal citations omitted).

> Id. at 74.

Those standards have been met in the Complaint.  Discovery is the appropriate vehicle for the remaining facts involving the fraud, not requiring hundreds of paragraph allegations relating to the fraud in the initial pleading.

The elements of a common-law fraud claim include:  1) the false representation or willful omission of a material fact; 2) that the defendant had knowledge of the misrepresentation or willful omission; 3) that the defendant induced or intended to induce the plaintiff to rely upon the misrepresentation or willful omission; 4) that the plaintiff relied upon the misrepresentation or willful omission; and 5) that the plaintiff suffered damage as a result of the reliance.  Schiff v. American Association of Retired Persons, 697 A.2d 1193, 1198 (1997).  Further, Fed. R. Civ. P. 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The Defendant's claim that the Complaint lacks particularity by failing to describe the "who, what, when, where and how" of the fraud count, as well as failing to allege reliance upon the misrepresentations, are incorrect.  The nine page Complaint delineates the specifics facts of the fraud in question, including allegations that the fraud occurred during his employment.  The Complaint

identifies the three specific means through which the Defendant committed fraud, namely: 1) by volunteering to conduct daily deposits and removing the cash items from the deposit bag (See Complaint, ¶¶ 12 and 21), 2) by placing stop payment orders on checks Mr. Clark wrote from his account at the Credit Union and subsequently deleting the orders and drafts themselves from the system (See Complaint, ¶¶ 13-14 and 22), and 3) processing fraudulent wire transfers (See Complaint, ¶¶ 15-16 and 23). Mr. Clark sought to conceal his actions from Hoya through the creation of new deposit slips, the deletion of certain transactions from Hoya's records, and by creating false authority to transmit wires. (See Complaint, ¶¶ 9 and 16). As an employee, Hoya's reliance upon Mr. Clark's records and work product is implicit with his job. (See Complaint, ¶ 9). Finally, the loss suffered by Hoya through Mr. Clark's acts, which Mr. Clark suggests is not explicit enough, is Five Hundred Forty Thousand One Hundred Ninety Six Dollars and Fourteen Cents ($540,196.14). (See Complaint, ¶¶17 and 24).

If CUMIS has an obligation to plead this matter with any more specificity, then such rulings would lead to voluminous Complaints that far exceed the notice requirements intended by Fed. R. Civ. P. Rule 9(b). Mr. Clark defrauded Hoya on numerous occasions by forging deposit slips, altering bank records, and conducting unauthorized wires. (See Complaint, ¶ 12-16). Mr. Clark carried out his illicit activities during the course of his twenty-seven month employment with Hoya. (See Complaint, ¶9). When a plaintiff "describes the nature of the alleged misrepresentations, the general time frame in which they were made, and the parties involved,…" his failure to "specify the exact time and particular place of each misrepresentation or omission" will not mandate dismissal of his claim. Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d. 61, 79 (D.D.C. 2005) quoting Towers Fin.

<u>Corp. v. Solomon</u>, 126 F.R.D. 531, 535 (N.D. Ill. 1989)).  As such, Plaintiff has met the Fed. R. Civ.

P. 9(b) heightened pleading requirement.

Mr. Clark's further claims that Counts II and III of the Complaint, for breach of fiduciary

duty and unjust enrichment, respectively, are "based upon Mr. Clark's alleged fraudulent conduct,"

and as such must be dismissed pursuant to his prior 'particularity' argument, cannot stand.  As

explained above, the complaint is pled with particularity.  Therefore, Mr. Clark's 'particularity'

arguments in regard to Counts II and III must be denied.


**IV.    A cause of action exists for breach of fiduciary duty**

Mr. Clark's argument that no independent claim for breach of fiduciary duty exists is a

misinterpretation of the relevant case law and should be denied.  Mr. Clark first suggests that the

District of Columbia has not addressed whether a claim for breach of fiduciary duty exists.  On the

contrary, District of Columbia courts have long recognized the existence of a breach of fiduciary

claim in tort matters.  *See* <u>Thompson, Cobb, Bazilio and Associates, P.C. v. Grant Thornton, LLP, et

al.</u>, 2002 US Dist. LEXIS 4976; <u>The Government of Rwanda v. Rwanda Working Group, et al.</u>, 227

F. Supp 2d. 45 (D.C. Cir. 2005); and <u>Nwachukwu v. Karl</u>, 223 F. Supp 2d. 60 (D.D.C. 2002).

Defendant's reliance on <u>Dyer v. William S. Gergman & Associates, Inc.</u>, 657 A.2d 1132 (D.C.

1995), is simply misplaced.  In <u>Dyer,</u> the Superior Court granted a directed verdict in favor of the

defendant on a breach of fiduciary duty claim where the plaintiff had additional claims for breach of

contract and tortious interference with a contractual relationship.  Based upon these facts, the Court

determined that no independent cause of breach of fiduciary duty arose.   The claim in this case,

however, arises out of the position of trust Mr. Clark had with his employer to faithfully perform his

duties.  Not only did he fail to perform the duties but he intentionally breached his duties by taking

funds from the Credit Union.

Mr. Clark then seeks to have the Court apply Maryland law and find that no cause of action

for breach of fiduciary duty exists.  This analysis is incorrect not only because the District of

Columbia recognizes breach of fiduciary duty as a cause of action but also because Maryland

similarly recognizes the claim.  In Garcia v. Foulger Pratt Development Inc., 845 A.2d 16, 44

(2003), the court rejected the argument that no breach of fiduciary duty claim exists in Maryland:

> Foulger-Pratt now argues that the "law *is* clear" in Maryland, that an
> independent cause of action for breach of fiduciary duty is not
> recognized if the allegations are duplicative of a breach of contract
> claim.  (Emphasis added by Foulger Pratt).  Foulger-Pratt bases its
> claim on Kann v. Kann, 344 Md. 689, 690 A.2d 509 (1997), and
> several cases before this court citing Kann.  In Kann, the Court held
> "that there is no universal or omnibus tort for the redress of breach of
> fiduciary duty by any and all fiduciaries."  Id. at 713, 690 A.2d 509.
> Were this all the Court of Appeals wrote on the subject, we might
> agree with Foulger-Pratt.  The Court, however, further wrote:  *This
> does not mean that there is no claim or cause of action available for
> breach of fiduciary duty*…Contrary to Foulger-Pratt's position, we do
> not find the Court's holding dispositive regarding the survival of an
> independent breach of contract claim is likewise brought; rather the
> Court of Appeals held that the analysis must be done on a case-by-
> case basis (emphasis in the original).

For these reasons, the motion to dismiss Count III must also fail.


**V.    Conclusion**

For the reasons set forth herein, the instant motion should be denied.  In the alternative,

CUMIS should be accorded leave to execute proper service upon Mr. Clark and file an amended

complaint that addresses any defect in the pleadings found by the court.

Respectfully submitted,


_____/s/  Amy S. Owen_____
Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax:    (703) 847-4499

Counsel for CUMIS Insurance
Society, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of September, 2005, a copy of the foregoing CUMIS Insurance Society, Inc.'s Memorandum In Opposition To Reginald Clark's Motion To Dismiss Complaint, was sent by first class mail, postage prepaid, to the following:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850


_____/s/  Amy S. Owen\_\_\_\_\_
Amy S. Owen