IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 1:05CV01277 |
| : | Judge: Paul L. Friedman |
| REGINALD CLARK  et al : | |
| : | |
| Defendants. : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**

Reginald Clark ("Clark"), Defendant, by his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, submits this reply memorandum in support of his motion to dismiss the Complaint. As more fully set forth below, the Complaint should be dismissed since service of process upon Mr. Clark was insufficient, the Plaintiff has failed to properly plead its fraud claims and there is not an independent cause of action for breach of fiduciary duty.

I. PLAINTIFF'S ATTEMPT AT SERVICE OF PROCESS WAS INSUFFICIENT.

a. <u>Mr. Clark's Affidavit Attached To The Motion To Dismiss Complied With The Requirements Of 28 U.S.C. §1746</u>.

Plaintiff, CUMIS Insurance Society, Inc. ("CUMIS"), initially attacks the Motion to Dismiss by asserting that Clark's affidavit is somehow insufficient because it was "not notarized". <u>See</u> <u>Opposition</u> at p.2. Plaintiff fails to recognize that a notarized affidavit is not required in Federal Court practice. In particular, 28 U.S.C. §1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

\* \* \*

**(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

Consequently, Clark's affidavit complied with requirements of this section and was sufficient.[1]

### b. Plaintiff Fails To Address the Inherent Conflicts in Its Process Server's Own Affidavit.

Plaintiff repeats the allegations set forth in its process server's original affidavit that alternative service was achieved by serving Valias Rodrigue with process and who purportedly identified himself as the "brother-in-law" of Mr. Clark.  The Plaintiff, however, fails to address the inherent conflict discussed in the Motion to Dismiss between its process server's affidavit of service on Clark and the affidavit of service as to Mae Smith, Clark's aunt.  In the affidavits, the process server identifies Mr. Rodrigue as the brother-in-law of Clark and as the brother-in-law of Clark's aunt.  Since it is generally very strange (and in most State's illegal) to be both the brother-in-law of an aunt and a nephew, there is an inherent conflict in the process server's affidavit calling into question his veracity.

### c. Mr. Clark's Affidavit Is Sufficient To Rebut The Process Server's Affidavit.

As set forth above, the process server's affidavit is contradicted by his own contemporaneous affidavit.  Moreover, Plaintiff's reliance in its Opposition on <u>Firemen's Insurance Co. v. Belts</u>, 455 A.2d 908 (D.C. 1983), is without merit.  <u>See</u> <u>Opposition</u> at p.3.  The

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

2

Firemen Insurance case has been distinguished by several subsequent District of Columbia Court of Appeals' cases. For example, in Rubin v. Lee, 577 A.2d 1158, 1160 (D.C. App. 1990), the Court found that testimony by the defendant that she was the only woman living in her house or authorized to be in her house on the date service was alleged, was sufficient to overcome the process server's testimony that he had served a woman of suitable age and discretion then residing therein. The Rubin case distinguished the Firemen's Insurance case as follows:

> In Firemen's, the return of process identified by name and description the wife of the defendant as the person to whom the papers had been left. In his testimony, the defendant conceded that his wife had been living with him at the place of residence for 17 years. Moreover, he did not deny that papers had been left with her; rather, he stated that she had not given the papers to him.

See also Miranda v. Contreras, 754 A.2d 277, 282 (D.C. 2000) (Distinguishing Fireman's Insurance). Thus, in Firemen's Insurance, the defendant acknowledged that the person served was his wife and that she was living with him at the time, thereby establishing that service was properly made under Super. Ct. Civ. R. 4(d)(1).

Here, however, there is a strong question as to the veracity of the process server's statement that Mr. Rodrigue identified himself as Mr. Clark's brother-in-law. Further, Clark has asserted in his affidavit that Mr. Rodrigue was not his brother-in-law and did not then reside with him. He further provides information regarding a separate apartment at the residence in which it is believed that Mr. Rodrigue's daughter lives. As set forth in the opening memorandum, this is a separate place of abode for the purposes of service of process. See Di Leo v. Shin Shu, 30 F.R.D. 56 (S.D.N.Y. 1961); Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21 (1st Cir. 1992); Cugno v. Kaelin, 84 A.2d 576, 577 (Conn. 1951).

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

---

[1] It should be noted that the initial affidavit of Plaintiff's process server was not notarized but rather was submitted by the Plaintiff in the form set forth in 28 U.S.C. §1746.

