IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGINALD CLARK, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 1:05cv01277<br>Judge Paul L. Friedman<br>Next Event:  Meet and Confer<br>                     Status Conference<br>                     01/24/06 |

**CUMIS INSURANCE SOCIETY, INC.'S
MEMORANDUM IN OPPOSITION TO REGINALD CLARK'S
SUPPLEMENTAL MOTION TO DISMISS**

Plaintiff CUMIS Insurance Society, Inc. (hereinafter "CUMIS"), filed the Complaint on or about June 27, 2005, against Defendants Reginald Clark (hereinafter "Mr. Clark"), Mae Smith, Derek Eatmon, and Tonia Shuler.

On December 20, 2005, Mr. Clark filed a *Supplemental Motion to Dismiss*.

As is more fully set forth below, that supplemental motion should be denied.

I. DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS COMPLAINT PURSUANT TO F.R. CIV. P. 12(b)(5) SHOULD BE DENIED

  A. STANDARD OF REVEW

When a party moves the court to dismiss a complaint based upon a claim of insufficient service of process, "[t]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Johnson

- 1 -

v. Ashcroft, 2005 U.S. Dist. LEXIS 17961, *7-8, quoting Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

In the event that the plaintiff is not able to show good cause as to why service was not effectuated, the court may, at its discretion, "direct the plaintiff to effect service within a certain time rather than dismiss the case." Id. at 8.

B.   ARGUMENT

CUMIS effectuated proper service upon the Defendant. Pursuant to D.C. SCR. Civil Rule 4:

> (2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process.

By utilizing a process server who left the document with an adult, Mrs. Reginald Clark, who identified herself both as a resident of the dwelling at 1166 5th Street, NE, Washington, D.C. 20002, and Mr. Clark's wife, CUMIS properly served the Defendant, Mr. Clark.

CUMIS, as set forth in the accompanying affidavit of Ambiko Guice (included at Attachment A), utilized a private process server to serve the documents upon an individual at the home of Reginald Clark who identified herself as Mr. Clark's wife. Mrs. Clark represented to Mr. Guice that she did not wish to accept the documents on behalf of her husband, at which point Mr. Guice laid the documents at her feet and stated that service had been accomplished. By leaving the summons with a person "of suitable age and discretion" who resided at the dwelling, Mr. Guice's actions met the requirements for substituted service set forth in D.C. SCR. Civil Rule 4.

Mr. Clark is obviously aware that CUMIS is attempting to serve a summons upon him, and his actions amount to nothing more than an evasion of process. In *Urquhart v. American-La France Foamite Corp.*, 79 US App DC 219 (1944, App DC) the defendant filed a motion to dismiss under Rule 12(b) in lieu of giving an Answer. The Court in *Urquhart* found that when the defendant files a motion to dismiss prior to filing an answer, the plaintiff should be granted leave to take depositions on issues of fact. Therefore, CUMIS should be granted the opportunity to depose all individuals regarding the facts surrounding the service of Mr. Clark. Those individuals should include Mr. Clark, Mr. Clark's brother-in-law, Mrs. Clark, Shellrae S. Lane, Valais Rodrigue and Mr. Clark's tenant, the alleged daughter of Valais Rodrigue.

II.   CONCLUSION

For the reasons set forth herein, the instant motion should be denied. Additionally, because of Reginald Clark's efforts to avoid and frustrate the service of process, the court should grant CUMIS the opportunity to depose Mr. Clark, Mr. Clark's brother-in-law, Mrs. Clark, Shellrae S. Lane, Valais Rodrigue and Mr. Clark's tenant, the alleged daughter of Valais Rodrigue, in order to clarify all discrepancies in the affidavits attached to the Motion to Dismiss and this Opposition to the Motion to Dismiss. Furthermore, the Court should award CUMIS its costs to execute proper service upon Mr. Clark, due to his attempts to avoid said service.

Respectfully submitted,

*[signature]*

Amy S. Owen (Bar #411601)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax:    (703) 847-4499

Counsel for CUMIS Insurance
Society, Inc.

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29TH day of December, 2005, a copy of the foregoing CUMIS Insurance Society, Inc's Memorandum In Opposition To Reginald Clark's Supplemental Motion To Dismiss was sent by first class mail, postage prepaid, to the following:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850

_____
Ben Selan