IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGINALD CLARK, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 1:05cv01277<br>Judge Paul L. Friedman |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE COMPLAINT

CUMIS Insurance Society, Inc. ("CUMIS") submits this memorandum in support of its motion to amend the complaint.

### BACKGROUND

CUMIS instituted this action on June 27, 2005 against Reginald Clark, Derrick Eatmon, Tonia Shuler and Mae Smith asserting fraud, breach of fiduciary duty and unjust enrichment claims. To date, only Reginald Clark has answered the complaint. CUMIS obtained a default judgment against Tonia Shuler, and service remains pending on Derrick Eatmon and Mae Smith. On January 24, 2006, the Court entered a Scheduling Order setting forth March 17, 2006 as the deadline to amend and/or add parties to the pleadings.

On March 15, 2006, CUMIS received a response from People's Bank regarding a subpoena request pertaining to an account into which Reginald Clark wired $40,000.00. People's Bank identified Kenard Walston and Tanya M. Hubbard as the owners of the account in question.

By the proposed amended complaint, CUMIS seeks to add Kenard Walston and Tanya M. Hubbard as defendants and assert a claim of unjust enrichment against the two as they received the benefits of an alleged fraudulent transaction.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served…" Fed. R. Civ. P. 15(a). Once a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Id. see also Foman v. Davis, 371 U.S. 178, 182 (1962). The D.C. Circuit has held that it is an abuse of discretion for a trial court to deny leave to amend unless it found a sufficiently compelling reason, such as "…undue delay, bad faith or dilatory motive… repeated failure to cure deficiencies by [previous amendments… [or] futility of amendment." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Foman, 371 U.S. at 182). However, none of the preceding reasons for denying the leave to amend are present in the matter at hand.

Furthermore, the Defendants would not be prejudiced in allowing CUMIS to file the amended complaint. Only Reginald Clark has filed an answer to the initial complaint while the service of the summons and complaint is ongoing in regard to Derrick Eatmon and Mae Smith. The Court, pursuant to its Scheduling Order, has allotted an adequate amount of time for discovery (July 2006). As such, any additional defendants will not be affected by looming deadlines. Lastly, CUMIS has moved promptly upon the discovery of Kenard Walston's and Tanya Hubbard's involvement in this matter and their address to include them in the suit.

Neither the current named defendants nor Kenard Walston or Tanya Hubbard would suffer prejudice in allowing the amended complaint.

Respectfully submitted,

/s/ Amy S. Owen
Amy S. Owen (Bar #411601)
Cochran and Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
Phone: 703-847-4480
Fax:    703-847-4499

Counsel for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2006, a copy of the foregoing Plaintiff's Memorandum in Support of its Motion to Amend the Complaint was sent by facsimile transmission and first class mail, postage prepaid, to the following:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850
Ph:    301-838-8950
Fax:   301-838-0322

Attorney for Reginald Clark

                                              /s/ Amy S. Owen
                                              Amy S. Owen