IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC.<br>P. O. Box 1221<br>5991 Mineral Point Road<br>Madison, WI 53701<br><br>    Plaintiff,<br><br>vs.<br><br>REGINALD CLARK<br><br>    and<br><br>DERRICK EATMON<br><br>    and<br><br>TONIA SHULER<br><br>    and<br><br>MAE SMITH<br><br>    and<br><br>KENARD WALSTON<br>P.O. Box 322<br>Taftville, CT 06380<br><br>    and<br><br>TANYA M. HUBBARD<br>P.O. Box 322<br>Taftville, CT 06380<br><br>    Defendants. | Civil Action No.: 1:05cv01277<br>Judge Paul L. Friedman |

**AMENDED COMPLAINT**

Plaintiff, CUMIS Insurance Society, Inc. ("CUMIS"), hereby complains against REGINALD CLARK, DERRICK EATMON, TONIA SHULER, MAE SMITH, KENARD WALSTON and TANYA M. HUBBARD (collectively, the "Defendants") as follows:

## THE PARTIES

1. CUMIS is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

2. Upon information and belief, Reginald Clark is a resident of the District of Columbia.

3. Upon information and belief, Derrick Eatmon is a resident of Suitland, MD.

4. Upon information and belief, Tonia Shuler is a resident of the District of Columbia.

5. Upon information and belief, Mae Smith is a resident of the District of Columbia.

6. Upon information and belief, Kenard Walston is a resident of Taftville, Connecticut.

7. Upon information and belief, Tanya M. Hubbard is a resident of Taftville, Connecticut.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

9. This Court has venue pursuant to 28 U.S.C. §1391.

## FACTS

8. Hoya Federal Credit Union ("Hoya ") is a financial institution organized under the National Credit Union Act. Hoya's headquarters are located in Washington, D.C. and predominantly serves individuals affiliated with Georgetown University.

9. Reginald Clark ("Mr. Clark") was employed by Hoya as an accountant, from April 2001 through July 2003, at Hoya's Georgetown University branch, P.O. Box 571106, Washington, D.C. 20057-1106.

10. Mr. Clark fraudulently converted money from Hoya by, among other means, altering cash deposits, placing "stop payment" orders on checks written against his account and the accounts of acquaintances, and producing fraudulent wire transfers.

11. Mr. Clark placed funds belonging to Hoya in the account of his aunt, Mae Smith (Ms. Smith) at Premier Federal Credit Union.

12. During his employment, Mr. Clark often volunteered to take the daily deposits to Hoya's bank, First Union National Bank (now Wachovia Bank, N.A.). Mr. Clark took the deposit bag to his residence, removed the cash from the deposits, created new deposit slips without a reference to a cash deposit, and then deposited the checks the following business day.

13. Mr. Clark placed "stop payment" orders on checks he wrote from his Hoya account. Once the check was presented to Wachovia for payment, Mr. Clark would delete the "stop payment" order, as well as the drafts themselves, from Hoya's records. As a result, Wachovia paid the checks, but no money was debited from Mr. Clark's Hoya checking account, account #9068.

14. Mr. Clark also used the "stop payment" scheme on checks written from Hoya member accounts belonging to Derrick Eatmon ("Mr. Eatmon"), account #9223, and Tonia

Shuler ("Ms. Shuler"), account #8103. Mr. Eatmon wrote checks totaling $43,131.82 for which Hoya did not debit his account. Ms. Shuler wrote checks totaling $3,291.50 for which Hoya did not debit her account.

15. On at least three occasions during his employment, Mr. Clark arranged the processing of fraudulent wire transfers.

    a. On December 4, 2002 Mr. Clark wired $2,500.00 to the United States Postal Federal Credit Union on behalf of Mae Smith, Mr. Clark's aunt, with whom he lived;

    b. On April 21, 2003 Mr. Clark wired $40,000.00 to an account at People's Bank belonging to Kenard Walston ("Mr. Walston") and Tanya Hubbard ("Ms. Hubbard"); and

    c. On June 20, 2003 Mr. Clark wired $60,000.00 to a JP Morgan investment account.

