IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC. :
 :
 Plaintiff, :
 :
v. : Case No.: 1:05CV01277
 : Judge: Paul L. Friedman
REGINALD CLARK  et al :
 :
 Defendants. :

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Reginald Clark, Defendant, by his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, moves pursuant to Fed. R. Civ. P. 37(a) to compel the production of documents and for cause states:

1. Defendant, Reginald Clark, served a Request for Production of Documents upon the Plaintiff, CUMIS Insurance Society, Inc. ("CUMIS").

2. CUMIS served its response to the document request on May 18, 2006 and documents were received on May 22, 2006.  A copy of CUMIS' Response to Defendant's First Request for Production of Documents is attached hereto as Exhibit 1.

3. CUMIS has brought suit against the Defendant alleging that it has a contractual subrogation right to assert the claims of Hoya Federal Credit Union ("HOYA").

4. After reviewing the documents produced by CUMIS, Defendant requested the production of documents in the control of CUMIS which are responsive to the document requests, but were not produced.  A copy of the requested documents are attached hereto as **Exhibit 2.**

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

5.  CUMIS responded to the request for additional responsive documents by claiming that the documents belong to HOYA, and therefore, CUMIS would not produce the documents. See **Exhibit 2**.

6.  CUMIS' position runs afoul of Fed. R. Cir. P. 34(a), which provides that a party is required to produce documents which are "in the possession, custody or control of the party." The term "possession, custody or control" has been given an expansive reading by the federal courts.   In particular, "control is defined as the legal right, authority or ability to obtain documents upon demand." Camden Iron and Metal, Inc. v. Marubeni America Corp., 138 F.R.D. 438, 441 (D.N.J. 1991)(citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); M.L.C., Inc. v. North American Philips Corp., 109 F.R.D. 134, 136 (S.D.N.Y. 1986); In re Folding Cartoon Antitrust Litigation, 76 F.R.D. 420, 423 (N.D. Ill. 1977)).

7.  CUMIS, which claims a subrogation right on behalf of HOYA, has the legal right, authority or ability to obtain these documents upon demand from HOYA.

8.  CUMIS has already demonstrated its the ability to obtain documents from HOYA in that it has produced numerous HOYA documents when it served its purposes.   Moreover, CUMIS as a subrogee stands in the shoes of its subrogor, HOYA in this litigation.

9.  Under these circumstances, CUMIS' claim that it does not have "control" of the documents is without merit and the Court should order CUMIS to provide the documents to the Defendant.

10. Counsel for the parties have conferred with respect to the Motion to Compel and there is no agreement on this issue.

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

WHEREFORE, Defendant respectfully requests that the Court compel the production of the documents listed in **Exhibit 2** and provide such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
David W. Lease
Bar No.: MD09426
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Tel:    (301) 838-8950
Fax:    (301) 838-0322

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June 2006, a copy of the foregoing Motion to Compel Production of Documents was mailed, first class, postage prepaid, to the following person(s):

Ben Selan, Esquire
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182

_____
David W. Lease

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

Z:\Clark.Reginald\Motion to Compel POD.doc