IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGINALD CLARK, et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 1:05cv01277 <br> Judge Paul L. Friedman |

**CUMIS INSURANCE SOCIETY INC.'S RESPONSE TO REGINALD CLARK'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

CUMIS Insurance Society, Inc. ("CUMIS") responds to Defendant Reginald Clark's (hereinafter, "Mr. Clark") First Request For Production of Documents as follows:

**Objections to Definitions and Instructions**

CUMIS objects to the "Definitions and Instructions" set forth in Mr. Clark's First Request For Production of Documents and incorporated herein to the extent they (1) attempt to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and (2) seek documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection of law. CUMIS specifically objects to the following definitions: "Document" in Paragraph 1, and "you" and "AOL" in Paragraph 5.

Discovery is ongoing and CUMIS reserves the right to further supplement its responses to these Requests for Production of Documents.

## Response to Document Requests

1. All documents identified by you in response to Defendant's Interrogatories.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

2. All Documents that relate to your claim that this Defendant fraudulently converted money from Hoya Federal Credit Union ("Hoya") as alleged in Paragraph 10 of the Complaint.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

3. All documents that relate to your claim that this Defendant placed funds belonging to Hoya into the account of Mae Smith.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

4. All documents that relate to your claim that Mr. Clark removed cash from deposits and created new deposit slips as alleged in Paragraphs 12 and 21 of the Complaint.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

5. All documents which relate to your claim that this Defendant would delete "stop payment" orders from Hoya's records as alleged in Paragraphs 13 and 22 of the Complaint.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

6. All documents that relate to the transactions described in Paragraph 15 of the Complaint.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

7. All documents that relate to your claim that this Defendant has any connection to or relationship with Defendant Eatmon, Shuler or Smith.

**RESPONSE: Responsive documents in CUMIS' possession are attached.**

8. All documents that relate to your claim that this Defendant engaged in the acts complained of in Count I of the Complaint.

**RESPONSE: CUMIS objects to Request For Production of Documents No. 8 to the extent it is unreasonably duplicative and cumulative. Without waiving its objection, CUMIS attaches the responsive documents in its possession.**

9. All documents that relate to your claim that this Defendant engaged in the acts complained of in Count II of the Complaint.

**RESPONSE: CUMIS objects to Request For Production of Documents No. 9 to the extent it is unreasonably duplicative and cumulative. Without waiving its objection, CUMIS attaches the responsive documents in its possession.**

10. All documents that relate to your claim that this Defendant engaged in the acts complained of in Count III of the Complaint.

**RESPONSE:** CUMIS objects to Request For Production of Documents No. 10 to the extent it is unreasonably duplicative and cumulative. Without waiving its objection, CUMIS attaches the responsive documents in its possession.

11. All documents that you have received pursuant to any Subpoena in this case.

**RESPONSE:** Responsive documents in CUMIS' possession are attached.

12. All documents related to this case that you have received pursuant to the cooperation of any person or entity that is not a party to this case.

**RESPONSE:** CUMIS objects to Request For Production of Documents No. 12 to the extent it is unreasonably duplicative and cumulative. Without waiving its objection, CUMIS attaches the responsive documents in its possession.

13. All documents related to this case that you have received pursuant to the cooperation of any person or entity that is a party to this case.

**RESPONSE:** CUMIS objects to Request For Production of Documents No. 13 to the extent it is unreasonably duplicative and cumulative. Without waiving its objection, CUMIS attaches the responsive documents in its possession.

14. All documents constituting or containing communications between you or Hoya and any person you intend to call as a fact witness in this case.

**RESPONSE:** CUMIS objects as Request for Production of Documents No. 14 seeks documentation protected by the attorney client privilege as well as the work product doctrine.

15. All documents constituting or containing all settlement agreements between you or Hoya and any person or entity that is or was a party to this case.

**RESPONSE:** None.

16. All documents constituting or containing all agreements (other than settlement agreements) between you or Hoya and any person or entity that is or was a party to this case.

**RESPONSE:** CUMIS objects as Request for Production of Documents No. 16 is overly broad and seeks documentation protected by the attorney client privilege as well as the work product doctrine.

17. All documents constituting agreements between you and any person you intend to call as an expert witness at trial in this case.

**RESPONSE:** Responsive documents have previously been produced.

18. All documents constituting or containing communications between you and any person you intend to call as an expert witness at trial in this case.

**RESPONSE:** CUMIS objects as Request for Production of Documents No. 18 is overly broad.

19. All documents constituting or containing the reports of any person you intend to call as an expert witness at trial in this case.

**RESPONSE:** Responsive documents have previously been produced.

20. All documents which relate to fidelity bond issued by you to Hoya and the payment by you of $540,196.14 to Hoya.

**RESPONSE:** Responsive documents in CUMIS' possession are attached.

Respectfully submitted,

*/s/ Ben Sel—*

Amy S. Owen (Bar #411601)
Ben Selan (Bar #495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, VA 22182
Phone: (703) 847-4480
Fax:   (703) 847-4499

Counsel for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18TH day of May, 2006, a copy of the foregoing CUMIS Insurance Society, Inc.'s Response to Reginald Clark's First Request for Production of Documents was sent by facsimile transmission and first class mail, postage prepaid, to the following:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850
Ph:   301-838-8950
Fax:  301-838-0322

Attorney for Reginald Clark

_____
Ben Selan