**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CUMIS INSURANCE SOCIETY, INC.** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **REGINALD CLARK, et al.** ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 1:05cv01277 <br> Judge Paul L. Friedman |

**PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

WHEREAS, CUMIS Insurance Society, Inc. ("CUMIS") and Reginald Clark ("Mr. Clark"), by counsel, request entry of a stipulated protective order concerning treatment of confidential information requested by REGINALD CLARK in regard to the civil action, <u>CUMIS Insurance Society, Inc. v. Reginald Clark, et al.</u>; and the Court being advised as to the premises, HEREBY ORDERS THAT:

1.	The purpose of this Order is to limit the disclosure and dissemination of Confidential Materials as defined herein, that are produced during the course of the Litigation, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

2.	The term "Confidential Material" shall mean and include any and all documents, information or other materials which are designated in good faith as confidential at the time of their production or disclosure in this action including any subsequently prepared notes, memoranda or other similar documents relating thereto. For the purposes of this Order, the party or non-party seeking such confidential status shall be referred to as "the designating party." The party inspecting or receiving such documents or information shall be referred to as "the receiving

party." The receiving party retains the right to challenge or object to the confidential designation at any time.

3.Any Confidential Material may be so designated by stamping or otherwise marking each page or pertinent portion thereof as "CONFIDENTIAL" or "CONFIDENTIAL-LIMITED DISCLOSURE." In the event that the designating party elects to produce files and records for inspection, and the receiving part desires to inspect files, no marking need be made by the designating party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files that contain materials subject to protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure shall be considered as marked "CONFIDENTIAL – LIMITED DISCLOSURE." Thereafter, upon selection of specified documents for copying by the receiving party, the designating party shall mark the copies of such documents as may contain subject matter with the appropriate confidentiality marking at the time the copies are produced to the receiving party.

4.Confidential Material shall be used by a receiving party only for the purpose of this litigation and not for any business or other purpose.

5.The following persons may have access to Confidential Material in this action:

a.Reginald Clark;

b.Counsel for the parties in this litigation and persons regularly or temporarily employed in the office of such counsel;

c.The court and court personnel, including court reporters, videographers, and any outside, independent reproduction service, engaged in proceedings incidental to the trial or preparation for trial of this lawsuit;

2

        d.      Testifying or consulting experts retained by a party to assist in the presentation of the case by either the plaintiff or the defendant, and persons regularly employed in the offices of such experts;

        e.      Such other persons as may hereafter be qualified to receive Confidential Information in this action pursuant to the provisions of Paragraph 3 of this order.

6.      In addition to the persons defined in the preceding paragraph, any other person, who is reasonably necessary to assist trial counsel of record, for example, an expert witness, in the preparation for trial or trial of this action, may be qualified to have access to Confidential Material.

7.      Any person, prior to receiving Confidential Material under paragraph 6, shall be furnished with a copy of this order and shall acknowledge in writing in the form annexed hereto as Exhibit A that he or she has read this order, understands it, and agrees to be bound by it. Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this order, including any proceeding relating to the enforcement of the order.

8.      Confidential Material shall be used only in connection with this civil proceeding. All documents supplied under a claim of confidentiality, and any copies made therefrom, shall be destroyed or returned to the designating party within thirty (30) days after the conclusion of this action, including appeals, except copies of trial exhibits and pleadings may be retained by counsel, and any confidential information therein will remain subject to the terms of this Protective Order.

9.      Confidential Material shall not include any document, information or other materials which:

    a. are, at the time of disclosure, in the public domain by publication or otherwise;

    b. CUMIS, at the time of disclosure, intends to make part of the public domain;

    c. have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; and

    d. are made available to a party to this proceeding by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

  10. With respect to the deposition of any person, the designating party shall have until fourteen (14) business days after receipt of the deposition transcript within which to inform the parties to the action of the portions of the transcript and/or deposition exhibit(s) designated "CONFIDENTIAL" or "CONFIDENTIAL – LIMITED DISCLOSURE." Furthermore, at the time of any such deposition, the designating party may verbally inform the receiving party that certain information, documents or things are to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – LIMITED DISCLOSURE." In accordance with such verbal designation, any persons excepting those individuals authorized to review such information, documents and things as specified in Paragraphs 5 and 6, shall leave said deposition until such time as that portion of the deposition is concluded.

  11. If Confidential Material is disclosed to anyone other than in a manner authorized by this order, Mr. Clark's counsel must immediately bring all pertinent facts relating to such disclosure to the attention of CUMIS' counsel and make every effort to prevent further disclosure.

12.     Any person in possession of Confidential Material shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Material in order to ensure that the confidential nature of the same is maintained.

13.     Any pleading, paper or other document filed in this action which contains or discloses Confidential Material disseminated as a result of this Order shall be filed under seal in an envelope or other container with a label identifying this action and the title or nature of the enclosed material, and indicating that the material is confidential, for use by the Court only, and to be maintained under seal pursuant to the terms of this order.

14.     When Confidential Material is discussed, quoted or referred to in any deposition, hearing, trial or other proceeding, counsel shall ensure that only persons qualified to have access are present.

15.     When Confidential Material is incorporated in a transcript of a deposition, hearing, trial or other proceeding, counsel shall arrange with the reporter to preserve the confidentiality of such information.

16.     Information disclosed at a deposition shall be designated as confidential by either indicating on the record at the deposition that the testimony is Confidential Material.

27.     Any briefs and other papers that include or disclose Confidential Material shall be labeled "Confidential or Confidential Attorneys' Eyes Only/Confidential Counsel Only" and shall be filed under seal.

18.     The obligations of this order shall survive the termination of the action and continue to bind the parties.

ORDERED this ____ day of _____, 2006.

_____
U.S. District Court Judge

WE ASK FOR THIS:

|  |  |
|---|---|
| _____/s/ Amy S. Owen_____ | _____/s/ David Lease_____ |
| Amy Sanborn Owen  (No. 411601) | David W. Lease |
| Ben Selan  (No. 495232) | Smith, Lease & Goldstein, LLC |
| Cochran & Owen, LLC | 11 North Washington Street, Suite 520 |
| 8000 Towers Crescent Drive, Suite 160 | Rockville, MD 20850 |
| Vienna, VA  22182 | (301) 838-8950 |
| (703) 847-4480 | (301) 838-0322 (facsimile) |
| (703) 847-4499 (facsimile) |  |
|  |  |
| Counsel for CUMIS Insurance Society, Inc. | Counsel for Reginald Clark |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CUMIS INSURANCE SOCIETY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:05cv01277 |
| | ) | Judge Paul L. Friedman |
| v. | ) | |
| | ) | |
| REGINALD CLARK, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ACKNOWLEDGMENT AND AGREEMENT**

I, _____, state as follows:

1. My current address is _____ and my present occupation is _____.

2. I have been provided with a copy of the Protective Order entered in this action and I have reviewed its terms and conditions.

3. I understand the terms and conditions of the Protective Order entered in this action and I agree to be bound by it.

4. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____                         _____
                                                                                                     Name