IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC. :
:
    Plaintiff, :
:
v. : Case No.: 1:05CV01277
: Judge: Paul L. Friedman
REGINALD CLARK  et al :
:
    Defendants. :

### DEFENDANT'S MOTION FOR TO STAY PROCEEDINGS

Reginald Clark, Defendant, by his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, moves this Court to stay these civil proceedings pending the outcome of a related criminal investigation of Clark.

### INTRODUCTION

CUMIS Insurance Society, Inc. ("CUMIS") has brought a complaint against, *inter alia,* Clark asserting a contractual subrogation right of Hoya Federal Credit Union ("Hoya"). The suit involves specific allegations that Clark improperly diverted and misappropriated funds belonging to Hoya for his own personal benefit and the benefit of others known or related to Clark. During the pendency of this action to Clark has learned that the alleged actions, which are the subject matter of this case, are also subject to a parallel criminal investigation being performed by the Federal Bureau of Investigations ("FBI") and, on information and belief, Grand Jury proceedings in this Court.

Given the uncertain nature of the ongoing criminal investigation and the information being provided, Clark invoked his fifth amendment right against self-incrimination as to certain matters in this case in order to not prejudice or compromise his position in the ongoing criminal

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

investigation. Moreover, Clark's position in this case has been further prejudiced because Hoya has turned over to the FBI all of the documents relevant to the investigation of Clark. See **Exhibit 1**. Counsel for Clark has made contact with the FBI agent in an attempt to review documents produced by Hoya, but has not received any favorable response.

Consequently, as more fully set forth below, this case should be stayed pending the completion of the ongoing criminal investigation otherwise Clark will be substantially prejudiced in this civil case.

## ARGUMENT

I. THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS CIVIL ACTION PENDING THE COMPLETION OF AN ONGOING CRIMINAL INVESTIGATION INTO THE EXACT SAME MATTER.

"The decision to stay civil action pending the completion or declination of a criminal investigation lies within the sound discretion of the trial court." Horn v. District of Columbia, 210 F.R.D. 13, 15 (D.C. 2002) (numerous citations omitted). Moreover, this Court has held that no general rule governs whether a civil action should be stayed but rather such determination "must be made on a case-by-case basis." Id (citing St. Paul Fire & Marine Insurance Code v. United States, 24 Cl. Ct. 513, 515 (1991)). In determining whether to stay a civil proceeding, the movant is required to establish the following:

(1) That the issues in the civil action are 'related' as well as 'substantially similar' to the issues in the criminal investigation;
(2) …make a clear showing of hardship or inequity if required to go forward with the civil case while the criminal investigation is pending; and
(3) …establish that the duration of the requested stay is not immoderate or unreasonable.

Id. (quoting St. Paul Fire & Marine Ins., 24 Cl. Ct. at 515). See also Wehling v. Columbia Broadcasting Sys., 608 F.2d 1084, 1089 (5th Cir. 1979) (Holding that a potential three year stay

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

2

in proceeding was preferable to requiring Plaintiff to choose between his silence and his lawsuit); White v. Mapco Gas Products, Inc., 116 F.R.D. 498 (E.D. Ark 1987) (Granting stay pending completion of Grand Jury's investigation); United Technologies Corp. v. Dean, 906 F. Supp. 27 (D. Mass. 1995) (civil action brought by former employer alleging embezzlement against former employee stayed due to pending criminal investigation); Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D. N.Y. 1985) ("While a stay… may cause some inconvenience and delay to the [non moving party], 'protection of defendant[s'] constitutional rights against self-incrimination is the more important consideration.'")(citing Corbin v. Federal Deposit Ins. Corp., 74 F.R.D. 147, 149-50 (E.D. N.Y. 1977). In applying the above cited cases, this Court should stay this civil case for an initial six month period.

    A. This civil case and the criminal investigation involve the exact same matters.

The FBI investigation and current Grand Jury proceedings involve allegations that Clark misappropriated funds from Hoya. These are precisely the exact same allegations as set forth in the pending civil complaint. In fact, Hoya has provided to the FBI all the documentation involving Clark and the transactions outlined in the civil complaint to the FBI. See **Exhibit 1**. As such, there can be no doubt that the two proceedings are "related" as well as "substantially similar".

