IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC.   ) | |
| ) | |
| Plaintiff,   ) | Civil Action No.: 1:05cv01277 |
| ) | P.L.F. |
| v.   ) | D.A.R. |
| ) | |
| REGINALD CLARK, et al.   ) | |
| ) | |
| Defendants.   ) | |
| ) | |

**OPPOSITION OF PLAINTIFF CUMIS INSURANCE SOCIETY, INC.
TO DEFENDANT REGINALD CLARK'S MOTION TO COMPEL DISCOVERY**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") respectfully submits the following memorandum of points and authorities in opposition to the motion to compel production of documents filed by Defendant Reginald Clark ("Mr. Clark") and requests that Mr. Clark's motion be denied.

**I.   Introduction.**

CUMIS filed the initial complaint against Mr. Clark on June 30, 2005, which was subsequently answered by Mr. Clark on February 13, 2006.  Pursuant to the Court's scheduling order, CUMIS provided its Expert Report to Mr. Clark on April 17, 2006.  Mr. Clark's expert disclosure was initially due on May 17, 2006, but was extended by mutual consent until June 9, 2006.  On June 8, the day before his expert disclosures were due, more than six weeks after CUMIS had tendered its expert's report and supporting documentation and more than two weeks after Mr. Clark was in possession of the responses to his discovery requests, Mr. Clark requested yet another extension and proffered an additional request for documents.

**II.     Mr. Clark's E-Mailed Requests for Further Materials are Inapposite to the Requirements of Federal Rules of Civil Procedure Rule 26.**

Mr. Clark, on June 8, 2006, the day before his expert witness disclosures were due, sent an e-mail requesting additional documentation to CUMIS. Mr. Clark requested production of the following documents by Thursday June 16, 2006:

    1. Board of Directors Reports - May 01 thru Dec 03

    2. File Maintenance Ledger (user codes)  May 01 thru Dec 03

    3. Share Draft Job Batch Files sent to Midatlantic Federal Credit
       May 01- Dec 03

    4. Ach Transaction Register   May 01- Dec 03

    5. General Ledger Detail for  # 744000, #729110,#729300,#
       701010, #729400, # 290000

    6. Ach Policy Procedure Manual (previous/revised)

    7. NCUA Exam for years ending DEC 01 thru DEC 03

    8. Independent Auditor exam performed by Schrienner and Leger
        Dec 01- Dec 03

    7. (sic) Federal Ach Daily Settlement Activity Report  May 01- Dec
       03

    8. (sic) General ledger detail acct# 729500  May 01- Dec 03

Attached as Exhibit #1 is a copy of the June 8, 2006 e-mail.

Mr. Clark's requests are unduly burdensome to both CUMIS and Hoya Federal Credit Union ("Hoya"). Pursuant to Fed. R. of Civ. P. Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter…relevant to the subject matter involved in the pending action…" However, Fed. R. of Civ. P. Rule 26(b)(2) allows for the limitation of discovery if the information sought is "…obtainable from some other source that is more convenient, less burdensome, or less expensive…," "the party seeking the discovery

2

has had ample opportunity by discovery in the action to obtain the information sought…," or "…"…the burden or expense of the proposed discovery outweighs its likely benefit…"

Mr. Clark has failed to demonstrate that the supplemental requests will lead to the discovery of materials relevant to the subject matter of the action.  Furthermore, Mr. Clark has never identified which numbered paragraph of the original Request for Production of Documents corresponds to each individual supplemental request.  His only basis for the additional requests is "…I have been advised that the following documents are needed and would be responsive to the document request."  See Exhibit 1.  Indeed, Mr. Clark seeks the details for several individual accounts, yet he fails to even identify the owner of the accounts petitioned.  Also, Mr. Clark's requests for the Federal ACH Daily Settlement Activity Report and the ACH Transaction Register literally encompass the records of every member of Hoya for a two-year period.  Again, Mr. Clark fails to justify his request for such a broad range of information.  The e-mail received by CUMIS' counsel requesting additional documents offers no further explanation of the need for the requested documents.

The information sought by Mr. Clark may be more easily obtained from the Federal Bureau of Investigations ("FBI") rather than from CUMIS or Hoya.  As Mr. Clark is aware, the FBI has instituted an investigation against Mr. Clark based on his activities while employed by Hoya.  As part of its investigation, the FBI petitioned, and received, all of Hoya's information and documentation pertaining to Mr. Clark.  Thus, the entity from which Mr. Clark could most easily receive the requested documentation is the FBI.

3

Additionally, Mr. Clark knows both that Hoya is a small credit union employing only four individuals and the extent of time that would be required to fully comply with his additional document requests. Hoya maintains a copy of some the underlying, recreated bank records in electronic format, however, the amount of manpower needed to reproduce the items given to the FBI would be overwhelming considering the size of the credit union.

### III.     CUMIS is not in Possession of the Requested Materials.

Pursuant to Fed. R. Civ. P. 34(a), CUMIS is not in the "possession, custody or control" of the requested materials as Hoya, CUMIS' insured, is no longer in "possession, custody or control" of the documents. The Federal Bureau of Investigations ("FBI") has instituted a proceeding against Mr. Clark based on his activities while employed by Hoya. As part of its investigation, the FBI petitioned, and received, all of Hoya's information and documentation pertaining to Mr. Clark. Thus, the documents in question have been removed from the dominion of both CUMIS and its insured.

As the Court in *Read v. Ulmer*, 308 F.2d 915 (5th Cir. 1962), pointed out, "[t]he relationship of insurer and insured is not such as to create an absolute duty of the former to produce an article in the possession and control of the latter which it refuses to make available for production. *Id*. at 918. Without the insured's compliance with its request, CUMIS cannot respond to Mr. Clark's e-mail asking for additional information. Furthermore, the *Read* court noted that although an insurer is deemed to stand in the place of its insured, "[the insurer's] hands do not hold articles which are in the

4

possession and under the control of the insured.  *Id.*  Thus, CUMIS is not in the possession and control of the documents as claimed by Mr. Clark.

**IV.    Conclusion.**

For the aforementioned reasons, CUMIS Insurance Society, Inc. respectfully requests that Defendant Reginald Clark's Motion to Compel the Production of Documents be denied.

                                    Respectfully submitted,


Dated:  July 24, 2006                          /s/  Ben Selan
                                    Amy S. Owen (D.C. Bar No. 411601)
                                    Ben Selan (D.C. Bar No. 495232)
                                    Cochran & Owen, LLC
                                    8000 Towers Crescent Drive, Suite 160
                                    Vienna, VA  22182
                                    (703) 847-4480 (office)
                                    (703) 847-4499 (facsimile)

                                    Attorneys for CUMIS Insurance Society, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Opposition of CUMIS Insurance Society, Inc. to Defendant Reginald Clark's Motion to Compel Discovery was served this 24th day of July, 2006, by facsimile and first class mail, postage prepaid upon:

David W. Lease  
Smith, Lease & Goldstein, LLC  
11 North Washington Street, Suite 520  
Rockville, MD 20850  
Ph:   301-838-8950  
Fax:   301-838-0322  

Attorney for Reginald Clark

       /s/  Ben Selan  
       Ben Selan