IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:05cv01277 |
| ) | P.L.F. |
| v. ) | D.A.R. |
| ) | |
| REGINALD CLARK, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION OF PLAINTIFF CUMIS INSURANCE SOCIETY, INC.
TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") respectfully submits the following memorandum of points and authorities in opposition to the Motion to Stay Proceedings filed by Defendant Reginald Clark ("Mr. Clark") and requests that Mr. Clark's motion be denied and that Mr. Clark be ordered to respond to CUMIS' discovery requests.

Background

In this suit, CUMIS filed a complaint against Mr. Clark on June 30, 2005, alleging, among other claims, fraud and breach of fiduciary duty occurring during Mr. Clark's employment with CUMIS' insured, Hoya Federal Credit Union (the "Credit Union"). Specifically, the complaint asserts that Mr. Clark misappropriated funds from the Credit Union by conducting fraudulent wire transfers, removing cash from the deposits submitted by members of the Credit Union, and fraudulently altering checks and ATM deposits for his benefit, as well as the benefit of his acquaintances and family members.

Mr. Clark now brings a motion to stay these proceedings, relying primarily on his Fifth Amendment rights and a pending federal investigation. CUMIS acknowledges that

an investigation has been initiated, but denies that its existence should halt the proceeding at issue.

## Discussion

As Mr. Clark notes, the question of a stay should be addressed using a balancing test, made on a case by case basis, considering: (1) the hardship to the party seeking the stay if required to continue with the civil proceeding while faced with a pending criminal investigation; (2) the length of the requested stay; and (3) the similarity of the underlying issues in the civil matter as compared to the criminal investigation.  *Horn v. District of Columbia,* 210 F.R.D. 13, 15 (D.C. 2002).  This inquiry, however, should be guided by the principle stated in *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F.Supp.2d 572, 575 (S.D.N.Y. 2001):

> It would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities.

In this case, these factors weigh heavily against a stay.

**A. Mr. Clark has Failed to Make a Clear Showing of Hardship or Inequality if the Civil Proceeding Goes Forward.**

Mr. Clark, for the following reasons, has failed to make a clear showing of any harmful effects he may suffer by allowing the civil proceeding to continue:

1. <u>No Indictment Has Been Issued, Nor is One Immediately Forthcoming</u>

The courts will not ordinarily grant a stay when no indictment has been handed down.  *Id.* at 576-77.  The reasons for this are aptly stated by the *Sterling* court: "it is inherently unclear to the Court just how much the unindicted defendant really has to fear."  *Id.*  See also *U.S. Commodity Futures Trading Commission v. A.S. Templeton*

2

*Group, Inc.*, 297 F.Supp.2d 531, 534-35 (E.D.N.Y. 2003) (declining to issue a stay, distinguishing several cases where indictments were either issued or pending). The Temple Group court noted that the "[d]efendants' countervailing interest in avoiding the use of their Fifth Amendment privilege is minimal at this time because any parallel criminal proceeding is purely speculative." *Id.* at 535. Just as in the present case, there is no indictment and no guarantee that the Department of Justice will seek an indictment.

Additionally, it is purely speculative as to which defendants might be indicted, or are even under active investigation. Reginald Clark is clearly the main culprit in this case, as he is the individual formerly employed by the Credit Union with access to funds and records of the banking entity's members. If this is the focus of the federal investigation, there is no reason to believe that the co-defendants, Derrick Eatmon, Tonia Schuler, Mae Smith, Kenard Walston or Tanya Hubbard are likely to be indicted. This resembles the situation at issue in *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980), where the court denied a stay even after an indictment because only one defendant was indicted, and it would have imposed an additional unfair burden on the plaintiff to delay its relief against all defendants while awaiting the prosecution of only one.

    2. The Government Has Not Brought the Civil Suit, Nor is the Department of <u>Justice Involved</u>

The courts look upon a stay with disfavor when the government has not brought the civil proceedings. Where the government is involved, the concern is that it might use the civil litigation to obtain an unfair discovery advantage in the criminal matter.

See generally, *Sterling*, 175 F.Supp.2d at 578-79. Here, a private entity, CUMIS, initiated the civil litigation.

Mr. Clark's argument that he is prejudiced in that he cannot address the allegations in the pending civil case without necessarily waiving his right against self-incrimination may be addressed through the entry of a protective order. The court in *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) noted that "an appropriate protective order" is one option to adequately protect parties facing civil discovery on the subject area of a potential criminal prosecution. Similarly, in *Digital Equipment Corp. v. Currie Enterprises*, 142 F.R.D. 8 (D. Mass. 1991) the court refused to stay pending civil litigation in a situation involving private, non-governmental, parties, but directed the plaintiff and defendant to submit a protective order to deal with matters such as sealing interrogatories and other discovery. It must be noted that Mr. Clark has already agreed to the entry of a Protective Order entered in this pending civil litigation.

3. <u>The Balance of Interests Favors Denying the Stay</u>

As the court noted in *Sterling*, 175 F. Supp.2d at 578, n.4, a defendant's constitutional rights are not actually at risk when faced with ongoing, parallel criminal and civil litigation. The defendant retains a privilege not to testify, in either the civil or the criminal matters. It is well settled that any sanction the defendant suffers in the civil proceedings as a result of his refusal to testify does not equate to a constitutional violation. *Baxter v. Palmigiano*, 425 U.S. 308 (1976).

