IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC.      :
                                   :
    Plaintiff,                     :
                                   :
v.                                 :   Case No.: 1:05CV01277
                                   :   P.L.F.
REGINALD CLARK  et al              :   D.A.R.
                                   :
    Defendants.                    :

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
### TO STAY PROCEEDINGS

Defendant, Reginald Clark ("Clark"), by his counsel, David W. Lease and Smith, Lease & Goldstein, LLC, submits this reply memorandum in support of his Motion to Stay Proceedings.

### DISCUSSION

As set forth in Clark's opening Memorandum, he seeks the stay of these proceedings due to an ongoing criminal investigation of his activities, while employed by Hoya Federal Credit Union ("Hoya"), by the Federal Bureau of Investigation ("FBI") and a federal grand jury. The above captioned case was instituted by CUMIS Insurance Society, Inc. ("CUMIS") against Clark and several other Defendants, alleging misappropriation of funds by Clark during his employment at Hoya.

The alleged misappropriation occurred between April 2001 and July 2003, while Clark was employed at Hoya. Moreover, Clark was terminated by Hoya upon the discovery of the alleged misappropriation in July 2003. Thus, CUMIS waited more than two years before instituting the above captioned case and has not demonstrated any hardship it would suffer through a stay of the proceedings while the criminal investigation is completed. As more fully

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

set forth below, the application of the factors set forth in this Court's opinion of <u>Horn v. District of Columbia</u>, 210 F.R.D. 13, 15 (D.D.C. 2002), supports the issuance of a stay.

1. <u>Clark Has Made A Clear Showing Of Hardship Or Inequity If The Civil Proceeding Goes Forward</u>.

CUMIS makes much of the fact that an indictment has not been issued against Clark. CUMIS, however, ignores the direction of this Court that a balancing test should be made on a case-by-case basis. <u>Horn v. District of Columbia</u>, 210 F.R.D. at 15 (quoting <u>St. Paul Fire & Marine Ins. Co. v. United States</u>, 24 Cl. Ct. 513, 515 (1991)). Moreover, numerous federal courts have stayed cases where no indictment had yet been issued. See <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d 1084, 1086 (5th Cir. 1979) ("Wehling's counsel stated that he had reason to believe that the Grand Jury investigation was continuing, that Wehling was a target of that investigation and that CBS had been cooperating with the United States Attorney's Office and the Attorney General of Texas. Accordingly, counsel advised Wehling to invoke the fifth amendment…"); <u>White v. Mapco Gas Products, Inc.</u>, 116 F.R.D. 498, 501 (E.D. Ark. 1987) (staying civil case until the Grand Jury investigation completed); <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 119 N.2 (E.D.N.Y. 1985) ("The fact that an indictment has not yet been returned -- while it may be a factor counseling against a stay of civil proceedings -- does not make consideration of the stay motion any less appropriate. Several of the cases dealing with the issue have involved pre-indictment criminal inquiries.") (citations omitted).

Clark has been prejudiced by the pending criminal investigation because he has been deprived of obtaining documents needed to defend this action. As is more fully set forth in a pending Motion to Compel Production of Documents, CUMIS has asserted that Hoya turned over significant documentation to the FBI, which is relevant to this case. See CUMIS' Opposition to Clark's Motion to Compel at p.4. As such, the pendancy of the criminal investigation has caused a direct impediment to Clark's ability to obtain documents necessary to

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

2

refute the charges pending against him in the above referenced case.  Thus, because of the now pending criminal investigation, CUMIS through Hoya can cherry-pick documents it believes supports its action while shielding the discovery of documents which are exculpatory, thereby unduly prejudicing Clark.

CUMIS also downplays the significance of Clark's Hobson's Choice regarding whether to invoke his right against self-incrimination because of the pending criminal investigation.  As several of the cases cited in the opening Memorandum provide: a defendant in a civil action should not have to choose between invoking their fifth amendment right or defending a civil lawsuit.  Wehling v. Columbia Broadcasting Sys., 608 F.2d 1084, 1089 (5th Cir. 1979) (A potential three year stay was preferable to requiring plaintiff to choose between silence and his lawsuit); Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y 1985) ("While a stay… may cause some inconvenience and delay to the [non moving party], 'protection of defendant[s'] constitutional right against self-incrimination is the more important consideration.'") (citing Corbin v. Federal Deposit Ins. Corp., 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977)).

Alternatively, CUMIS suggests that a potential Protective Order could be fashioned which would allow the litigation to go forward.  CUMIS, however, fails to explain how any civil Protective Order would prevent the United States Attorney or a federal grand jury from obtaining a transcript of Clark's testimony in this matter pursuant to a duly authorized Subpoena.  If CUMIS is suggesting that the case could proceed with discovery against other defendants and non-party witnesses while discovery is stayed against Clark individually pending resolution of the criminal investigation, such a resolution could be appropriate.  See Security & Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980).  The current mutual Protective Order, however, does not adequately protect Clark's fifth amendment privilege.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

2. <u>The Balance Of Interest Favor Granting The Stay.</u>

CUMIS relies upon the general proposition that a litigant has an interest in the prompt resolution of their dispute. If, however, this general holding ruled the day, no case could ever be stayed since, by definition, a stay delays the resolution of the matter. The numerous cases which allow for a stay, properly treat this general proposition as one of many factors to weigh in determining whether a stay is appropriate.

CUMIS also complains of Clark's refusal to cooperate in discovery. Clark's refusal to cooperate in discovery, however, has been caused by his invocation of his fifth amendment right against self-incrimination. To the extent that this case is stayed and the criminal proceedings concluded, Clark's fifth amendment right would no longer be an impediment to discovery.

