IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. )<br>)<br>Plaintiff, )<br>) Civil Action No.: 1:05cv01277 (PLF)<br>v. )<br>)<br>REGINALD CLARK, et al. )<br>)<br>Defendants. )<br>) | |

**MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO LIFT STAY**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") respectfully submits the following memorandum in support of Plaintiff's Motion to Lift Stay in the above-captioned matter.

**Background**

On August 22, 2006, subsequent to defendant Reginald Clark's ("Mr. Clark's") Motion to Stay Proceedings, this Court stayed the proceeding until further action of the Court and ordered that the parties file a joint status report on November 21, 2006 and every 90 (ninety) days thereafter. The order specifically stated that the Court would be willing to reconsider the stay if CUMIS' subrogor, Hoya Federal Credit Union (the "Credit Union"), made available all relevant documents for discovery. A copy of the August 22, 2006 Order is attached as Exhibit A.

CUMIS has since made available the requested records, in electronic format, for review and copying. To date, Mr. Clark has neither taken the opportunity to review the materials at the office of CUMIS' counsel nor, upon information and belief, has he contacted the data processing service capable of producing copies of the requested materials.

As discussed more fully below, Mr. Clark has no legal basis for further stay in this action.

**Discussion**

**I.     The Court Should Open the Stay Because CUMIS Has Made Available All the Relevant Documents for Discovery in this Case.**

The Court should reconsider the stay granted in this matter pursuant to its August 22, 2006 Order (the "Order") as CUMIS has made available to Mr. Clark all relevant documents for discovery in this case. Mr. Clark, on June 8, 2006, the day before his expert witness disclosures were due, sent a request for additional documentation to CUMIS. Mr. Clark requested the following documents by June 16, 2006:

    1. Board of Directors Reports - May 01 thru Dec 03

    2. File Maintenance Ledger (user codes)  May 01 thru Dec 03

    3. Share Draft Job Batch Files sent to Midatlantic Federal Credit   May 01- Dec 03

    4. Ach Transaction Register   May 01- Dec 03

    5. General Ledger Detail for  # 744000, #729110,#729300,# 701010, #729400, # 290000

    6. Ach Policy Procedure Manual (previous/revised)

    7. NCUA Exam for years ending DEC 01 thru DEC 03

    8. Independent Auditor exam performed by Schrienner and Leger   Dec 01- Dec 03

    7. Federal Ach Daily Settlement Activity Report  May 01- Dec 03

    8. General ledger detail acct# 729500  May 01- Dec 03

Attached as Exhibit B is a copy of the June 8, 2006 e-mail.

On or about August 1, 2006, CUMIS sent to Mr. Clark extensive documentation responsive to the requests numbered 1, 5, 6, 7, and 8. Mr. Clark thereafter reiterated his need to review the financial records of the Credit Union's members as set forth in his remaining

additional requests. After the entry of a Protective Order to prevent the dissemination of the sought after records, CUMIS obtained from the Credit Union the sole copy of approximately 52 CD ROMS (the "CDs"), embedded with an internal search program, containing the financial records of the Credit Union's members for the time period requested. CUMIS informed Mr. Clark by electronic mail on August 10, 2006 (attached as Exhibit C is a copy of the August 10, 2006 e-mail), twelve days prior to the entry of the Order staying the civil action, that the CDs were available for review at the offices of Cochran & Owen, LLC. CUMIS sent a reminder e-mail on August 17, 2006 (attached as Exhibit D) that the CDs were available for review, to which Mr. Clark responded on August 22, 2006 requesting copies of the CDs.

As the 52 CDs represent the only compilation of the Credit Union's records for the relevant time period, CUMIS was, and still is, unable to turn over the physical CDs to Mr. Clark. However, CUMIS, in writing, provided the contact information of the data processing service, Galaxy Plus Credit Union Systems, which could create a second, identical version of the CDs sought by Mr. Clark. CUMIS informed Mr. Clark that a subpoena would be necessary and provided an estimate as to the cost for replicating each CD (a copy of the relevant correspondence is attached as Exhibit E).

Since August 2006, Mr. Clark has not sought to have anyone review the materials at the offices of Cochran & Owen, LLC. Furthermore, upon information and belief, Mr. Clark has not contacted the data processing service in order to arrange for the production of new, identical copies of the CDs containing the Credit Union's member's financial information.

**Conclusion**

The Stay granted by the Court on August 22, 2006 should be lifted for the aforementioned reasons.

Respectfully submitted,

Dated: October 31, 2006                                  /s/  Ben Selan
Amy S. Owen (D.C. Bar No. 411601)
Ben Selan (D.C. Bar No. 495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Memorandum in Support of Plaintiff's Motion to Lift Stay was served this 31st day of October, 2006, by first class mail, postage prepaid upon:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850
Ph:    301-838-8950
Fax:    301-838-0322

Attorney for Reginald Clark

       /s/ Ben Selan
Ben Selan