IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:05cv01277 (PLF) |
| v. | ) |
| | ) |
| REGINALD CLARK, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS"), by counsel, submits this reply memorandum in support of its Motion to Lift Stay.

**DISCUSSION**

Defendant Reginald Clark ("Mr. Clark") opposes CUMIS' Motion to Lift Stay despite the fact that he has made no effort to review the financial records made available to him. The Court's order granting Mr. Clark's Motion to Stay specifically stated that it would be willing to reconsider the stay if CUMIS' subrogor, Hoya Federal Credit Union (the "Credit Union"), made available all relevant documents for discovery. The financial records in question have been available for inspection for nearly three months at the office of CUMIS' counsel. Mr. Clark's contentions that information has not been provided is misleading and self serving.

The format of the requested materials does not allow for simple reproduction and the Credit Union has only one copy of the information. As stated, the financial records requested by Mr. Clark for the period of May 2001 through December 2003 are maintained by the Credit Union on fifty-two (52) CD-ROM discs. See Affidavit of Hazel Logan, ¶¶ 1 and 8, attached as Exhibit A. The Credit Union employs Galaxy Plus Credit Union Systems, a specialized data

1

processing company based in Michigan to convert their financial records to electronic form for transcription to CD-ROM. See Exhibit A, ¶¶ 4, 5. As part of the process, Galaxy Plus Credit Union Systems embeds an internal search program on each CD-ROM. See Exhibit A, ¶ 5. This technique does not allow the CD-ROMs to be copied by conventional means. See Exhibit A, ¶ 6. However, Galaxy Plus Credit Union Systems may produce additional copies of the 52 CD-ROMs for the approximate cost of thirteen-hundred dollars ($1,300.00). See Exhibit A, ¶ 11. Due to the proprietary nature of the financial information contained on the CD-ROMs, a subpoena is necessary to obtain additional copies by a third party. See Exhibit A, ¶ 7. Indeed, the original fifty-two (52) CD-ROMs are the sole copy of the financial records for the requested time period in possession of the Credit Union and contain not only the specific information requested by Mr. Clark, but also financial information for every member of Hoya Federal Credit Union for the time period. See Exhibit A, ¶¶ 10, 9. Mr. Clark has, to date, ignored his opportunity to review the materials made available to him.

  Again, the Court specifically noted in its August 22, 2006 Order that "[i]f the plaintiff continues to oppose a stay on this matter, and can prevail upon its subrogor Hoya Federal Credit Union to make available all the relevant documents for discovery in this case, the Court would be willing to reconsider the stay." Mr. Clark does not deny that the materials have been available for inspection and review in the office of CUMIS' counsel, nor has he demonstrated any hardship which prevents him or his as yet undisclosed expert witness from examining the materials. Mr. Clark's contentions that the materials remain unavailable to him are no more than a self-serving attempt to keep the stay in place.

  Additionally, Mr. Clark has yet to establish a clear showing of hardship or inequality if the civil proceeding goes forward. Indeed, Mr. Clark has not demonstrated that he will suffer

any harmful effects if the civil proceeding is allowed to continue as no indictment has been issued, nor is one immediately forthcoming. See generally, *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F.Supp.2d 572, 575 (S.D.N.Y. 2001) (stating that it is unclear as to how much the unindicted defendant has to fear in proceeding with the civil suit); *U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 534-35 (E.D.N.Y. 2003) ("[d]efendants' countervailing interest in avoiding the use of their Fifth Amendment privilege is minimal… because any parallel criminal proceeding is purely speculative."). As there is no indication of immediate harm to Mr. Clark, the stay should be lifted.

Lastly, Mr. Clark's Opposition to Plaintiff's Motion to Lift Stay was filed after the period delineated in the Local Rules of Civil Procedure for the United States District Court for the District of Columbia, hence CUMIS' Motion to Lift Stay should be deemed conceded. U.S. District Ct. Rules for the District Of Columbia LCvR 5.4 (2006) prescribes that all documents must be filed using electronic means. U.S. District Ct. Rules for the District Of Columbia LCvR 5.4(d) (2006) states that "[e]lectronic filing of any document operates to effect service of the document on counsel… who have obtained CM/ECF passwords." Additionally, U.S. District Ct. Rules for the District Of Columbia LCvR 7(b), entitled Opposing Points and Authorities, states that:

> Within 11 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

Fed. R. of Civ. Pro. 6, in corollary, commenting on the calculation of time, allots that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the calculation."

As Mr. Clark has filed documents electronically in this matter, it is safe to assume that he has obtained a CM/ECF password. Therefore, service of Plaintiff's Motion to Lift Stay was effected on October 31, 2006, the date of the filing of the document. As Mr. Clark had eleven (11) days to file an Opposition to the Motion to Lift Stay, his opposition was due on November 11, 2006. As November 11, 2006 fell on a Saturday, the deadline for filing was Monday, November 13, 2006. Mr. Clark's Opposition to Plaintiff's Motion to Lift Stay was filed by electronic means on November 14, 2006 and as such, is untimely.

Pursuant to Fed. R. Civ. Pro. 6(b), a court may extend the time to accept a filing, upon motion made, "where the failure to act was the result of excusable neglect." The Court in *Wild v. Alster, et al.*, 2005 U.S. Dist. LEXIS 12780, 12783 (2005), quoting *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209, 356 U.S. App. D.C. 70 (D.C. Cir. 2003), set forth the factors used to determine when a late filing may constitute "excusable neglect" include: "'(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) wither the movant acted in good faith.'" In *Wild*, the Court, faced with a one day filing delay which did not result in prejudice to the Plaintiff, struck the filing as the defendant failed to provide an explanation for the tardy filing, and hence the Court was unable to ascertain whether or not the delay was due to "excusable neglect." *Id*. at 12783-4.

In the present matter, Mr. Clark has failed to provide, whether by motion or explanation, the reason for the tardy filing of his Opposition to Plaintiff's Motion to Lift Stay. As the Court is

4

thus unable to determine whether or not the delay is due to "excusable neglect," the Court should deem Plaintiff's Motion to Lift Stay conceded by the defendant, Mr. Clark.

### Conclusion

For the reasons stated herein, and for any other reasons that the Court deems just and proper, the Court should enter an appropriate order lifting the stay currently in place in this matter.

Respectfully submitted,

Dated:  November 20, 2006                /s/  Ben Selan
Amy S. Owen (D.C. Bar No. 411601)
Ben Selan (D.C. Bar No. 495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Reply Memorandum in Support of Plaintiff's Motion to Lift Stay was served this 20th day of November, 2006, by first class mail, postage prepaid upon:

David W. Lease
Smith, Lease & Goldstein, LLC
11 North Washington Street, Suite 520
Rockville, MD 20850
Ph:    301-838-8950
Fax:   301-838-0322

    Attorney for Reginald Clark


                                            /s/  Ben Selan
                                            Ben Selan