IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: 1:05cv01277 (PLF) |
| v. | ) |
| | ) |
| REGINALD CLARK, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

MEMORANDUM IN SUPPORT
OF PLAINTIFF'S MOTION TO LIFT STAY

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") respectfully submits the following memorandum in support of Plaintiff's Motion to Lift Stay in the above-captioned matter.

**Background**

On June 27, 2005, Hoya Federal Credit Union (the "Credit Union"), after an internal investigation revealed extensive embezzlement by Reginald Clark ("Mr. Clark"), filed a Complaint in the United States District Court for the District of Columbia alleging, fraud, breach of fiduciary duty, and unjust enrichment against Mr. Clark and those who received or benefited from the stolen funds. During the course of the suit, Mr. Clark's original counsel, on July 14, 2006, filed a Motion to Stay the proceedings as he had learned that a criminal investigation was currently underway regarding Mr. Clark's illicit activities at the Credit Union. The Court granted the Motion to Stay on August 22, 2006, stating that it would reconsider the Stay if the Credit Union would make available all requested materials in discovery and ordered the parties to file a Joint Status Report every ninety (90) days thenceforth. A copy of the August 22, 2006 Order is attached as exhibit A.

A short time after the entry of the Order, CUMIS informed Mr. Clark's counsel that the requested information was available for review and copying, in electronic format, in the office of its counsel.  No attempt was ever made by Mr. Clark or any representative on his behalf to evaluate the records at the heart of the Order staying the proceeding.  Indeed, since October 2006, at which time Mr. Clark's attorney withdrew from representation, Mr. Clark has not responded to any of CUMIS' communications, oral or written, and has ignored the Courts Order by failing to participate in the filing of the Joint Status Reports.

As discussed more fully below, the imposition of the stay in the civil proceeding has only served to harm CUMIS, the subrogor of the party initially damaged by Mr. Clark.  As will be explained, Mr. Clark has no legal basis for any continuation of the stay in this action nor will he suffer any prejudice if the stay is lifted.

## Discussion

A court is afforded the ability to stay a civil suit in the face of a parallel criminal proceeding in order to protect the constitutional rights of the accused.  Case law dictates the use of a balancing test to analyze, among other things:

> the extent to which the defendant's fifth amendment rights are implicated, as well as such factors as (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.
>
> Sterling Nat'l Bank v. A 1 Hotels, Int'l, Inc., 175 F. Supp. 2d 573, 576 (D.N.Y. 20001).

Accordingly, when reviewing the factors as a whole, the civil proceeding ought be allowed to continue.

### I.    Mr. Clark's Fifth Amendment Rights Are Not in Jeopardy.

CUMIS recognizes the importance of preserving an individual's constitutional rights, however, Mr. Clark is in no danger of compromising his position in a criminal proceeding if the civil action were to continue. As the court noted in Sterling, 175 F. Supp.2d at 578, n.4, a defendant's constitutional rights are not actually at risk when faced with ongoing, parallel criminal and civil litigation. The defendant retains a privilege not to testify, in either the civil or the criminal matters. Furthermore, it is well settled that any sanction the defendant suffers in the civil proceedings as a result of his refusal to testify does not equate to a constitutional violation. Baxter v. Palmigiano, 425 U.S. 308 (1976). Mr. Clark has already invoked his Fifth Amendment privileges in his response to CUMIS' prior discovery requests. As such, Mr. Clark is in no danger of forfeiting his right not to testify.

The court in Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980) noted that "an appropriate protective order" is one option to adequately protect parties facing civil discovery on the subject area of a potential criminal prosecution. Similarly, in Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8 (D. Mass. 1991) the court refused to stay pending civil litigation in a situation involving private, non-governmental, parties, but directed the plaintiff and defendant to submit a protective order to deal with matters such as sealing interrogatories and other discovery. It must be noted that Mr. Clark agreed to the entry of the Protective Order in place in the pending civil litigation.

