IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REGINALD CLARK, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:05-cv-01277 <br><br> The Honorable Paul L. Friedman |

### DEFENDANT REGINALD CLARK'S OPPOSITION TO MOTION TO LIFT STAY AND TO CONTINUE STATUS QUO

Defendant Reginald Clark, *pro se*, respectfully submits this opposition to Plaintiff's motion to lift the stay of these civil proceedings and asks that the Court continue the status quo until the resolution of the criminal investigation. Mr. Clark is filing this opposition and request to retain the status quo to safeguard Mr. Clark's constitutional rights.

### Background

On August 22, 2006, this Court entered an Order staying this matter until further order of the Court and requiring the parties to file joint status reports every 90 days after November 21, 2006. Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") filed a Status Report on May 21, 2007 confirming that the criminal investigation of Mr. Clark was still being conducted. On June 19, 2007, the Court invited Plaintiff to file a Motion to Lift Stay, which the Plaintiff did on June 27, 2007.

### Argument

For the same reasons set out in Defendant's Motion for to [*sic*] Stay Proceedings filed by Mr. Clark's previous counsel on July 14, 2006, Mr. Clark requests the Court to continue to stay

**RECEIVED**

JUL  9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

this proceeding until the resolution of Mr. Clark's criminal investigation. A stay of civil discovery until after criminal proceedings are complete will enable Mr. Clark to defend the civil case vigorously without fear of subsequent prosecution. Plaintiff has raised a total of six arguments seeking removal of the stay, none of which have any merit.

First, CUMIS argues that Mr. Clark's Fifth Amendment right not to testify will not be jeopardized if the stay is lifted in this matter. Its argument is wholly without merit. As set forth in Mr. Clark's initial pleading, Mr. Clark will be prejudiced if both the criminal matter and civil matter proceed simultaneously. And discovery responses or deposition responses can be used against Mr. Clark in the criminal investigation. By the same token, if Mr. Clark refuses to testify or respond to discovery, thereby invoking his Fifth Amendment rights, he will be adversely impacted in the civil case. Since the waiver of the right of self-incrimination is generally deemed to be a subject-matter waiver, Mr. Clark is precluded from addressing any of the allegations in the pending civil case without the potential loss of his Fifth Amendment right regarding the entire subject matter. Because CUMIS has acknowledged an ongoing criminal investigation, the stay of this matter should be continued.

Second, CUMIS claims that further delay in the proceeding will detrimentally impact it. That simply is not true. This matter has been stayed since August 22, 2006, and Plaintiffs have not produced any evidence that CUMIS's interests would be unduly injured by continuing to stay the proceeding. Moreover, when balancing the potential detriment to any party, it is clear that Mr.Clark would be most prejudiced if the stay were to be lifted. Thus, CUMIS's argument is purely speculative, and should therefore not be taken in to account.

Third, CUMIS argues that Mr. Clark will not be unjustly burdened if the civil suit continues because CUMIS is not a government subsidiary or agent and based on the fact that

there has not been any reported progress in the institution of the criminal proceeding against Mr. Clark. This argument ignores the fact that there is an ongoing criminal investigation and that CUMIS' interests are aligned with the criminal investigators. Thus, this argument also fails.

Fourth, CUMIS contends that the convenience of the Court in the management of its cases and efficient use of judicial resources weighs in favor of lifting the stay. Indeed, the opposite is true. Continuing to stay this matter pending the resolution of the criminal matter will not require a significant amount of the Court's resources. It will be much more convenient and efficient for the Court to continue to stay the proceedings and require the parties to file joint status reports every six weeks as the Court judiciously ordered on August 22, 2006. This will serve not only the best interests of the Court, but also of the parties. In addition, the outcome of the criminal proceedings could be dispositive to any civil proceeding. As such, the stay must be continued.

Fifth, CUMIS maintains that the interests of both persons and entities not a party to the litigation and the public will be better served by lifting the stay. On page 6 of the Memorandum in Support of Plaintiff's Motion to Lift Stay, CUMIS claims that the government is not actively pursuing the criminal matter against Mr. Clark. However, in Plaintiff's May 21, 2007 Status Report, CUMIS confirmed that the criminal investigation against Mr. Clark was still being conducted. Status Report, p. 2. In light of the serious constitutional ramifications of depriving Mr. Clark of his Fifth Amendment right not to testify, it is in the best interest of the public for the Court to continue to stay this matter.

Finally, CUMIS contends that the Court should lift the stay because CUMIS has made available all the relevant documents for discovery in this case. This reason fails to take in to account the potential harm to Mr. Clark outlined above by lifting the stay in this proceeding. As

3

a result, this particular reason should not be a determinative factor of whether or not to continue to stay the proceedings. CUMIS will not be prejudiced if the matter remains stayed for a reasonable period of time during which the United States Attorney's Office for the District of Columbia may conclude its investigation. Due to the ongoing potential for harm to Mr. Clark by the lifting of the stay and start of discovery, Mr. Clark respectfully requests that this proceeding remain stayed for a reasonable period of time.

### Compliance with Local Civil Rule 7(m)

Pursuant to Local Civil Rule 7(m), Mr. Clark has conducted good faith discussions regarding this Motion to Continue Stay of Proceedings via telephone and CUMIS opposes this motion.

### Conclusion

For the reasons set forth, Mr. Clark requests that this Court continue to stay the proceedings in this matter until resolution of the criminal investigation and schedule a status conference to a date convenient for the court and the parties.

Respectfully submitted,

_____
Reginald Clark (*pro se*)

Dated: July 9, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2007, a copy of Defendant Reginald Clark's Opposition to Motion to Lift Stay and to Continue Status Quo was served electronically via the Court's Electronic Case Filing Service and via U.S. Mail, postage prepaid, upon the following counsel:

Ben Selan
Cochran & Owen, LLC
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia  22182
(703) 847-4480 Telephone
(703) 847-4499 Facsimile

                                                  Reginald Clark, *pro se*