IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:05cv01277 (PLF)(DAR) |
| v. ) | |
| ) | |
| REGINALD CLARK, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY

Defendant Reginald Clark's (hereinafter, "Defendant Clark") opposition to CUMIS' Motion to Lift Stay fails to raise facts sufficient to demonstrate that there is any real threat that the civil action will interfere with any criminal investigation that may or may not be taking place. In addition, Defendant Clark has demonstrated by filing his response that he has the means to defend himself in this action and has simply ignored prior court orders to prepare status reports or appear at status hearings. Finally, Defendant Clark's opposition demonstrates that it is in the public interest to allow this matter to proceed or at a minimum require Defendant Clark to post a significant bond to protect CUMIS during any stay.

**The Civil Proceeding Will Not Interfere with the Criminal Investigation**

Defendant Clark has not articulated any facts to support his claim that he will be harmed by the civil proceeding. Defendant Clark tries to rely on CUMIS' representation that it believes there may still be a criminal investigation and its knowledge from the court records that there has been no indictment. Defendant Clark, on the other hand, has criminal counsel and presumably is aware of the status of the criminal investigation. Defendant Clark has carefully chosen not to provide any information to the court about his personal knowledge of the status of the criminal

1

investigation.   Defendant Clark cannot have it both ways.  Without information suggesting the criminal investigation is active, CUMIS and this court should be entitled to draw the inference that no indictment is imminent. See generally, *Sterling National Bank v. A-1 Hotels International, Inc.*, 175 F.Supp.2d 572, 575 (S.D.N.Y. 2001) (stating that it is unclear as to how much the unindicted defendant has to fear in proceeding with the civil suit); *U.S. Commodity Futures Trading Commission v. A.S. Templeton Group, Inc.*, 297 F.Supp.2d 531, 534-35 (E.D.N.Y. 2003) ("[d]efendants' countervailing interest in avoiding the use of their Fifth Amendment privilege is minimal… because any parallel criminal proceeding is purely speculative."); *United States, ex rel. Westrick v. Second Chance*, 2007 U.S. Dist. LEXIS 23917, quoting *Gordon v. Fed. Deposit Ins. Corp.*, 138 U.S. App. D.C. 308 ("…there is no presumption favoring a preindictment stay of a parallel action until the conclusion of criminal proceedings."). Indeed, the court in *Barry Farm Resident Council, Inc. v. U.S. Dept. of Navy*, 1997 U.S. Dist. LEXIS 2754 (D.D.C. Feb. 18, 1997), found that in the absence of criminal indictments, the harm to the defendants in a parallel criminal proceeding was purely speculative and stated that "[i]f and when criminal indictments are filed, and Fifth Amendment issues arise, there will be time enough to deal with the problems they might cause."  As there is no indication of immediate harm to Defendant Clark, and based on the relevant case history, the stay should be lifted.

Defendant Clark's arguments regarding his Fifth Amendment rights and their affect on any criminal matter are moot.  Defendant Clark states that "if [he] refuses to testify or respond to discovery, thereby invoking his Fifth Amendment rights, he will be adversely impacted in the civil case."  Defendant Clark has already refused to be deposed and sought protection of his Fifth Amendment rights.  Attached as Exhibit A is a letter from his former civil counsel, confirming Defendant Clark's refusal to participate in depositions.  As Defendant Clark already raised his

Fifth Amendment rights, there is no further need to protect his invocation of the same by staying the civil action further.

### Defendant has the Ability to Move Forward with the Civil Litigation

Defendant Clark argues the potential harm he faces from a lift of the stay is too great to allow the civil proceeding to proceed.  However, he fails to note that the Court's order granting his Motion to Stay specifically stated that it would be willing to reconsider the stay if CUMIS' subrogor, Hoya Federal Credit Union (the "Credit Union"), made available all relevant documents for discovery.  Defendant Clark's decision not to avail himself of the requested items only further evidences his disregard for the civil matter.  This is enforced by the fact that Defendant Clark has failed to join any of the most recent "Joint" Status Reports and goes in favor of lifting the stay.

As demonstrated by his opposition, Defendant Clark clearly has the ability to actively participate in the civil matter.   He retained counsel and dodged and challenged service for months to stall this case initially.   His current filings and motions are strategically in place for further delay and he is obviously being instructed on how to proceed.  Defendant Clark's criminal counsel left a telephone message with CUMIS' counsel to discuss his intention to file an opposition to the Motion to Lift Stay.  While that counsel did not notice his appearance, Defendant Clark obviously had counsel at least assist in the preparation of the Opposition to Lift Stay and to Continue Status Quo.   Defendant Clark attests that he complied with Local Civil Rule 7(m) by conducting good faith discussions via telephone,[1] but his criminal counsel failed to return CUMIS' messages on the subject. Although the D.C. Rules of Professional Conduct do

---

[1] CUMIS is not even aware of Mr. Clark's current telephone number, which mysteriously does not appear on his Opposition.

3

not require an attorney who assists *pro se* litigants in preparing court papers to place their names on the documents.  (D.C. Rule 1.2), Mr. Clark is hardly a typical *pro se* litigant.

**Any Stay Unfairly Prejudices CUMIS and is Not in the Public Interest**

Allowing Defendant Clark to continue his affairs without concern for either the criminal or civil proceeding serves a great injustice to the public and the affected parties.  The *Second Chance* court, when confronted with a similar situation as in the present case, stated that "[t]he public interest in proceeding with an important civil enforcement matter that has already been filed seems to outweigh speculation about if and when an indictment will be returned."  This matter has already been pending for two years.  Defendant Clark was a trusted employee at Hoya Federal Credit Union and during his employment stole half a million dollars.   Although he cannot work at another credit union because of the bond payment, there is nothing in place to protect other companies or individuals from again placing him in this trusted position.

Furthermore, while CUMIS is able to trace some funds to accounts in Defendant Clark's name, it does not yet know what he did with the remaining funds.  With each passing year, CUMIS is being prejudiced as Defendant Clark disposes of the money he has stolen.  At a minimum, if the court considers any stay it should condition such an action upon Defendant Clark posting a bond for no less than Three Hundred Thousand Dollars ($300,000) pending the outcome of litigation.

**Conclusion**

For the reasons stated herein, and for any other reasons that the Court deems just and proper, the Court should enter an appropriate order lifting the stay currently in place in this matter.  Alternatively, the Court should condition any continuing stay on Defendant Clark posting a bond or otherwise pledging assets sufficient to satisfy a judgment in this case.

                                      Respectfully submitted,

Dated:  July 16, 2007                         /s/  Ben Selan
                                      Amy S. Owen (D.C. Bar No. 411601)
                                      Ben Selan (D.C. Bar No. 495232)
                                      Cochran & Owen, LLC
                                      8000 Towers Crescent Drive, Suite 160
                                      Vienna, VA  22182
                                      (703) 847-4480 (office)
                                      (703) 847-4499 (facsimile)

                                      Attorneys for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing Reply Memorandum in Support of Plaintiff's Motion to Lift Stay was served this 16th day of July, 2007 by first class mail, postage prepaid upon:

Reginald Clark<br>
1166 5th Street, NE<br>
Washington, DC  20002-3412

                                        /s/ Ben Selan
                                        Ben Selan