UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC.,

  Plaintiff,

  v.

REGINALD CLARK, et al.,

  Defendants.

Civil Action No. 05-1277
PLF/DAR

# ORDER

Defendant Reginald Clark's Motion to Compel Production of Documents (Document No. 39) is pending for determination by the undersigned. In it, Defendant Clark seeks to compel Plaintiff to produce documents responsive to Defendant Clark's discovery requests which Plaintiff withheld on the ground that "the documents belong to [Hoya Federal Credit Union, Plaintiff's insured] [.]" Defendant Clark's Motion to Compel at 2. Defendant Clark submits that the position taken by Plaintiff "runs afoul of Fed R. Civ. P. 34(a), which provides that a party is required to produce documents which are 'in the possession, custody or control of the party[,]'" and that Plaintiff, which claims a right of subrogation on behalf of its insured, "has the legal right, authority or ability to obtain these documents upon demand from [Hoya]." *Id.*

Plaintiff, in its opposition, maintains that "[it] is not in the 'possession, custody or control' of the requested materials as Hoya, [its] insured, is no longer in 'possession, custody or control' of the documents[,]" since "[a]s part of its investigation, the FBI petitioned, and received, all of Hoya's information and documentation pertaining to [Plaintiff]." Opposition of

CUMIS Insurance Society, Inc. v. Clark, et al.                                                                            2

Plaintiff CUMIS Insurance Society, Inc. to Defendant Reginald Clark's Motion to Compel Discovery (Docket No. 40) at 4;[1] *see also id.* at 3.

Defendant Clark, in his reply, observes that "[n]owhere does CUMIS allege that it is not able to obtain the requested documents from the FBI or that it did not maintain a copy of the documents." Reply Memorandum in Support of Defendant's Motion to Compel Production of Documents (Document No. 42) at 2.

Upon consideration of Defendant Clark's motion to compel, the memoranda in support thereof and in opposition thereto and the entire record herein, the motion will be granted for the reasons offered by Defendant Clark. More specifically, the undersigned finds that Plaintiff has not shown that the responsive documents are not in its "possession, custody or control[.]" *See* FED.R.CIV.P. 34(a). While Plaintiff submits that "the FBI petitioned, and received, all of Hoya's information and documentation pertaining to Mr. Clark[,]" *see* Plaintiff's Opposition at 4, Plaintiff does not suggest that it lacks "control" of the documents, or that it neglected to maintain a copy of the documents.[2] The undersigned finds that the only authority which Plaintiff cites–a 45-year-old Fifth Circuit decision which appears to hold that an insurer does not have an absolute duty to produce documents in the possession and control of an insured–is inapposite, since Plaintiff does not proffer that Hoya has any responsive documents in its possession and control. *See* Plaintiff's Opposition at 4.

---

[1] In its opposition to the motion to compel, Plaintiff also claims that Defendant Clark's requests are "unduly burdensome to both CUMIS and Hoya Federal Credit Union[.]" *Id.* at 2. However, Plaintiff did not object on this ground in its responses to Defendant Clark's requests for production of documents. *See* Motion to Compel, Exhibit 1.

[2] Plaintiff makes no effort to support its belated claim that production of the responsive documents would be unduly burdensome, and offers only the conclusory assertion that the requested discovery should be precluded on that ground. Plaintiff's Opposition at 2-4; *see also* n. 1, *supra.*

CUMIS Insurance Society, Inc. v. Clark, et al.                                                                                          3

      For the foregoing reasons, it is, this 24th day of August, 2007,

      **ORDERED** that Defendant Clark's Motion to Compel Production of Documents (Document No. 39) is **GRANTED,** and that Plaintiff shall, without objection, produce all documents responsive to Defendant Clark's requests for production of documents no later than September 10, 2007.

                                                                     /s/
                                                   DEBORAH A. ROBINSON
                                                   United States Magistrate Judge