IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CUMIS INSURANCE SOCIETY, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>)<br>**REGINALD CLARK, et al.** )<br>)<br>**Defendants.** )<br>_____) | Civil Action No.: 1:05cv01277(PLF)(DAR)<br>Next Event: Status Conference<br>October 11, 2007 |

### CUMIS INSURANCE SOCIETY, INC'S
### MOTION TO RECONSIDER AND MODIFY
### ORDER GRANTING MOTION TO COMPEL

The Plaintiff, CUMIS Insurance Society, Inc. ("CUMIS"), by its counsel, hereby moves the Court to reconsider its Order entered on August 24, 2007, compelling the production of documents no later than September 10, 2007. Among other things, the defendant, Reginald Clark has refused to respond to correspondence and e-mails in order to coordinate the delivery of available information previously produced to his counsel. Further, defendant has already indicated that he will not review available electronic information, adding an additional burden and expense to CUMIS.

Accordingly, CUMIS requests that this Court enter an appropriate order requiring Defendant Reginald Clark to communicate with CUMIS to obtain delivery of the documents, extending the time to propound the requested documents and requiring the Defendant, Reginald Clark to pay for the costs incurred in the production of said documents.

1

Respectfully submitted,

Dated: September 10, 2007
_____/s/ Ben Selan_____
Amy S. Owen (D.C. Bar No. 411601)
aowen@cochranowen.com
Ben Selan (D.C. Bar No. 495232)
bselan@cochranowen.com
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Cumis Insurance Society, Inc's Motion To Reconsider And Modify Order Granting Motion To Compel was served this 10th day of September, 2007, by first class mail, postage prepaid upon:

Reginald Clark
1166 5th Street, N.E.
Washington, DC 20002


                                            /s/ Ben Selan
                                       Ben Selan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:05cv01277 (PLF) (DAR) |
| v. ) | Next Event: Status Conference |
| ) | October 11, 2007 |
| REGINALD CLARK, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF CUMIS INSURANCE SOCIETY, INC'S
MOTION TO RECONSIDER AND MODIFY
THE ORDER GRANTING THE MOTION TO COMPEL**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS"), by counsel, respectfully submits the following memorandum in support of CUMIS Insurance Society, Inc.'s Motion Reconsider and Modify the Order Granting the Motion to Compel in the above-captioned matter.

**Background**

On July 18, 2007, the Court granted Plaintiff's Motion to Lift the Stay set in place in this matter. Subsequently, on August 23, 2007, at the conclusion of a scheduled status conference, the Court reopened discovery until November 12, 2007. At that time, the Court also took under advisement a pre-existing Motion to Compel the Production of Documents filed by the Defendant, Mr. Reginald Clark (the "Defendant") on July 14, 2006, prior to the imposition of the stay. In its opposition to the Motion to Compel, CUMIS made it clear that material responsive to the document requests underlying the Motion to Compel were made available to the Defendant, but the Defendant did not review the information. On August 24, 2007, the Court granted Defendant's Motion to Compel and ordered that the production of documents responsive to the

Defendant's requests be tendered no later than September 10, 2007. A copy of the Order is attached as Exhibit A.

Since the issuance of the August 24, 2007 order, CUMIS has several attempts to contact the Defendant regarding the responsive documents, without success. Without the ability to contact the Defendant telephonically, CUMIS' counsel sent correspondence on August 27, 2007, by first class mail, and electronically to the e-mail account provided by the Defendant to the Court, regarding available documents. Having received no response, an additional e-mail was sent on September 7, 2007 in an attempt to arrange for the delivery of the available materials. Additionally, CUMIS has been in contact with Hoya Federal Credit Union (the "Credit Union") about any supplemental documentation that may be responsive to Mr. Clark's requests.

## Discussion

I. **The Court Should Modify its Order of August 24, 2007 to Allow CUMIS Additional Time to Produce the Requested Documentation and Coordinate the Tender of the Materials.**

The Defendant's failure to participate in the discovery process by ignoring CUMIS' attempts to coordinate the delivery of available materials and by refusing to review available information has led to the frustration of CUMIS' ability to comply with the Court's Order.

   A. **The Defendant has Failed to Respond to CUMIS' Requests to Coordinate the Delivery of Available Materials.**

CUMIS, promptly after receiving the Court's August 24, 2007 Order, attempted to contact the Defendant regarding available discovery materials by sending correspondence on August 27, 2007, by first class mail, and electronically to the e-mail account provided by the Defendant to the Court, regarding available documents. An additional e-mail was sent on September 7, 2007 in an attempt to arrange for the delivery of the requested materials in CUMIS' possession. (copies of the correspondence and e-mail requests are attached as Exhibit

2

B). The Defendant's failure to respond CUMIS' correspondence has frustrated the delivery of discovery materials. The materials, approximately one thousand three-hundred (1,300) pages of documents, contain highly-sensitive account information which cannot simply be left at a location unsecured.

CUMIS requests that the court modify the Order to reflect that CUMIS must only give a date, place and time certain for the availability of materials for Mr. Clark to pick up and confirm receipt of the confidential account records. Alternatively, CUMIS can deliver the materials but only to a confirmed location and time for delivery so that it can insure third parties will not have access to the documents.

