UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC.,

Plaintiff,

v.

REGINALD CLARK, et al.,

Defendants.

Civil Action No. 05-1277
PLF/DAR

## ORDER

Defendant Reginald Clark's Motion to Compel Production of Documents (Document No. 39) is pending for determination by the undersigned. In it, Defendant Clark seeks to compel Plaintiff to produce documents responsive to Defendant Clark's discovery requests which Plaintiff withheld on the ground that "the documents belong to [Hoya Federal Credit Union, Plaintiff's insured] [.]" Defendant Clark's Motion to Compel at 2. Defendant Clark submits that the position taken by Plaintiff "runs afoul of Fed R. Civ. P. 34(a), which provides that a party is required to produce documents which are 'in the possession, custody or control of the party[,]'" and that Plaintiff, which claims a right of subrogation on behalf of its insured, "has the legal right, authority or ability to obtain these documents upon demand from [Hoya]." *Id.*

Plaintiff, in its opposition, maintains that "[it] is not in the 'possession, custody or control' of the requested materials as Hoya, [its] insured, is no longer in 'possession, custody or control' of the documents[,]" since "[a]s part of its investigation, the FBI petitioned, and received, all of Hoya's information and documentation pertaining to [Plaintiff]." Opposition of



CUMIS Insurance Society, Inc. v. Clark, et al.                                                                                              2

Plaintiff CUMIS Insurance Society, Inc. to Defendant Reginald Clark's Motion to Compel Discovery (Docket No. 40) at 4;[1] *see also id.* at 3.

Defendant Clark, in his reply, observes that "[n]owhere does CUMIS allege that it is not able to obtain the requested documents from the FBI or that it did not maintain a copy of the documents." Reply Memorandum in Support of Defendant's Motion to Compel Production of Documents (Document No. 42) at 2.

Upon consideration of Defendant Clark's motion to compel, the memoranda in support thereof and in opposition thereto and the entire record herein, the motion will be granted for the reasons offered by Defendant Clark. More specifically, the undersigned finds that Plaintiff has not shown that the responsive documents are not in its "possession, custody or control[.]" *See* FED.R.CIV.P. 34(a). While Plaintiff submits that "the FBI petitioned, and received, all of Hoya's information and documentation pertaining to Mr. Clark[,]" *see* Plaintiff's Opposition at 4, Plaintiff does not suggest that it lacks "control" of the documents, or that it neglected to maintain a copy of the documents.[2] The undersigned finds that the only authority which Plaintiff cites–a 45-year-old Fifth Circuit decision which appears to hold that an insurer does not have an absolute duty to produce documents in the possession and control of an insured–is inapposite, since Plaintiff does not proffer that Hoya has any responsive documents in its possession and control. *See* Plaintiff's Opposition at 4.

---

[1] In its opposition to the motion to compel, Plaintiff also claims that Defendant Clark's requests are "unduly burdensome to both CUMIS and Hoya Federal Credit Union[.]" *Id.* at 2. However, Plaintiff did not object on this ground in its responses to Defendant Clark's requests for production of documents. *See* Motion to Compel, Exhibit 1.

[2] Plaintiff makes no effort to support its belated claim that production of the responsive documents would be unduly burdensome, and offers only the conclusory assertion that the requested discovery should be precluded on that ground. Plaintiff's Opposition at 2-4; *see also* n. 1, *supra*.

CUMIS Insurance Society, Inc. v. Clark, et al.                                                                                  3

For the foregoing reasons, it is, this 24th day of August, 2007,

**ORDERED** that Defendant Clark's Motion to Compel Production of Documents (Document No. 39) is **GRANTED,** and that Plaintiff shall, without objection, produce all documents responsive to Defendant Clark's requests for production of documents no later than September 10, 2007.

 

 

                                                                                                       /s/
                                                                                           DEBORAH A. ROBINSON
                                                                                           United States Magistrate Judge

**Benje Selan**

**From:** Benje Selan
**Sent:** Monday, August 27, 2007 4:59 PM
**To:** 'rc228@georgetown.edu'
**Subject:** CUMIS v. Clark

Mr. Clark,

Pursuant to Judge Robinson's Order, dated August 24, 2007, please contact me to arrange for the delivery of the requested materials. You may reach me at (703) 847-4494.

A copy of correspondence sent August 27, 2004 requesting the same action is attached.

Sincerely,

Ben Selan
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182

(703) 847-4494 (phone)
(703) 847-4499 (fax)

www.cochranowen.com

EXHIBIT
B

9/8/2007



| Admitted in VA & DC | COCHRAN & OWEN | bselan@cochranowen.com<br>direct dial: 703-847-4494 |
|---|---|---|

August 27, 2007

<u>VIA FIRST CLASS AND ELECTRONIC MAIL</u>

Reginald Clark
1166 5th Street, N.E.
Washington, D.C. 20002

    Re:    CUMIS Insurance Society, Inc. v. Reginald Clark, et al.
            Case No.: 1-05CV01277

Mr. Clark,

    Pursuant to Judge Robinson's Order dated August 24, 2007 please contact me to arrange for the delivery of the requested materials. You may reach me telephonically at (703) 847-4494 or through e-mail: bselan@cochranowen.com.

