UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>REGINALD CLARK, et al.,<br><br>   Defendants. | Civil Action No. 05-1277<br>PLF/DAR |

**SUPPLEMENTAL ORDER**

The purpose of this Order is to advise *pro se* Defendant Reginald Clark of his obligations under the Federal Rules of Civil Procedure and the rules of this Court, in accordance with the dictates of this Circuit. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Ham v. Smith, 653 F.2d 628 (D.C. Cir. 1981); Hudson v. Hardy, 412 F.2d 1091 (D.C. Cir. 1968).

The undersigned scheduled a status hearing with respect to the conduct of discovery for October 18, 2007. Although the undersigned set the date and time of the hearing in open court in the presence of Plaintiff's counsel and Defendant Clark, Defendant Clark did not appear.[*] Counsel for Plaintiff advised at that time that he intended to file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant Clark's attention is directed to Rules 56(c) of the Federal Rules of Civil Procedure, which states, in pertinent part:

---

[*] The undersigned has since been advised that Defendant Clark left at least one message on the voicemail of the Deputy Clerk of Court assigned to this court's calendar, in which he stated that a family medical emergency precluded his attendance.

Cumis v. Clark, et al.                                                                                                                       2

> The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

FED. R. CIV. P. 56(c). In addition, Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be attached
> thereto or served therewith. The court may permit affidavits to be
> supplemented or opposed by depositions, answers to interrogatories,
> or further affidavits. When a motion for summary judgment is made
> and supported as provided in this rule, an adverse party may not rest
> upon the mere allegations or denials of the adverse party's pleading,
> but the adverse party's response, by affidavits or as otherwise provided
> in this rule, must set forth specific facts showing that there is a genuine
> issue for trial. **If the adverse party does not so respond, summary
> judgment, if appropriate, shall be entered against the adverse party.**

FED. R. CIV. P. 56(e) (emphasis added).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a
> statement of material facts as to which the moving party contends
> there is no genuine issue, which shall include references to the
> parts of the record relied on to support the statement. <u>An opposition
> to such a motion shall be accompanied by a separate concise
> statement of genuine issues setting forth all material facts as to which
> it is contended there exists a genuine issue necessary to be litigated</u>,
> which shall include references to the parts of the record relied on to
> support the statement. Each such motion and opposition must also
> contain or be accompanied by a memorandum of points and authorities
> required by sections (a) and (b) of this Rule. **In determining a motion
> for summary judgment, the court may assume that facts identified
> by the moving party in its statement of material facts are admitted,
> unless such a fact is controverted in the statement of genuine**

**issues filed in opposition to the motion.**

LCvR 7(h) (emphasis added).  Any factual assertions in the Plaintiff's affidavits may be accepted by the court as being true unless Defendant Clark submits his own affidavits or other evidence contradicting the assertions.  <u>Neal v. Kelly</u>, 963 F.2d 453, 457 (D.C. Cir. 1992).

Finally, Defendant Clark is advised that he must comply with the scheduling order entered by the court at the October 18, 2007 status hearing.


October 19, 2007                                             /s/
                                                                    DEBORAH A. ROBINSON
                                                                    United States Magistrate Judge