IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CUMIS INSURANCE SOCIETY, INC. )
 )
  Plaintiff, )
 ) **Civil Action No.: 1:05cv01277 (PLF) (DAR)**
v. ) **Next Event: Close of Discovery**
 )   **11/12/2007**
REGINALD CLARK, et al. )
 )
  Defendants. )
_____)

## CUMIS INSURANCE SOCIETY, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR DEFAULT JUDGMENT, AGAINST DEFENDANT REGINALD CLARK

Plaintiff CUMIS Insurance Society ("CUMIS"), by counsel and pursuant to Fed. R.

Civ. P. 56 moves this Court for an Order granting Plaintiff Summary Judgment.

Alternatively, pursuant to Fed. R. Civ. P. 37, CUMIS seeks the entry of Default Judgment

against Reginald Clark based on his failure to participate in this proceeding. In support

hereof, CUMIS refers the Court to the attached memorandum of points and authorities and

statement of facts not in dispute.

Respectfully submitted,

_____/s/ Amy S. Owen_____
Amy S. Owen (Bar #411601)
Ben Selan (Bar #495232)
Cochran and Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Phone: 703-847-4480
Fax:    703-847-4499

Counsel for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff Cumis Insurance Society Inc.'s Motion For Summary Judgment Or, In The Alternative, Motion For Default Judgment, Against Defendant Reginald Clark was served this 8th day of November, 2007, by electronic mail and first class mail, upon:

Reginald Clark
1166 5th Street, N.E.
Washington, DC 20002
Rc228@georgetown.edu


_____ /s/ Amy S. Owen _____
Amy S. Owen

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CUMIS INSURANCE SOCIETY, INC.    )
                              )
         Plaintiff,              )
                              )     Civil Action No.: 1:05cv01277 (PLF)(DAR)
v.                            )     Next Event:   Close of Discovery
                              )                 11/12/2007
REGINALD CLARK, et al.         )
                              )
         Defendants.        )
_____)

**MEMORANDUM IN SUPPORT OF CUMIS INSURANCE SOCIETY'S MOTION FOR**
**SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR DEFAULT**
**JUDGMENT AGAINST DEFENDANT REGINALD CLARK**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS") respectfully submits the following memorandum in support of Plaintiff's Motion for Summary Judgment or, in the Alternative, Motion for Default Judgment against Defendant Reginald Clark (the "Defendant Clark") in the above-captioned matter.

**Procedural History**

On March 17, 2006, CUMIS filed a Complaint in the United States District Court for the District of Columbia alleging, fraud, breach of fiduciary duty, and unjust enrichment against Defendant Clark and those who received or benefited from the stolen funds. During the course of the suit, Defendant Clark stated that it was his intent to invoke his Fifth Amendment right and privilege against self incrimination and would not appear for a deposition. Defendant Clark's original counsel, on July 14, 2006, then filed a Motion to Stay the proceedings based on the fact that a criminal investigation was currently underway regarding his illicit activities at the Hoya Federal Credit Union, CUMIS' insured. The Court granted the Motion on August 22, 2006,

stating that it would reconsider the stay if the Credit Union would make available all relevant documents in discovery.

On or about June 27, 2007, nearly one year after the Court imposed stay, the court granted CUMIS' Motion to Lift the Stay. Defendant Clark, who had failed to participate in the filing of any Court mandated Status Reports during the stay, did not appear at the initial Status Conference following the lifting of the stay. Defendant Clark appeared at the subsequent Status Conference, on August 20, 2007 during which discovery limitations and deadlines were set. The Court, thereafter, granted Defendant Clark's Motion to Compel Discovery, initially filed prior to the imposition of the Stay. Despite CUMIS' many attempts to contact Defendant Clark and arrange for the delivery and review of the relevant materials, Mr. Clark did not arrange for the delivery of the items until early October.