Consequently, Clark has overcome the questionable affidavit of service submitted by the Plaintiff in this matter.[2]

## II. PLAINTIFF'S HAS FAILED TO PLEAD FRAUD WITH THE REQUIRED PARTICULARITIES.

While CUMIS acknowledges that it was required to plead to fraud with particularity under the Federal Rules of civil procedure, it does nothing more in its Opposition than merely restate its meager allegations contained in the Complaint, and then baldly assert that the allegations are sufficiently pled. In particular, CUMIS fails to demonstrate with any particularity, the nature of the reliance by Hoya Federal Credit Union on any alleged misrepresentations or omissions by Clark. There simply are no such allegations in the Complaint. Moreover, while CUMIS recognizes that it is required to plead with particularity the amount of loss occasioned by the fraud, the Complaint fails to do so. See U.S. ex re. Trotten v. Bombardier Corp., 286 F.3d 542, 551-52 (D.C. Cir. 2002). Conspicuously absent from its Opposition, is any citation to those allegations which demonstrate that the amount of loss was pled with particularity. Rather, CUMIS asserts that in can merely set forth a dollar figure – in this case, $540,196.14 – without any factual support for that figure. Thus, CUMIS has failed to plead with particularity its claim of fraud.

## III. THERE IS NO INDEPENDENT TORT FOR BREACH OF FIDUCIARY DUTY.

In its Opposition, CUMIS asserts that this Court should recognize an independent claim for breach of fiduciary duty and cites to three D.C. federal cases. However, in none of the cases cited was the issue as to whether there exists an independent tort of breach of fiduciary duty litigated by the parties. Rather, the discussion of breach of fiduciary duty in each case is in the context of other causes of action. See The Government of Rwanda v. Rwanda Working Group,

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

---

[2] At a minimum, Mr. Clark is entitled to an evidentiary hearing on the matter.

4

*et al.,* 227 F. Supp.2d 45 (D.D.C. 2002) (conversion claim); Nwachukwu v. Karl, 223 F. Supp. 60 (D.D.C. 2002) (attorney professional negligence involving fraud, etc.)

Additionally, CUMIS seeks to distinguish Dwyer v. William S. Greggman & Associates, Inc., 657 A.2d 1132 (D.C. 1995), based on the fact that the plaintiff in that case had additional claims for breach of contract and tortuous interference with contractual relationships. However, here, although not sufficiently pled, CUMIS is asserting additional claims for fraud and unjust enrichment. Thus, Dwyer supports the dismissal of CUMIS' breach of fiduciary duty claim.

Moreover, CUMIS' reliance on Garcia v. Voulger Pratt Development, Inc., 845 A.2d 16, 44 (Md. App. 2003), is badly misplaced. The quote cited by CUMIS is in relation to a claim under Maryland Rule 1-341, the Maryland equivalent of Federal Rule of Civil Procedure 11, seeking attorney's fees for bad faith pleading. In Voulger Pratt, the trial court had dismissed the Plaintiff's claim for breach of fiduciary duty, recognizing that no independent cause of action existed. Id. The trial court, however, denied the defendant's Motion under Md. Rule 1-341 for attorney's fees. What Voulger Pratt held was that the trial court did not abuse its discretion in failing to award attorney's fees in this situation. The case simply does not stand for the proposition that Maryland recognizes an independent cause of action of the breach of fiduciary duty, but quite the opposite. See also Nianogradova v. Suntrust Bank, Inc., 875 A.2d 222, 231 (Md. App. 2005) ("[The plaintiff] asserts that *Kann v. Kann,* 344 Md. 689, 690 A.2d 509 (1997), a case relied on by appellees in support of their motion to dismiss, 'did not eliminate entirely in Maryland an independent cause of action for breach of fiduciary duty.' The Court's clarification of its *Kann* holding in *International Brotherhood of Teamsters v. Willis Corroon Corp. of Maryland,* 369 Md. 724, 802 A.2d 1050 (2002), however, refutes her interpretation of *Kann.*".").

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

Since no District of Columbia case has recognized that there is an independent cause of action for breach of fiduciary duty, the "Maryland authorities expounding the common law of that state constitute powerful precedent in this jurisdiction." <u>Little v. United States</u>, 709 A.2d 708, 711 (D.C. 1998). Consequently, this Court should dismiss the independent cause of action for breach of fiduciary duty.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: <u>David W. Lease</u>
David W. Lease
Bar No.: MD09426
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Tel:  (301) 838-8950
Fax:  (301) 838-0322

Counsel for Defendant, Clark

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September 2005, a copy of the foregoing Defendant's Reply Memorandum in Support of His Motion to Dismiss the Complaint, was mailed, first class, postage prepaid, to the following person(s):

Amy S. Owen
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182

<u>David W. Lease</u>
David W. Lease

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

Z:\Clark.Reginald\Reply Memo in Support of Mot to Dismiss Complaint.doc