16. Mr. Clark was able to conduct the two largest wires by asserting to the employee who processed electronic transfers that he had instructions from Hoya's manager to carry out the transactions.

17. Losses from Mr. Clark's fraudulent actions are in excess of $540,196.14.

18. As a result of Mr. Clark's actions, CUMIS paid Hoya $540,196.14, pursuant to Hoya's fidelity bond with CUMIS, and is now subrogated to Hoya's rights in the same amount.

**COUNT I**
**(FRAUD)**

19. CUMIS repeats and incorporates by reference the allegations in paragraphs 1 through 18 of the Complaint.

20. Mr. Clark, through his unauthorized actions, knowingly, intentionally, and fraudulently removed cash from deposits submitted by members, altered Hoya's accounting records, and conducted fraudulent wire transfers.

21. In order to perpetrate his fraud, Mr. Clark removed cash from member's deposits, forged new deposit slips which did not reflect any cash transactions, and entered the altered figures into Hoya's records.

22. In addition, Mr. Clark placed "stop payment" orders on checks he wrote from his Hoya account, as well as checks written from the accounts of Mr. Clark's acquaintances, Mr. Eatmon and Ms. Shuler. He removed the holds long enough to pay drafts when the drafts were presented to Hoya, however, he never debited these amounts from the Hoya account from which the checks were written.

23. Additionally, Mr. Clark, cloaking himself in false authority, conducted several fraudulent wire transfers. Mr. Clark processed large wire transfers when Hoya's manager was out of the office, thus his claims of authorization went unchallenged and he was able to carry out the transfers.

24. As a result of Mr. Clark's fraudulent actions, Hoya suffered a loss in excess of $540,196.14

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Reginald Clark in the amount of $540,196.14, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

## COUNT II
## (BREACH OF FIDUCIARY DUTY)

25. CUMIS repeats and incorporates by reference the allegations in paragraphs 1 through 24 of the Complaint.

26. Mr. Clark was an employee of Hoya at all times pertinent to this action. Therefore, he had an obligation to perform his duties and responsibilities as an employee in good faith and with honesty.

27. Mr. Clark breached those duties by, inter alia, altering cash deposits, placing "stop payment" orders on checks written against his account and the accounts of some of his acquaintances, and producing fraudulent wire transfers.

28. As a result of Mr. Clark's breach of fiduciary duty, Hoya suffered a loss in excess of $540,196.14.

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Reginald Clark in the amount of $540,196.14, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

## COUNT III
## (UNJUST ENRICHMENT – REGINALD CLARK)

29. Hoya repeats and incorporates by reference the allegations in paragraphs 1 through 28 of the Complaint.

30. Mr. Clark, removed cash rightfully belonging to Hoya, failed to debit his account and the accounts of Mr. Eatmon and Ms. Shuler, and conducted the fraudulent transfer of funds by wire.

31. Mr. Clark knew or should have known that the cash he removed did not belong to him. Additionally he knew or should have known that he was required to debit his account for checks written from that account and that the wire transfers he conducted were done so without authorization and utilized money which did not belong to him.

32. The funds were used for the benefit of the Mr. Clark.

33. Mr. Clark has been unjustly enriched by the funds which he knew or should have known did not belong to him.

34. As a result of Mr. Clark's actions, Hoya suffered a loss in excess of $540,196.14.

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Reginald Clark in the amount of $540,196.14, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

## COUNT IV
### (UNJUSTMENT ENRICHMENT – DERRICK EATMON)

35. Hoya repeats and incorporates by reference the allegations in paragraphs 1 through 34 of the Complaint.

36. Several checks written by Mr. Eatmon, although cashed by the intended party, were not debited from his Hoya checking account pursuant to the actions of Mr. Clark.