    B. Mr. Clark will suffer a hardship or inequity if required to go forward in this civil case during the pendency of the criminal investigation.

Upon learning about the ongoing criminal investigation, Clark, in order to preserve his rights, invoked his fifth amendment right against self-incrimination until such time as the criminal investigation is resolved. This constitutes a prejudice or hardship in that he cannot address the allegations in the pending civil case without necessarily waiving his right against self-incrimination. See Brock v. Tolkow, 109 F.R.D. at 120 ("If the defendants are served with

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

interrogatories in the civil case, they must decide whether to respond or to assert their rights under the fifth amendment. If they choose the former course, they risk providing the government with leads or evidence that may be used against them in the criminal case. If they choose the latter course, they greatly increase the chance that they be found liable in the civil case for substantial sums of money. A stay of civil discovery until after criminal proceedings are complete will enable them to defend the civil case vigorously without fear of subsequent prosecution."); <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d at 1089 (a litigate should not be required to choose between his silence and litigating the civil lawsuit).

In fact, since the waiver of the right against self-incrimination is generally deemed to be a subject-matter waiver, Clark is precluded from addressing any of the allegations in the pending civil case without the potential lost of his fifth amendment right regarding the entire subject matter.

Moreover, Clark has been prejudiced by the fact that Hoya has provided to the FBI all the documents relevant and related to Clark. By putting the documents in the hands of the FBI, Hoya and thus CUMIS, who has contractual subrogation rights, has placed those documents beyond Clark's ability to obtain them through discovery. As such, documents which may well be relevant and favorable to Clark's position may no longer available in the civil action. Consequently, there is a clear showing of hardship and inequity if Clark is required to defend the civil case while the criminal investigation is pending.

C. <u>The proposed stay of six months is not immoderate or unreasonable.</u>

Clark has sought an initial stay of this matter for six months pending the outcome of the ongoing criminal investigation. Such a stay is not immoderate or unreasonable given the current circumstances of this case. In particular, three Defendants have not been served and CUMIS has

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

just sought issuance of new Summonses on July 12, 2006.  Since these Defendants have not been served and are not currently within this Court's jurisdiction, staying this matter for six months during the ongoing criminal investigation will not prejudice the parties in this matter.  In <u>St. Paul Fire & Marine Insurance</u>, 24 Cl. Ct. at 517, the court stated that "the interest of justice require our continued application of the practice to 'freeze' civil proceedings when criminal prosecution involving the same facts is warming up or under way [so as to alleviate] improper interference with [on-going] criminal proceedings.'"  Under the circumstances, the court found that a stay of proceedings for six to nine months to be reasonable and moderate.  <u>See</u> <u>also</u> <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d at 1089 (up to a three (3) year stay was allowed); <u>Brock v. Tolkow</u>, 109 F.R.D. at 120 (indefinite stay granted until criminal investigation completed); <u>White v. Mapco Gas Products, Inc.</u>, 116 F.R.D. at 503 (staying proceeding until completion of criminal investigation or trials).  Here, an initial stay of six months would be reasonable and moderate and if circumstances change within that time period, the parties are certainly free to petition the Court to resume the civil proceedings.

D.  <u>Compliance with Local Civil Rule 7(m).</u>

Pursuant to Local Civil Rule 7(m), counsel for the parties have conducted good faith discussions regarding this Motion to Stay via telephone and electronic mail and CUMIS opposes the Motion to Stay Proceedings.

## **CONCLUSION**

Based upon the foregoing, this Court should stay the above captioned case for a period of six months to allow the ongoing criminal investigation to proceed to conclusion.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

        Respectfully submitted,

        SMITH, LEASE & GOLDSTEIN, LLC

By: _____
        David W. Lease
        Bar No.: MD09426
        11 North Washington Street
        Suite 520
        Rockville, Maryland 20850
        Tel:   (301) 838-8950
        Fax:  (301) 838-0322

        Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July 2006, a copy of the foregoing Motion to Stay Proceedings was mailed, first class, postage prepaid, to the following person(s):

    Ben Selan, Esquire
    Cochran & Owen, LLC
    8000 Towers Crescent Drive
    Suite 160
    Vienna, VA 22182

_____
David W. Lease

Z:\Clark.Reginald\Motion for Protective Order.doc

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950