The plaintiff also has strong interests in the prompt resolution of its dispute. As the court pointed out in *Sterling* 174 F. Supp.2d at 579 both time and money weigh

4

heavily in assessing whether a stay would unduly injure the plaintiff's interests. First, Mr. Clark's tactics have already wasted a significant amount of time. Not only did Mr. Clark initially attempt to avoid service of the Complaint, his refusal to cooperate in discovery has led to a severe difficulty in locating many of the co-defendants. The *Sterling* court also noted that "permitting a further delay during which assets can be dispersed or hidden – or called upon for the expensive business of defending a grand jury investigation and potential criminal litigation – will increase the risks that the plaintiff could succeed in litigation without being able to collect on any judgments." *Sterling*, *Id*. CUMIS faces the same risks in its suit against Mr. Clark.

The courts have an interest in avoiding unnecessary stays. "Convenience of the courts is best served when motions to stay proceedings are discouraged…[Stays can] become a source of delay and an interference with judicial administration." *A.S. Templeton Group*, 297 F.Supp.2d at 535-536, (quoting *Arden Way Associates v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987)). This factor also weighs against a stay.

    4. <u>Defendant's Cases are Inapposite or Favor CUMIS</u>

The cases cited by Mr. Clark are either inapposite or favor the denial of his motion. *Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) was a civil suit brought by the government which implicated the concerns noted above about the misuse of civil discovery to support criminal prosecutions. The court thus noted that a stay is "more appropriate when both actions are brought by the government." *Id*. at 119. Moreover, *Brock* has dubious precedential value in that the court in *United States v. Private Sanitation Industry of Nassau/Suffolk, Inc.*, 811 F.Supp. 802 (E.D.N.Y.) declined to

5

follow the decision, noting that the Fifth Amendment interests in avoiding a parallel civil suit are "minimal." Id. at 807.

*Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 is distinguishable from the case at hand. First, the party in *Wehling* petitioning the court for a stay was the plaintiff, not the defendant. Second, and most important, the court stayed the civil litigation in *Wehling* in order to prevent the dismissal of the plaintiff's suit against the defendant, which was filed on the last day prior to the running of the statute of limitations. Had the *Wehling* court not ordered the stay, the plaintiff's recourse against the defendant would have been lost. Mr. Clark is obviously not faced with an impending statute of limitations deadline.

Furthermore, *United Technologies Corp. v. Dean*, 906 F.Supp. 27 (D. Mass. 1995) is not relevant to this matter. In *United Technologies Corp.*, the State of Connecticut had already levied larceny charges against, and indicted, the civil defendant, although a trial had not yet been set. In the instant action, there is no certainty that Mr. Clark will ever be indicted.

### B. Mr. Clark Has Not Established That a Six Month Stay is Not Immoderate or Unreasonable

Mr. Clark has not offered any evidence whatsoever that a six month stay[1] is not immoderate or unreasonable. His reliance on the court's decision in *St. Paul Fire & Marine Ins. Co. v. United States*, 24 Cl. Ct. 513 (1991) to establish that a six month stay is reasonable is misplaced. The *St. Paul* court's determination was based, in large part, on "an affidavit from the Assistant United States Attorney for the Eastern District of California…, that the investigation should take approximately six months to complete…"

---

[1] Mr. Clark refers to his requested suspension of the civil proceeding as the "initial" stay.

6

*Id.* at 514. Mr. Clark has not submitted an affidavit or any other documentation suggesting that he is knowledgeable as to the time to complete the criminal investigation. The determination of a reasonable stay must be made on a case by case basis, and should not depend on the decisions of courts made in other matters under dissimilar circumstances. Thus, Mr. Clark has failed to establish that a six month stay of the civil proceeding is moderate or reasonable.

 **C. Mr. Clark Has Failed to Make a Clear Showing That the Issues Underlying the Civil Proceeding are Related to or Substantially Similar to the Criminal Investigation.**

 Mr. Clark's argument that the civil proceeding is substantially similar to the criminal investigation is a mere allegation unsupported by any facts. Mr. Clark bases his claim on the Credit Union's surrender of its financial records to the Federal Bureau of Investigations. By no means do his claims rise to the level of "direct or indirect proof" which indicated that the issues underlying the criminal investigation are the same as those brought in CUMIS civil suit. Without such proof, Mr. Clark has failed to meet his burden under this prong of the formulation set forth in *Horn*.

Conclusion

 Mr. Clark's Motion to Stay Proceedings should be denied for the aforementioned reasons.

Respectfully submitted,

Dated: July 24, 2006          /s/ Ben Selan
Amy S. Owen (D.C. Bar No. 411601)
Ben Selan (D.C. Bar No. 495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

8

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Opposition of Plaintiff CUMIS Insurance Society, Inc. to Defendant's Motion to Stay Proceedings was served this 24th day of July, 2006, by facsimile and first class mail, postage prepaid upon:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850
Ph:   301-838-8950
Fax:  301-838-0322

Attorney for Reginald Clark

                                                                          /s/  Ben Selan
                                                  Ben Selan