Moreover, CUMIS delayed filing suit in this case for nearly two years after Clark was terminated from Hoya based upon the allegations contained in the Complaint. CUMIS now baldly asserts that it is concerned about the disposition or hiding of assets, yet its actions in filing suit two years after the alleged misappropriation of funds plainly contradicts this claimed harm. As such, in balancing the interest, the Court should issue a stay.

3. <u>The Cases Cited By The Defendant Support Issuance Of A Stay.</u>

The cases cited by Clark in his opening Memorandum strongly support the issuance of a stay in this case and CUMIS' attempt at distinguishing them fails. In particular, <u>Brock v. Tolkow</u>, 109 F.R.D. 116 (E.D.N.Y. 1985), expressly provides that merely because an indictment has not yet been returned does not preclude a court from staying a civil case. In <u>Brock</u> the court noted several reasons which supported a stay. The mere absence of one of those particular factors from the present case does not meaningfully distinguish nor provide a reason to deny the stay. As this Court has noted, the issuance of a stay will be reviewed on a case-by-case basis.

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

4

Likewise, CUMIS' attempt to distinguish <u>Wehling v. Columbia Broadcasting Sys.</u>, 608 F.2d 1084 (5th Cir. 1979), is without merit. The only distinguishing characteristic in <u>Wehling</u>, was that the stay was sought by the plaintiff not the defendant. In fact, the Fifth Circuit in <u>Wehling</u> notes that generally it is the defendant who seeks the stay and discusses whether or not it is appropriate for a plaintiff to seek a stay when they are the moving party behind the action. Finding that a stay would be otherwise appropriate, the alignment of the moving party as a plaintiff was not a reason to deny a stay. <u>Id</u> at 1089 n.10 ("Although the plaintiff-defendant distinction is superficially appealing… civil plaintiffs seldom voluntarily seek situations requiring litigation.").

CUMIS distinguishes <u>United Technologies Corp. v. Dean</u>, 906 F. Supp.27 (D. Mass. 1995) because criminal charges had already been filed in the case. <u>United Technologies</u> was not cited for the position that a stay could issue in the absence of formal charges. Rather, the case was cited because it involved the issuance of a stay where there was a criminal proceeding which alleged embezzlement by a former employee. Thus, the factual setting of <u>United Technologies</u> is similar to the present case although not on all fours. Nonetheless, <u>United Technologies</u> supports Clark's request for a stay.

Lastly, CUMIS fails to address the case of <u>White v. Mapco Gas Products, Inc.</u>, 116 F.R.D. 498 (E.D. Ark. 1987), which held that a stay of proceedings was appropriate in a case in which the federal government was not a party and before any formal criminal charges had been brought.

4. <u>A Six-Month Stay Is Not Immoderate Or Unreasonable.</u>

CUMIS asserts that Clark has failed to set forth why a six-month stay would not be immoderate or unreasonable. However, Clark cited numerous cases in which stays of up to three years have been issued during the pendancy of grand jury investigations. Moreover, given the

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/838-8950

5

posture of this case in that several defendants have not even been served at this time, a six-month stay would be appropriate to allow the criminal investigation to proceed while at the same time not stalling the civil case for a significant period of time. If, at the end of the six months, an additional stay is necessary, Clark will make the appropriate Motion and the Court can consider the situation as it then exists.

5. <u>CUMIS' Claim That Clark Has Failed To Establish That The Underlying Civil Proceeding Is Related Or Substantially Similar To The Criminal Investigation Is Without Merit.</u>

On one hand CUMIS claims in its Opposition to Clark's Motion to Compel Production of Documents that it recognizes that there is a criminal investigation into Clark's activities while he was employed at Hoya. Moreover, in that Opposition, CUMIS claims to have provided documents, which Clark is seeking in this case, to the FBI regarding the pending criminal investigation. In its Opposition to the Motion to Stay, CUMIS notes that "Reginald Clark is clearly the main culprit in this case, as he is the individual formerly employed by the credit union with access to funds and records of the banking entities' members."

Thus, it is unreasonable to suggest that the ongoing federal investigation, including a Grand Jury proceeding into Clark's alleged activities at Hoya, are somehow not related to the issues in the pending case, which alleges that Clark misappropriated more than $500,000.00 from the credit union. Prosecutors often like to remind jurors that you do not check your common sense at the courthouse door. Here, documents related to the discovery in this case have been provided to the FBI in furtherance of its investigation. CUMIS' allegations in this case amount to criminal behavior, and CUMIS and Hoya have cooperated with the FBI regarding Clark's

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

.

alleged activities. These facts plainly suggest that those two matters are related or substantially similar.[1]

## CONCLUSION

For the reasons set forth in Clark's Motion to Stay Proceedings as well as set forth above, the Court should issue the requested stay.

Respectfully submitted,

SMITH, LEASE & GOLDSTEIN, LLC

By: _____
David W. Lease
Bar No.: MD09426
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Tel:   (301) 838-8950
Fax:   (301) 838-0322

Counsel for Defendant

---

[1] To the extent that the Court believes that additional evidence is needed, Clark would respectfully request that an evidentiary hearing be held in which members of the FBI, as well as employees of Hoya and CUMIS, can be subpoenaed to testify as to the nature of the federal investigation as well as the precise information that Hoya and CUMIS have provided to the FBI.

SMITH, LEASE & GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of July 2006, a copy of the foregoing Reply Memorandum in Support of Defendant's Motion to Stay Proceedings, was electronically filed and served upon the following person(s):

Amy S. Owen
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182

_____
David W. Lease

Z:\Clark.Reginald\Reply Memo is Support of Motion to Stay.doc

SMITH, LEASE &
GOLDSTEIN, LLC
ATTORNEYS AT LAW
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/838-8950

8