## II.     Any Delay in the Civil Proceeding Detrimentally Impacts CUMIS.

Mr. Clark embezzled more than Five Hundred Thousand Dollars ($500,000.00) from the Credit Union during his tenure as an employee. Since this civil proceeding was stayed, nearly eleven months ago, based upon CUMIS' knowledge and belief, there has not been any significant progress in the criminal matter. Any further delay in the civil suit simply increases the risk that CUMIS could succeed in the civil litigation and still not be able to collect on the judgment. Mr. Clark is not subject to any threats pertaining to his constitutional rights. The stay has essentially granted Mr. Clark more time to dispose of and/or divert the embezzled funds rather than afford him protection from dual law suits.

As the court pointed out in Sterling, 174 F. Supp.2d at 579, both time and money weigh heavily in assessing whether a stay would unduly injure the plaintiff's interests. First, Mr. Clark's tactics have already wasted a significant amount of time. Not only did Mr. Clark initially attempt to avoid service of the Complaint, his refusal to cooperate in discovery has led to a severe difficulty in locating many of the co-defendants. The Sterling court also noted that "permitting a further delay during which assets can be dispersed or hidden – or called upon for the expensive business of defending a grand jury investigation and potential criminal litigation – will increase the risks that the plaintiff could succeed in litigation without being able to collect on any judgments." Sterling, Id. CUMIS faces the same risks in its suit against Mr. Clark.

Additionally, it is purely speculative as to which defendants may be indicted, or are even under active investigation. Reginald Clark is clearly the main culprit in this case, as he is the individual formerly employed by the Credit Union who had access to the funds and records of the banking entity's members. Assuming this is the focus of the federal investigation, there is no reason to believe that the co-defendants, Derrick Eatmon, Tonia Schuler, Mae Smith, Kenard

4

Walston or Tanya Hubbard are likely to be indicted. This resembles the situation at issue in Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc., 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980), in which the court denied a stay *even after an indictment* because only one defendant was indicted, and it would have imposed an additional unfair burden on the plaintiff to delay its relief against all defendants while awaiting the prosecution of only one.

Because CUMIS faces more harm by maintaining the stay than Mr. Clark does by lifting the stay, this Court should choose the latter action and allow the civil proceeding to continue.

### III.   Mr. Clark Will Not be Unjustly Burdened if the Civil Suit Continues.

As CUMIS is a private entity, not a government subsidiary or agent, and based on the fact that there has not been any reported progress in the institution of the criminal proceeding against Mr. Clark, he will not be burdened if the civil stay were lifted. The courts generally disfavor imposing stays when the government has not brought the civil proceedings. Where the government is involved, the concern is it might use the civil litigation to obtain an unfair discovery advantage in the criminal matter.

Additionally, the government has not indicted Mr. Clark. Courts will not ordinarily grant a stay when no indictment has been handed down. Sterling at 576-77. The reasons for this is because "it is inherently unclear to the Court just how much the unindicted defendant really has to fear." Id. *See also* U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc., 297 F.Supp.2d 531, 534-35 (E.D.N.Y. 2003) (declining to issue a stay, distinguishing several cases where indictments were either issued or pending). The court in A.S. Templeton Group noted that the "[d]efendants' countervailing interest in avoiding the use of their Fifth Amendment privilege is minimal at this time because any parallel criminal proceeding is purely speculative." Id. at 535. Just as in the present case, there is no indictment and no guarantee that

5

the Department of Justice will seek an indictment. As such, Mr. Clark will not be unjustly burdened by the re-institution of the civil matter.

    **IV. The Convenience of the Court in the Management of its Cases, and the Efficient Use of Judicial Resources Weighs in Favor of Lifting the Stay.**

The courts have an interest in avoiding unnecessary stays. "Convenience of the courts is best served when motions to stay proceedings are discouraged…[Stays can] become a source of delay and an interference with judicial administration." A.S. Templeton Group, 297 F.Supp.2d at 535-536, (quoting Arden Way Associates v. Boesky, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987)). In the instant matter, proceeding with the civil suit serves the best interest of the Court.