    **B.    The Defendant has Refused to Review Available Materials Containing Relevant Information While Requesting Additional Materials Which May or May Not Exist.**

Mr. Clark, through prior counsel, requested the following documents by June 16, 2006:

    1. Board of Directors Reports - May 01 thru Dec 03

    2. File Maintenance Ledger (user codes)  May 01 thru Dec 03

    3. Share Draft Job Batch Files sent to Midatlantic Federal Credit   May 01- Dec 03

    4. Ach Transaction Register   May 01- Dec 03

    5. General Ledger Detail for  # 744000, #729110,#729300,# 701010, #729400, # 290000

    6. Ach Policy Procedure Manual (previous/revised)

    7. NCUA Exam for years ending DEC 01 thru DEC 03

    8. Independent Auditor exam performed by Schrienner and Leger   Dec 01- Dec 03

    7. Federal Ach Daily Settlement Activity Report  May 01- Dec 03

    8. General ledger detail acct# 729500  May 01- Dec 03

3

A copy of the June 8, 2006 e-mail is attached as Exhibit C.

CUMIS subsequently obtained from the Credit Union the sole copy of approximately 52 CD ROMS, embedded with an internal search program, containing the financial records of the Credit Union's members for the time period requested. Information on the CD ROMS is responsive to the items requested by the Defendant. At no time did the Defendant seek to review any of the materials contained on the CD ROMS, despite their availability to the Defendant since 2006.

The CD ROMS contain a record of the Credit Union's ACH and share draft transactions, among other items, initially recorded in paper medium. See Affidavit of Hazel Logan, ¶ 10, Attached as Exhibit D. The Defendant has ignored the opportunity to review the information contained on the CD ROMS, and instead seeks to review the underlying, original, paper documents for the period of May 2001 through December 2003. The daily ACH Transaction register is a document approximately 3-5 pages in length, produced on a daily basis. Likewise, the share draft transactions are also recorded in a daily report of 3-5 pages in length. Exhibit C, ¶ 10. As a result, the Defendant is seeking the production of approximately thirty-one (31) months of paper documentation which is also contained in a readily available electronic format. The total production estimate is approximately five-thousand (5,000) to six-thousand (6,000) pages of material.

The Credit Union maintains, at an off-site location, an archive of the work created by the staff on a daily basis. Exhibit C, ¶ 9. However, the Credit Union believes that the Defendant destroyed many of the underlying documents he is now seeking to review prior to his termination from the Credit Union. Exhibit C, ¶ 11. Because the Credit Union maintains an on-line system and all information is maintained on a hard drive with the Data Processor Galaxy Plus S (Exhibit

4

C, ¶¶ 4-5), the CD ROMS likely present the best available opportunity for the Defendant to review the information he has requested.

CUMIS believes the defendant is seeking to place undue burden on CUMIS in order to further delay the resolution of this matter and to increase the costs of discovery. The CD ROMS are available with the information he seeks. The burden of retrieving and copying the underlying documents will be excessive. Accordingly, CUMIS requests that the court require Mr. Clark to pay for the search time and costs of copying this documentation from the Credit Union's archives. The Credit Union also requests that it be given additional time to perform the search and production.

## II. The Defendant Should Be Financially Responsible for Obtaining the Archived Documentation.

The Defendant, Reginald Clark, should be ordered to reimburse CUMIS for the funds expended to obtain the requested documentation due to the undue burden placed upon CUMIS to provide Defendant with documents readily available by alternative means. In the event discovery requests impose an undue burden or expense upon the producing party, the "district courts are specifically empowered to enter protective orders conditioning the request or requiring the requesting party to pay the expenses of production." *In re Fialurdine ("FIAU") Products Liability Litigation*, 163 F.R.D. 386, 388 (D.D.C. 1995) (citing *Celanese Corp. v. E.I. duPont de Nemours & Co.*, 58 F.R.D. 606 (D. Del. 1973). In the present case, the Defendant is requesting materials which may not even exist or which are obtainable in electronic format. As such, any expense incurred by CUMIS in the production of these documents should be born by the Defendant, Reginald Clark.

IV. **Conclusion**

For the reasons stated above, the Court should modify its August 24, 2007 Order and grant CUMIS additional time to respond to the Defendant's discovery requests. Furthermore, Defendant Reginald Clark should bear the financial responsibility of the costs incurred by CUMIS in complying with his discovery requests.

                         Respectfully submitted,

Dated: September 10, 2007                /s/ Ben Selan
                                        Amy S. Owen (D.C. Bar No. 411601)
                                        aowen@cochranowen.com
                                        Ben Selan (D.C. Bar No. 495232)
                                        bselan@cochranowen.com
                                        Cochran & Owen, LLC
                                        8000 Towers Crescent Drive, Suite 160
                                        Vienna, VA 22182
                                        (703) 847-4480 (office)
                                        (703) 847-4499 (facsimile)

                                        Attorneys for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum in Support of CUMIS Insurance Society, Inc.'s Motion to Reconsider and Modify the Order Granting the Motion to Compel was served this 10th day of September, 2007, by first class mail, postage prepaid upon:

> Reginald Clark
> 1166 5th Street, N.E.
> Washington, DC 20002

/s/ Ben Selan
Ben Selan