    Please contact me as soon as possible.

                              Sincerely,

                              Ben Selan

Dedicated to efficient and effective legal solutions

COCHRAN & OWEN, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, Virginia 22182-2700
p:(703)847-4430 • f:(703)847-4499 • www.cochranowen.com

# Benje Selan

**From:** Benje Selan
**Sent:** Friday, September 07, 2007 4:41 PM
**To:** 'rc228@georgetown.edu'
**Subject:** CUMIS v. Clark

Mr. Clark,

I am still awaiting contact from you regarding the documents you have requested which are in my possession (roughly 1300 documents). These documents include confidential information, including account numbers and, as such, will not be left at your home without someone present.

Sincerely,

Ben Selan
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182

(703) 847-4494 (phone)
(703) 847-4499 (fax)

www.cochranowen.com

9/8/2007

**Benje Selan**

**From:** David W. Lease [dlease@slglaw.com]
**Sent:** Thursday, June 08, 2006 10:47 AM
**To:** Benje Selan
**Subject:** Discovery and Expert Designation

Ben

In review the documents provided by your client, I have been advised that the following documents are needed and would be responsive to the document request:

1. Board of Directors Reports - May 01 thru Dec 03

2. File Maintenance Ledger (user codes)  May 01 thru Dec 03

3. Share Draft Job Batch Files sent to Midatlantic Federal Credit   May 01- Dec 03

4. Ach Transaction Register   May 01- Dec 03

5 General Ledger Detail for  # 744000, #729110,#729300,# 701010, #729400
         # 290000

6. Ach Policy Procedure Manual (previous/revised)

7. NCUA Exam for years ending DEC 01 thru DEC 03

8 Independent Auditor exam performed by Schrienner and Leger   Dec 01- Dec 03

7. Federal Ach Daily Settlement Activity Report  May 01- Dec 03

8. General ledger detail acct# 729500  May 01- Dec 03

Given that I do not have these documents, I would request an additional extension for my expert designation until June 30, 2006 assuming I you can provide these documents by next Thursday.  Please call me if you have any questions or comments.

Best regards,

David W. Lease
Smith, Lease & Goldstein,LLC
11 North Washington Street
Suite 520
Rockville, Maryland 20850
Phone: (301) 838-8950
Fax: (301) 838-0322
email: dlease@slglaw.com



EXHIBIT C

9/8/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC.    )
                                 )
        Plaintiff,               )
                                 )    Civil Action No.: 1:05cv01277 (PLF) (DAR)
v.                               )    Next Event: Status Conference
                                 )                October 11, 2007
                                 )
REGINALD CLARK, et al.           )
                                 )
        Defendants.              )
_____)

## AFFIDAVIT OF HAZEL LOGAN

I, Hazel Logan, hereby state and affirm that the following is true and accurate to the best of my knowledge and belief.

1. I am the President of Hoya Federal Credit Union (the "Credit Union").

2. The Credit Union is located at 3700 Reservoir Road, N.W in Washington D.C.

3. The financial records of the Credit Union's members are maintained in CD-ROM format.

4. The CD-ROMs are created by Galaxy Plus Credit Union Systems, a specialized data processing company based in Michigan.

5. Galaxy Plus Credit Union Systems converts the financial records to electronic form for copying to the CD-ROM and embeds an internal search program on each CD-ROM.

6. The financial records requested by Mr. Clark, from May 2001 through December 2003, are contained on fifty-two (52) CD-ROMs.

7. The fifty-two CD-ROMs contain the financial information for every member of Hoya Federal Credit Union for the requested time period.

8. The fifty-two (52) CD-ROMs contain Ach and share draft transactional reports.

9. All staff work product, created on a daily basis, is kept at the Nation's Capital Archives located in Woodbridge, VA.



EXHIBIT D

10. The daily Ach transaction register and the share draft transactions are each recorded daily in separate reports approximately 3 to 5 pages in length.

11. It is my belief that much of the Ach and share draft documentation prepared in paper format was destroyed by Reginald Clark prior to his termination from Hoya Federal Credit Union.

_Hazel Logan_ (signature)
Hazel Logan

DISTRICT OF COLUMBIA :

I, the undersigned, a Notary Public in and for the aforesaid jurisdiction, do hereby certify that HAZEL LOGAN, whose name is signed to the foregoing Affidavit, has signed and acknowledged the same before me in my said jurisdiction.

Given under my hand and seal this ___ day of September, 2007.

_____
Notary Public

My Commission Expires: KATRECIA O. BANKS
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires March 5, 2011