On September 6, 2007, CUMIS forwarded Requests for Admissions (a copy of the Request for Admissions is attached as exhibit A) to Defendant Clark. Interrogatories and Requests for Production of Documents, followed on October 6, 2007, and CUMIS noticed Defendant Clark's deposition for October 9, 2007 (a copy of the Deposition Notice is attached as Exhibit B). Defendant Clark failed to respond to the Requests for Admissions. Defendant Clark also failed to appear for his deposition despite verbal communication with CUMIS' counsel days prior to the event. Finally, Defendant Clark failed to appear at the rescheduled Status Conference on October 18, 2007, a date Defendant Clark had agreed to in open court.

As discussed more fully below, Defendant Clark's intent to invoke his Fifth Amendment right, along with his egregious behavior during discovery and blatant disregard of the Court's Orders, as well as the rules of the Court, warrant the entry of Summary Judgment on behalf of CUMIS, or, in the alternative, the entry of Default Judgment.

## Discussion

**I.    Summary Judgment Pursuant to Fed. R. Civ. P. 56**

Summary judgment is "not a disfavored procedural shortcut, but rather [is] an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett, 477 U.S. 377, 327 (1986) (quoting Rule 1 of the Federal Rules of Civil Procedure)*. Pursuant to Federal Rule of Civil Procedure 56, an award of summary judgment is appropriate if, "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. Although the Court must view evidence in the light most favorable to the non-moving party, *Holcomb v. Powell, 369 U.S. App. D.C. 122, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)*, the non-moving party cannot rely on "mere allegations or denials." *Burke v. Gould, 351 U.S. App. D.C. 1, 286 F.3d 513, 517 (D.C. Cir. 2002 (quoting Anderson, 477 U.S. at 248)*. In short, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*, and "… set forth specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P. 56(e)*. "Conclusory allegations unsupported by factual data will not create a triable issue of fact." *Pub. Citizen Health Research Group v. FDA, 337 U.S. App. D.C. 343, 185 F.3d 898, 908 (D.C. Cir. 1999)*.

## A.    Facts

Defendant Clark was employed by Hoya Federal Credit Union ("Hoya"), as an accountant, from April 2001 through July 2003. Affidavit of Hazel Logan, attached as Exhibit C, ¶. 4; Def. Answer, ¶ 9. During his employment, Defendant Clark fraudulently converted money from Hoya for his own personal use and benefit. Aff. of H. Logan, ex. C, ¶ 5; Req. for Adm., ex. A, ¶ 2. Defendant Clark often volunteered to take the daily deposits to Hoya's bank, First Union National Bank (now Wachovia Bank, N.A.). Aff. of H. Logan, ex. C, ¶ 6; Req. for Adm., ex. A, ¶ 14. Instead, however, he took the deposit bag to his residence, removed the cash from the deposits, created new deposit slips without a reference to a cash deposit, and then deposited the checks the following business day and entered the altered figures into Hoya's records. Id; Req. for Adm., ex. A, ¶¶15-18.

On at least three occasions during his employment, Defendant Clark arranged the processing of fraudulent wire transfers by cloaking himself in false authority: (a) On December 4, 2002 Defendant wired $2,500.00 to the United States Postal Federal Credit Union on behalf of Mae Smith, Defendant's aunt, with whom he lived; (b) On April 21, 2003 Defendant Clark wired $40,000.00 to an account at People's Bank belonging to Kenard Walston ("Defendant Walston") and Tanya Hubbard ("Defendant Hubbard"); and (c) On June 20, 2003 Defendant Clark wired $60,000.00 to a JP Morgan investment account. Aff. of H. Logan, ex. C, ¶¶ 7-8; Req. for Adm., ex. A, ¶¶ 19, 21, and 23. Defendant Clark also placed "stop payment" orders on checks he wrote from his Hoya account, as well as checks written from the accounts of his acquaintances. Aff. of H. Logan, ex. C, ¶ 9; Req. for Adm., ex. A, ¶¶ 4-10. He removed the holds long enough to pay drafts when the drafts were presented to Hoya, however, Defendant Clark never debited these amounts from the Hoya account from which the checks were written. Aff. of H. Logan, ex. C, ¶

4

9; Req. for Adm., ex. A, ¶¶ 4-10.  Defendant Clark used the ATM machine to make fraudulent deposits into his account by depositing empty envelopes and altering his account records.  Aff. of H. Logan, ex. C, ¶ 10; Req. for Adm., ex. A, ¶ 29.  He also defrauded Hoya by misapplying ACH transfers to improper accounts, paying for the purchase out of Hoya funds, and creating fake entries on the bank reconciliation. Aff. of H. Logan, ex. C, ¶. 11; Req. for Adm., ex. A, ¶ 31.