37. Mr. Eatmon knew or should have known that the funds which remained in his account, despite writing checks, did not rightfully belong to him. Additionally, he knew or should have known that his account balance should have reflected debits in the amount of the checks he had written.

38. Mr. Eatmon used the funds for his benefit.

39.   Mr. Eatmon has been unjustly enriched by the funds which he knew or should have known did not belong to him.

40.   As a result of Mr. Eatmon's actions, Hoya suffered a loss in excess of $43,131.82.

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Derrick Eatmon in the amount of $43,131.82, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

### COUNT V
### (UNJUSTMENT ENRICHMENT – TONIA SHULER)

41.   Hoya repeats and incorporates by reference the allegations in paragraphs 1 through 40 of the Complaint.

42.   A check written by Ms. Shuler, although cashed by the intended party, was not debited from her Hoya checking account pursuant to the actions of Mr. Clark.

43.   Ms. Shuler knew or should have known that the funds which remained in her account, despite writing the check, did not rightfully belong to her.  Additionally, she knew or should have known that her account balance should have reflected debits in the amount of the check she had written.

44.   Ms. Shuler used the funds for her benefit.

45.   Ms. Shuler has been unjustly enriched by the funds which she knew or should have known did not belong to her.

46.   As a result of Ms. Shuler's actions, Hoya suffered a loss in excess of $3,291.50.

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Tonia Shuler in the amount of $3,291.50, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

## COUNT VI
### (UNJUSTMENT ENRICHMENT – MAE SMITH)

47.   Hoya repeats and incorporates by reference the allegations in paragraphs 1 through 46 of the Complaint.

48.   Mr. Clark placed funds he removed from Hoya into the account of Ms. Smith at Premier Federal Credit Union.

49.   Ms. Smith wrote checks to Mr. Clark from her Premier Federal Credit Union account totaling more than $10,000.

50.   Ms. Smith knew or should have known that the funds which Mr. Clark placed in her Premier Federal Credit Union account, did not rightfully belong to her.

51.   Ms. Smith used the funds for her benefit.

52.   Ms. Smith has been unjustly enriched by the funds which she knew or should have known did not belong to her.

53.   As a result of Ms. Smith's actions, Hoya suffered a loss in excess of $12,500.00

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Mae Smith in the amount of $12,500.00, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

## COUNT VII
### (UNJUSTMENT ENRICHMENT – KENARD WALSTON and TANYA HUBBARD)

54.   Hoya repeats and incorporates by reference the allegations in paragraphs 1 through 53 the Complaint.

55.   Mr. Clark fraudulently wired $40,000 to an account at People's Bank on April 21, 2003.

56. The beneficiary account of the $40,000 wire belonged to Kenard Walston and Tanya Hubbard.

57. Upon discovery of the fraudulent wire, Hoya was able to recover $12,536.07 from the account of Mr. Walston and Ms. Hubbard.

58. Prior to Hoya's recovery, $27,463.93 was removed from the account of Mr. Walston and Ms. Hubbard.

59. Mr. Walston and Ms. Hubbard knew or should have known that the funds which Mr. Clark wired into their People's Bank account did not rightfully belong to them.

60. Mr. Walston and Ms. Hubbard used the funds for their own benefit.

61. Mr. Walston and Ms. Hubbard were unjustly enriched by the funds which they knew or should have known did not belong to them.

62. As a result of Mr. Walston's and Ms. Hubbard's actions, Hoya suffered a loss in excess of $27,463.93.

WHEREFORE, CUMIS Insurance Society, Inc. requests that the Court enter judgment in its favor against Kenard Walston and Tanya Hubbard, jointly and severally, in the amount of $27,463.93, along with its fees, costs, expenses and such other relief as the Court deems appropriate.

Respectfully submitted,

_____
Amy S. Owen (Bar #411601)
Ben Selan (Bar #494232)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax:    (703) 847-4499

Counsel for CUMIS Insurance Society, Inc.