    **V. The Interests of Both Persons and Entities Not a Party to this Litigation as Well as the Public in General Demand that the Stay be Lifted.**

Both the Credit Union and the public in general would benefit from the continuance of the civil proceeding. With the government not actively pursuing the criminal matter against Mr. Clark, combined with the imposition of the civil stay, an individual responsible for the theft of half a million dollars has been allowed to remain among the general public without fear of reprisal. This is particularly troubling given Mr. Clark's position as an accountant. The public, as well as victims of Mr. Clark's unlawful actions, are owed the knowledge that actions have been undertaken to deter such activities in the future. Thus, the Stay should be lifted and the suit allowed to continue.

    **VI. The Court Should Lift the Stay Because CUMIS Has Made Available All the Relevant Documents for Discovery in this Case.**

The Court should reconsider the stay granted in this matter pursuant to its August 22, 2006 Order (the "Order") as CUMIS has made available to Mr. Clark all relevant documents for discovery in this case. Mr. Clark, on June 8, 2006, the day before his expert witness disclosures

6

were due, sent a request for additional documentation to CUMIS. Mr. Clark requested the following documents by June 16, 2006:

    1. Board of Directors Reports - May 01 thru Dec 03

    2. File Maintenance Ledger (user codes)  May 01 thru Dec 03

    3. Share Draft Job Batch Files sent to Midatlantic Federal Credit   May 01- Dec 03

    4. Ach Transaction Register   May 01- Dec 03

    5. General Ledger Detail for  # 744000, #729110,#729300,# 701010, #729400, # 290000

    6. Ach Policy Procedure Manual (previous/revised)

    7. NCUA Exam for years ending DEC 01 thru DEC 03

    8. Independent Auditor exam performed by Schrienner and Leger   Dec 01- Dec 03

    7. Federal Ach Daily Settlement Activity Report  May 01- Dec 03

    8. General ledger detail acct# 729500  May 01- Dec 03

    Attached as Exhibit B is a copy of the June 8, 2006 e-mail.

On or about August 1, 2006, CUMIS sent to Mr. Clark extensive documentation responsive to the requests numbered 1, 5, 6, 7, and 8. Mr. Clark thereafter reiterated his need to review the financial records of the Credit Union's members as set forth in his remaining additional requests. After the entry of a Protective Order to prevent the dissemination of the sought after records, CUMIS obtained from the Credit Union the sole copy of approximately 52 CD ROMS (the "CDs"), embedded with an internal search program, containing the financial records of the Credit Union's members for the time period requested. CUMIS informed Mr. Clark by electronic mail on August 10, 2006 (attached as Exhibit C is a copy of the August 10, 2006 e-mail), twelve days prior to the entry of the Order staying the civil action, that the CDs

were available for review at the offices of Cochran & Owen, LLC.  CUMIS sent a reminder e-mail on August 17, 2006 (attached as Exhibit D) that the CDs were available for review, to which Mr. Clark responded on August 22, 2006 requesting copies of the CDs.

As the 52 CDs represent the only compilation of the Credit Union's records for the relevant time period, CUMIS was, and still is, unable to turn over the physical CDs to Mr. Clark.  However, CUMIS, in writing, provided the contact information of the data processing service, Galaxy Plus Credit Union Systems, which could create a second, identical version of the CDs sought by Mr. Clark.  CUMIS informed Mr. Clark that a subpoena would be necessary and provided an estimate as to the cost for replicating each CD (a copy of the relevant correspondence is attached as Exhibit E).

Since August 2006, Mr. Clark has not sought to have anyone review the materials at the offices of Cochran & Owen, LLC.  Furthermore, upon information and belief, Mr. Clark has not contacted the data processing service in order to arrange for the production of new, identical copies of the CDs containing the Credit Union's member's financial information.

## Conclusion

The Stay granted by the Court on August 22, 2006 should be lifted for the aforementioned reasons and the Plaintiff should be granted an additional ninety (90) days to complete discovery.

Respectfully submitted,

Dated:  June 27, 2007                         /s/  Ben Selan
Amy S. Owen (D.C. Bar No. 411601)
Ben Selan (D.C. Bar No. 495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Memorandum in Support of Plaintiff's Motion to Lift Stay was served this 27th day of June, 2007, by first class mail, postage prepaid upon:

Reginald Clark
1166 5th Street, NE
Washington, DC  20002-3412

                                                        /s/  Ben Selan
                                                Ben Selan