After the Credit Union discovered the loss, it retained independent auditors to investigate the fraud.  Relevant portions of the auditor's report is attached as Exhibit D.  Hoya then submitted a proof of loss to CUMIS pursuant to its bond agreement.  Aff. of S. Aucremann, ex. E, ¶ 3.  To date, CUMIS has paid the Credit Union more than $540,196.14 as a result of Defendant Clark's actions and is subrogated to Hoya's rights under the bond.  Aff. of S. Aucremann, ex. E, ¶ 4.

**B.    CUMIS is Entitled to Judgment on all Counts Against the Defendant**.

Defendant Clark failed to answer the Requests for Admissions propounded upon him by CUMIS on September 6, 2007[1] and the Requests are deemed admitted.  Rule 36(a) of the Federal Rules of Civil Procedure provides that "[t]he matter is admitted unless, within 30 days after service of the request… the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."  In the present case, not only did Defendant Clark fail to serve any response within 30 days, he has failed to file a response a month after the initial deadline. As such all admissions should be deemed admitted. *See Anchorage-Hynning & Co. v.*

---

[1] CUMIS initially attempted to serve Defendant Clark with a copy of the Request for Admissions at the Aug. 20th Status Conference, however Defendant Clark refused to accept the discovery. Affid. of B. Selan, ex. I, ¶ 4. In addition to mailing the Requests for Admissions on September 6 , 2007, CUMIS also provided an additional copy delivered via hand-delivery on October 5, 2007 along with a copy of the discovery materials requested by Defendant Clark.  Affid. of B. Selan, ex. I, ¶ 5.

*Moringiello, 697 F.2d 356, 363 (D.C. Cir. 1983); United States v. Kasuboski, 834 F.2d 1345, 1350 (7ᵗʰ Cir. 1987); U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc., 2005 U.S. District LEXIS 9853, at \*19 (S.D.N.Y. 2005).* Deeming the outstanding Requests for Admissions as admitted is ultimately dispositive. Among the discovery requests which Defendant Clark has failed to proffer a response, See exhibit A, are:

> …
>
> 2.     Admit that you, during your employment with Hoya, converted money belonging to Hoya for your own personal use and benefit.
>
> …
>
> 6.     Admit that you made false entries on Hoya's bank reconciliations.
>
> …
>
> 28.    Admit that you posted false entries to the ACH general ledger to keep it at a zero balance.
>
> …
>
> 31.    Admit that you made false or misleading entries into the General Leger in order to reflect a credit to your Hoya account.
>
> ….
>
> 32.    Admit that your actions while in the employ of Hoya Federal Credit Union caused Hoya to suffer a loss in the amount of $540,196.14.

As a result of Defendant Clark's failure to respond, in any fashion, to CUMIS' Requests for Admissions, the requests should be deemed admitted.

Defendant Clark's indication of his intent to invoke his Fifth Amendment privilege during a deposition, taken together with the supporting evidence of his illicit activities while employed by Hoya, also allows the Court to draw an adverse inference as to Defendant Clark's silence. A court may draw an adverse inference from an individual's silence when incriminating

6

evidence is presented. *Baxter v. Palmigiano, 425 U.S. 308 (1976)*. Lower courts interpreting

*Baxter* have concluded that an adverse inference may be drawn "when independent evidence

exists of the fact to which the party refuses to answer." *Doe v. Glanzer, US Ct App 9ᵗʰ Cir.;*

*Lasalle Bank Lake View v. Seguban, 54 F.3d 387, 391 (7ᵗʰ Cir. 1995); Peiffer v. Lebanon Sch.*

*Dist., 848 F.2d 44, 46 (3ʳᵈ Cir. 1988)*. Defendant Clark invoked his Fifth Amendment rights by

letter, dated May 30, 2006 (a copy of the correspondence is attached as exhibit F). Defendant

Clark's initial counsel on his behalf stated that "… the deposition scheduled for May 31, 2006, at

10:00 am would not take place due to [the Defendant's] intent to invoke his Fifth Amendment

right and privilege against self-incrimination as to any questions dealing with the subject matter

of the pending lawsuit." Hence, there can be no question that the Defendant Clark invoked his

Fifth Amendment rights.

In addition to the Requests for Admission and the invocation of Fifth Amendment rights,

there is ample evidence of Defendant Clark's fraud. Defendant Clark's participation in the

"subject matter of the pending lawsuit" was investigated and documented by Deleon and Stang,

independent auditors for Hoya. A copy of relevant portions of the report created by Deleon and

Stang is attached as exhibit D. The DeLeon and Stang Report set forth in great detail the

Defendant's illicit activities while employed by Hoya. Among the observations noted by the

auditor regarding the activities are:

> 1. Share Account - The amounts deposited by the Defendant each month in his
>    share account significantly exceeded the salary he was receiving from the
>    Credit Union. Exhibit D, p. 11.
>
> 2. Share Drafts – Stop payment was placed on numerous checks written by Mr.
>    Clark and once the checks were presented for payment, the "Stop Payment"
>    was deleted from the draft file in order for the check to be cleared… The net
>    impact of this methodology was that the credit union was paying Mr. Clark's
>    bills. Exhibit D, p. 12.

3. <u>Deposit Slips</u> – End of the day checks and cash deposits put into deposit bag under dual control. Bag given to [Mr. Clark] for Deposit Drop at First Union Bank. [Mr. Clark] opens deposit bar and takes out some or all cash or checks. Write new deposit slip to reflect new (lower) total. [Mr. Clark] creates false translation summaries. [Mr. Clark] creates false bank reconciliations and intercepts return deposit slips. Exhibit D, p. 17.

4. <u>Wire Transfers</u> – We noticed that two wires were called in at the request of Mr. Clark, one in the amount of $40,000 sent to People's Bank… another one in the amount of $60,000 wired to JPM Chase in New York City… On both of these occasions, Mr. Clark had the loan officer wire funds from the credit union's account… On being questioned by Mrs. Armstrong, Mr. Clark mentioned that the purpose of the funds being wired out was for the purchase of a CD for the Credit Union. Exhibit D, p. 20.

5. <u>ATM Transactions</u> – It appears that bogus deposits were made to Mr. Clark's account through the ATM machine… The method utilized was to falsely claim that checks or cash in certain amounts were contained in a deposit envelope processed through the ATM machine. Mr. Clark would then come in early, open the machine, remove the deposits from the ATM, then do the posting to the ATM sub ledger hiding the fact that there was no cash or check in the envelope he had deposited. Exhibit D, p. 31.

Further, the Credit Union Manager, Hazel Logan, has personal knowledge of the fraud. Ms. Logan discovered the fraud and assisted in the reconstruction, review, and analysis of relevant documents. Exhibit D., p. 1.

Defendant Clark's invocation of his Fifth Amendment privilege in the face of an impending deposition, the overwhelming evidence of his acts as shown by the DeLeon & Stang report, as well as his failure to respond to CUMIS' Requests for Admissions all support entry of Summary Judgment against Defendant Clark.

## II.    Defendant Clark's Egregious Behavior During This Proceeding Warrants a Default Judgment.

In the event the Court finds any material facts that are in dispute, it should nevertheless strike Defendant Clark's answer and grant a default judgment. Pursuant to Federal Rule of Civil Procedure 37, the court has discretion to sanction discovery abuses in a variety of ways,

including ordering that certain facts be taken as established; ordering that certain defenses or claims of the violating party may not be upheld; treating the failure to abide by the Court's orders as contempt; and the entry of default. In determining what, if any sanction to award, the Court must "ensure that such sanctions are just and proportionate to the offense." *Rude v. The Dancing Crab at Washington Harbour, L.P., 2007 U.S. Dist. LEXIS 69001, \*6 (2007)*. The sanction of default judgment is appropriate where "(1) the opposing party's ability to present its case has been so severely prejudiced that it would be unfair to require him to proceed, (2) the burden placed on the court is intolerable, and (3) there is a sufficient need to deter similar conduct in the future. *Id., quoting Caldwell v. Ctr. for Corr. Health & Policy Studies, Inc., 228 F.R.D. 40, 46 (D.D.C. 2005).*

### A. Defendant Clark's Refusal to Participate in Discovery has Prejudiced CUMIS to the Extent the Court Does Not Grant Summary Judgment.

Defendant Clark's failure to provide discovery responses and participate in the noticed deposition has prejudiced CUMIS. As set out in Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, the failure to comply with discovery can estop a party from "support[ing] or oppos[ing] designated claims or defenses." *Dellums v. Powell, 566 F.2d 231, 236 (D.C. Cir. 1977)(quoting Fed. R. Civ. P. 37(b)(2)(C))*. The discovery period ends in mere days, on November 12, 2007. Due to the Defendant Clark's lack of participation, CUMIS has not been able to identify additional parties which may be significant to this action or demonstrate through a deposition that both Defendant Clark's denials of the allegations in the Complaint and his defenses are without merit. In short, the Defendant Clark's actions have ignored the rules of procedure and disrupted the orderly disposition of this matter. As such, Defendant Clark's Answer should be struck and a default judgment should be entered against him.

**B.    Defendant's Acts have Prejudiced the Judicial System.**

Defendant Clark actions during the discovery period have burdened the judicial system. The Court in *Shea v. Donohoe Construction Co., 254 U.S. App. D.C. 175, 795 F.2d 1071 (D.C. Cir. 1986)* identified actions it considered prejudicial to the judicial system, namely "[w]here the delay or misconduct would require the court to expend considerable judicial resources in the future in addition to those it has already wasted, thereby inconveniencing many other innocent litigants in the presentation of their cases…" Defendant Clark's continued failure to participate in the discovery process, including his disregard of Court Orders pertaining to Status Conferences, has required the Court to maintain additional vigilance on the proceeding. The Court's resources continue to be wasted every time Defendant Clark decides not to appear for scheduled hearings and conferences, including those he agreed to in open court. If judgment is not entered through this Motion, CUMIS will be forced to file Motions to Compel and for sanctions against Defendant Clark. Based on Defendant Clark's conduct to date, there is simply no reason for the Court to presume that the Defendant Clark will follow any additional discovery orders. Defendant Clark's actions will surely result in the filing of several motions, both discovery and otherwise, which will monopolize the Court's time and resources.

**C.    Defendant's Bad Faith Cannot be Rewarded.**

Defendant Clark's actions are so flagrant and egregious as to be in bad faith. In the matter *Securities and Exchange Commission v. Hollywood Trenz, Inc., et al., 202 F.R.D. 3 (DDC 2001)*, the court awarded default judgment on behalf of the plaintiff when the defendant failed to participate in a status hearing, failed to respond to an order to produce documents, and willfully failed to attend his deposition. In granting the default motion, the *Hollywood Trenz* Court noted that "[a] default judgment is a drastic sanction… In those cases where a court orders dismissal or

enters a default judgment, the party typically has engaged in a pattern of disobedience or noncompliance with court orders, including failing to appear at scheduled conferences, so that the court concludes that no lesser sanction is warranted." *Id at* \*\**14*. Defendant Clark has developed a history of ignoring Court orders and failing to comply with the rules of this Court. The defendant has blatantly ignored this Court's Orders as well as discovery requests propounded by CUMIS. Defendant Clark failed to appear at the initial August 2, 2007 status conference after the Stay had been lifted, prompting the Court to order his appearance at the rescheduled conference. See exhibit G, Scheduling Order dated August 2, 2007. Later, on October 11, 2007, during discussion in open Court as to a date for another rescheduled status conference, the Defendant agreed to appear on October 18, 2007. See Exhibit H, Supplemental Order, dated October 19, 2007. The Defendant subsequently failed to appear for the Status Conference as agreed. Indeed, during a brief conversation in the U.S. District Courthouse, on October 11, 2007, prior to a scheduled status conference, regarding Defendant Clark's non-appearance at the scheduled deposition, Defendant Clark held forth to CUMIS' counsel that he would never allow CUMIS to take his deposition. (See Exhibit I, Affidavit of Benje Selan). Defendant Clark's actions are indicative of his blatant disregard of the Court. An award of a default judgment is warranted in this matter.

11

## III.    Conclusion

For the aforementioned reasons, Summary Judgment should be entered against Defendant Reginald Clark or, in the alternative, Default Judgment should be awarded for the benefit of the Plaintiff CUMIS Insurance Society, Inc.

Respectfully submitted,

Dated:  November 8, 2007            _____/s/  Amy  S. Owen_____
                                    Amy S. Owen (D.C. Bar No. 411601)
                                    Ben Selan (D.C. Bar No. 495232)
                                    Cochran & Owen, LLC
                                    8000 Towers Crescent Drive, Suite 160
                                    Vienna, VA  22182
                                    (703) 847-4480 (office)
                                    (703) 847-4499 (facsimile)

                                    Attorneys for CUMIS Insurance Society, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Memorandum In Support Of Plaintiff Cumis Insurance Society's Motion For Summary Judgment Or, In The Alternative, Motion For Default Judgment Against Defendant Reginald Clark was served this 8th day of November, 2007, by electronic mail and first class mail, upon:

Reginald Clark
1166 5th Street, N.E.
Washington, DC 20002
Rc228@georgetown.edu

_____/s/ Amy S. Owen_____
Amy S. Owen

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC.   ) | |
|   ) | |
|        Plaintiff,   ) | |
|   ) | Civil Action No.: 1:05cv01277 (PLF)(DAR) |
| v.   ) | Next Event:    Discovery Close |
|   ) | 11/12/2007 |
| REGINALD CLARK, et al.   ) | |
|   ) | |
|        Defendants.   ) | |
| _____ ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE.**

Plaintiff CUMIS Insurance Society, Inc. ("CUMIS"), by counsel, in accordance

with Local Rule 7(h), respectfully submits the following Statement of Material Facts As

To Which There Is No Genuine Issue:

1. Reginald Clark was the accountant at Hoya Federal Credit Union from April 2001 until he was terminated in July 2003. Def. Answer; ¶. 9; Logan Affid., Pl. Exh. C, ¶ 4.

2. While he was employed, Reginald Clark placed "Stop Payment" orders on checks which he wrote from his own share account. Logan Affid., Pl. Exh. C, ¶. 5; Req. for Adm., Pl. Exh. A, ¶ 4; Accountant's Rep.; Pl. Exh. D, p. 12.

3. Reginald Clark deleted the "Stop Payment" orders from the draft file when the checks, written from his account on which he placed stop payment orders, were presented to Hoya for payment. Logan Affid., Pl. Exh. C, ¶. 9; Req. for Adm., Pl. Exh. A, ¶ 5; Accountant's Rep.; Pl. Exh. D, p. 12.

4. Reginald Clark also made false entries on Hoya's bank reconciliations. Logan Affid., Pl. Exh. C, ¶ 11; Req. for Adm., Pl. Exh. A, ¶ 6; Accountant's Rep.; Pl. Exh. D, p. 12.

5. Reginald Clark placed "Stop Payment" orders on checks written from a Hoya account belonging to Derrick Eatmon. Logan Affid., Pl. Exh. C, ¶ 9; Req. for Adm., Pl. Exh. A, ¶ 7; Accountant's Rep.; Pl. Exh. D, p. 12.

6.    Reginald Clark deleted the "Stop Payment" orders from the draft file when the checks, written from Derrick Eatmon's Hoya account on which he placed "stop payment" orders, were presented to Hoya for payment. Logan Affid., Pl. Exh. C, ¶ 9; Req. for Adm., Pl. Exh. A, ¶ 8; Accountant's Rep.; Pl. Exh. D, p. 12.

7.    Reginald Clark placed "Stop Payment" orders on checks written from a Hoya account belonging to Tonia Shuler.  Logan Affid., Pl. Exh. C, ¶ 9; Accountant's Rep.; Pl. Exh. D, p. 12.

8.    Reginald Clark deleted the "Stop Payment" orders from the draft file when the checks, written from Tonia Shuler's Hoya account on which he placed "stop payment" orders, were presented to Hoya for payment.  Logan Affid., Pl. Exh. C, ¶ 9; Req. for Adm., Pl. Exh. A, ¶ 10; Accountant's Rep.; Pl. Exh. D, p. 12.

9.    Reginald Clark deposited checks into his Hoya account made out to him by Mae Smith on her account at U.S. Premier FCU.  Logan Affid., Pl. Exh. C, ¶ 7. Req. for Adm., Pl. Exh. A, ¶ 11; Accountant's Rep.; Pl. Exh. D, p. 9.

10.    Reginald Clark forged Mae Smith's name on some of the checks he deposited into his Hoya Account made out to him by Mae Smith on her account at U.S. Premier Federal Credit Union. Req. for Adm., Pl. Exh. A, ¶ 12; Accountant's Rep.; Pl. Exh. D, p. 9.

11.    At the close of business at Hoya Federal Credit Union, checks and cash deposits were placed into a deposit bag for deposit at First Union Bank. Logan Affid., Pl. Exh. C, ¶ 6; Req. for Adm., Pl. Exh. A, ¶ 13.

12.    On at least one occasion, Reginald Clark volunteered to take the deposit bag to First Union Bank and make the deposit. Logan Affid., Pl. Exh. C, ¶ 6; Req. for Adm., Pl. Exh. A, ¶ 14.

13.    Reginald Clark, on more than one occasion, instead took the deposit bag to his residence. Logan Affid., Pl. Exh. C, ¶ 6. Req. for Adm., Pl. Exh. A, ¶ 15.

14.    Reginald Clark, while at his residence with the deposit bag, would remove some or all of the cash from the deposit bag.  Logan Affid., Pl. Exh. C, ¶ 6; Req. for Adm., Pl. Exh. A, ¶ 16.

15.    After he removed some or all of the cash, he would create new deposit slips deleting the cash he removed from the deposit bag. Logan Affid., Pl. Exh. C., ¶ 6;  Req. for Adm., Pl. Exh. A, ¶ 17.

16.     Reginald Clark concealed the net difference between the general ledger and the Mid-Atlantic Bank Statements created by his removal of some or all of the cash from the deposit bags. Logan Affid., Pl. Exh. C, ¶ 6; Req. for Adm., Pl. Exh. A, ¶ 18; Accountant's Rep.; Pl. Exh. D, p. 16.

17.     Reginald Clark, on April 21, 2003, caused a written wire request in the amount of $40,000.00 to be sent to the People's Bank in Bridgeport, Connecticut for credit to the account of Ms. Tanya Hubbard and Mr. Kenard Walston. Logan Affid., Pl. Exh. C, ¶ 7; Req. for Adm., Pl. Exh. A, ¶ 19; Accountant's Rep.; Pl. Exh. D, p. 20.

18.     Reginald Clark caused the April 21, 2003 written wire request to be processed despite the fact that he had no actual authority to request the wire transfer. Logan Affid., Pl. Exh. 8; ¶ 20; Req. for Adm., Pl. Exh. A, ¶ 20

19.     Reginald Clark, on June 20, 2003, caused a written wire request in the amount of $60,000.00 to be sent to J.P. Morgan Chase Bank in New York for credit to a National Finance Service account. Logan Affid., Pl. Exh. C, ¶ 7; Req. for Adm., Pl. Exh. A, ¶ 21.

20.     Reginald Clark caused the June 20, 2003 written wire request to be processed despite the fact that he had no actual authority to request the wire transfer. Logan Affid., Pl. Exh. C, ¶ 8; Req. for Adm., Pl. Exh. A, ¶ 22.

21.     Reginald Clark, on December 4, 2002, caused a written wire request in the amount of $2,500.00 to be sent to the account of Mae Smith at U.S. Premier Federal Credit Union. Logan Affid., Pl. Exh. C, ¶ 7; Req. for Adm., Pl. Exh. A, ¶ 23.

22.     Reginald Clark caused the December 4, 2002 written wire request to be processed despite the fact that he had no actual authority to request the wire transfer. Logan Affid., Pl. Exh. C, ¶ 8; Req. for Adm., Pl. Exh. A, ¶ 24.

23.     Reginald Clark contacted merchants and/or vendors and authorized ACH payments on his behalf. Logan Affid., Pl. Exh. C, ¶ 11; Req. for Adm., Pl. Exh. A, ¶ 25.

24.     Reginald Clark contacted merchants and/or vendors and authorized ACH payments on behalf of Derrick Eatmon. Req. for Adm., Pl. Exh. A, ¶ 26.

25.     Reginald Clark used a false account number to identify the account(s) to be debited by the merchant and/or vendor when conducting the ACH

transfer. Logan Affid., Pl. Exh. C, ¶ 11; Req. for Adm., Pl. Exh. A, ¶ 27; Accountant's Rep.; Pl. Exh. D, p. 28, et seq.

26. Reginald Clark posted false entries to the ACH general ledger to keep it at a zero balance. Req. for Adm., Pl. Exh. A, ¶ 28; Accountant's Rep.; Pl. Exh. D, p. 28, et seq.

27. Reginald Clark made false deposits to his Hoya account by depositing an empty deposit envelope through the Automated Teller Machine ("ATM") and intercepting the empty deposit envelope the next morning. Logan Affid., Pl. Exh. C, ¶ 10; Req. for Adm., Pl. Exh. A, ¶ 29; Accountants Rep.; Pl. Exh. D, p. 4.

28. Reginald Clark intercepted the return ATM deposits early in the morning to remove his empty deposit envelope. Logan Affid., Pl. Exh. C, ¶ 10. Req. for Adm., Pl. Exh. A, ¶ 30; Accountant's Rep.; Pl. Exh. D, p. 31.

29. Reginald Clark made false or misleading entries into the General Ledger in order to reflect a credit to his Hoya account. Req. for Adm., Pl. Exh. A, ¶ 31.

30. Reginald Clark's actions while in the employ of Hoya Federal Credit Union caused Hoya to suffer a loss in the amount of $540,196.14. Logan Affid., Pl. Exh. C, ¶ 12. Req. for Adm., Pl. Exh. A, ¶ 32.

31. Reginald Clark owes Hoya $540,196.14. Req. for Adm., Pl. Exh. A, ¶ 33.

32. CUMIS Insurance Society Inc. paid Hoya pursuant to its fidelity bond with Hoya and is subrogated to Hoya's rights in the amount of $540,196.14. Aucremann Affid., Pl. Exh. E, ¶ 4; Logan Affid., P. Exh. C, ¶ 12

33. Reginald Clark stated to Benje Selan, Counsel for CUMIS, that he would not allow his deposition to be taken. Selan Affid., Pl. Exh. I., ¶ 8.

34. By letter dated May 30, 2006, Reginald Clark stated his intention to invoke his Fifth Amendment Privilege rather than be deposed. Pl. Exh. F.

Respectfully submitted,

Dated:  November 8, 2007

_____/s/  Amy  S. Owen_____
Amy S. Owen (D.C. Bar No. 411601)
Ben Selan (D.C. Bar No. 495232)
Cochran & Owen, LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA  22182
(703) 847-4480 (office)
(703) 847-4499 (facsimile)

Attorneys for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Statement of Material Facts As To Which There is No Issue was served this 8th day of November, 2007, by electronic mail and first class mail, upon:

Reginald Clark
1166 5th Street, N.E.
Washington, DC 20002
Rc228@georgetown.edu

/s/ Amy S. Owen
Amy S. Owen