```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

_____
                               )
CUMIS INSURANCE SOCIETY, INC.  )
                               )
     Plaintiff,                ) Civil Action No.
                               ) 1:05cv01277 (PLF)(DAR)
v.                             )
                               ) Next Event:
REGINALD CLARK, et al.         ) Close of Discovery
                               ) 11/12/2007
     Defendant.                )
_____)
```

DEFENDANT REGINALD CLARK'S OPPOSITION TO PLAINTIFF CUMIS'
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, DEFAULT
JUDGMENT

COMES NOW, Defendant, Reginald Clark, by and through his attorneys, Anitha Johnson, Esquire, and ODELUGO & JOHNSON, L.L.C., and moves this Court to deny Plaintiff CUMIS Insurance Society's Motion for Summary Judgment or Default Judgment, and to briefly re-open discovery to allow the undersigned, Defendant Clark's recently retained attorney, to propound formal discovery requests upon Plaintiff CUMIS.  In support thereof, Defendant submits the accompanying Memorandum of Points and Authorities for this Court's consideration.

        Respectfully submitted,

        ODELUGO & JOHNSON, L.L.C.

        __/s/ Anitha Johnson_____
        Anitha Johnson, #495672
        6525 Belcrest Road
        Suite 612
        Hyattsville, Maryland 20782
        (301) 832-3020
        Attorney for the Defendant,
        Reginald Clark

```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
CUMIS INSURANCE SOCIETY, INC. )
                              )
     Plaintiff,               ) Civil Action No.
                              ) 1:05cv01277 (PLF)(DAR)
v.                            )
                              ) Next Event:
REGINALD CLARK, et al.        ) Close of Discovery
                              ) 11/12/2007
     Defendant.               )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT REGINALD CLARK'S MOTION IN OPPOSITION

Defendant, Reginald Clark, respectfully submits the following Memorandum of Points and Authorities in support of his Opposition to Plaintiff's Motion for Summary Judgment or, in the Alternative, Motion for Default Judgment.

A.   PROCEDURAL HISTORY

On or about March 17, 2006, Plaintiff, CUMIS Insurance Society, Inc., filed a Complaint in the U.S. District Court for the District of Columbia against several Defendants, including Reginald Clark, alleging fraud, breach of fiduciary duty, and unjust enrichment.  Soon thereafter, a criminal investigation was initiated against Defendant Clark with regard to the same set of facts alleged by Plaintiff CUMIS in this civil suit.

During the discovery phase of the civil proceedings, Plaintiff failed to provide Defendant Clark with all of the discoverable information sought in Defendant's discovery requests.  In response, Defendant filed a Motion to Compel Discovery, specifically seeking certain "source" documents that identify the individual employees of Hoya Federal Credit Union, which is insured by Plaintiff CUMIS, who are responsible for any given client transaction.  Plaintiff, continuing to move forward with its own discovery while ignoring Defendant Clark's requests, noted Defendant Clark's deposition.  Without knowing the precise extent of the information in Plaintiff CUMIS' possession, Defendant Clark's original counsel filed a Motion to Stay the civil proceedings on July 14, 2006, based on Defendant Clark's Fifth Amendment privilege against self-incrimination.  The Court granted this Motion on August 22, 2006, qualifying its Order by stating that it would reconsider the stay if Plaintiff would make available to Defendant Clark all relevant documents in discovery[i].

Pursuant to a Motion by Plaintiff, the Court lifted the stay on June 27, 2007.  Defendant Clark received the discovery requests propounded by Plaintiff on September 6,

---

[i] Defendant Clark refers the Court to **Exhibits A, B and C**, which are set forth herewith and detail the precise nature of the documents sought by Defendant Clark in his request for the production of documents.

2007, and October 6, 2007, respectively. Defendant Clark also received Plaintiff's Notice of Deposition on or after October 9, 2007. At no point in time, however, did Plaintiff provide Defendant Clark with the discovery materials that Defendant had specifically requested.

Further, despite asserting his Fifth Amendment privilege, Defendant Clark was never assured that his civil deposition testimony would be immunized. With no access to the critical information that he had previously requested, Defendant Clark could not attend the deposition or respond to Plaintiff's discovery requests without severely compromising his Fifth Amendment privilege against self-incrimination. It must also be noted that, at the time Plaintiff propounded formal discovery requests, Defendant Clark was a *pro se* litigant and, further, that he did not retain undersigned counsel to defend him in these proceedings until November 23, 2007.

B.  ARGUMENT

   I.  *The Order staying the proceedings should not have been lifted because Plaintiff CUMIS failed to make available to Defendant Clark all relevant documents in discovery.*

Pursuant to Fed. R. Civ. P. 34(a), "any party may serve on any other party a request (1) to produce and

permit the party making the request…to inspect and copy, any designated documents (including writings…and other data compilations…); or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection…any designated object thereon, within the scope of Rule 26(b)."  In his discovery requests, Defendant Clark specifically requested that Plaintiff produce certain "source documentation" kept and maintained in the Plaintiff's regular course of business.  The "source documentation" which Defendant requested from Plaintiff comprises (1) the ACH Transaction and (2) Share Draft Daily Posting records, which are contained in what is referred to as the "manual work file"[ii].  Plaintiff CUMIS failed to provide these records to Defendant Clark, and the Motion to Stay was granted.

    Defendant asserts that the Motion to Stay, which was granted on August 22, 2006, should not have been lifted on

---

[ii] The "manual work file" is the hard copy record kept by Hoya Federal Credit Union as a contingency against database crashes, power outages and similar situations that could affect the integrity of the business' internal networking.  The primary difference between the records contained within the manual work file and those stored and archived electronically lies within the connection between specific employees and specific transactions.  The manual work file identifies the employee(s) who oversaw, managed, or were in any way connected to a given transaction.  This information is not contained in the electronic records, which are the records that Plaintiff offered to provide in response to Defendant Clark's discovery requests.

June 27, 2007, and, in fact, should have remained in force until all of the potentially exonerative documentation was in Plaintiff's possession and control, including any and all evidence provided to the Federal Bureau of Investigation in the course of their criminal investigation, is provided to Defendant or, alternatively, until Defendant is granted permission to enter Plaintiff's storage archives with a manifest that clearly labels the documents requested in accordance with Fed. R. Civ. P. 34(b)[iii].

    Plaintiff CUMIS has refused to produce the documents that Defendant Clark has requested.  Moreover, Plaintiff has not sought a protective order or any other remedy on the basis of privilege.  Instead, Plaintiff CUMIS has engaged in a course of conduct wherein a volume of information has been made available to Defendant Clark, but in such a form that it is either irrelevant to his defense or too voluminous to approach without the production of a catalog, manifest, or similar directory kept by Plaintiff's agents in the ordinary course of business.  The information sought is relevant, competent, and has not been claimed to

---

[iii] "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  Fed. R. Civ. P. Rule 34(b).

fall within an exclusionary rule.  See, Gordon v. United States, 344 U.S. 414, 420 (1953)[iv].

    a.    Plaintiff CUMIS failed to comply with Defendant Clark's Motion to Compel.

Shortly after commencement of this action and the opening of discovery in March 2006, Defendant Clark's previous attorney filed a Motion to Compel, seeking certain source documents, specifically "source documents" which would show the employee(s) responsible for a given transaction and, therefore, would allow Defendant Clark to trace accounting discrepancies back to the employee responsible for the loss. A copy of the type of "source document" sought by Defendant Clark is set forth herewith in **Exhibit A.** Additionally, Defendant Clark requested independent audit reports from the National Credit Union Association (NCUA) for the years 2001 through 2003. Plaintiff CUMIS produced only the December 31, 2001 report. In this report, NCUA auditors state that the credit union had approximately Eleven Thousand Dollars ($11,000.00) worth of negative shares, along with missing records and general ledgers from May through November 2000, which was prior to Defendant Clark's employment with Hoya Federal

---

[iv] The U.S. Supreme Court asserts, "[F]or production purposes, it need only appear that the evidence is relevant, competent, and outside of any exclusionary rule."

Credit Union. A copy of the relevant findings from the December 31, 2001, NCUA report is set forth herewith in **Exhibit B**. Defendant Clark believes that NCUA reports regarding the years 2002 and 2003 will demonstrate that Hoya Federal Credit Union continued to experience mismanagement, accounting oversights, and negative shares after his departure. Plaintiff CUMIS did not, nor has it ever, produced the requested documents as enumerated herein.

    II.  *Summary judgment is not an appropriate form of relief in this case because genuine issues of material fact are in dispute.*

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Further, it is a well-settled principle of law in this jurisdiction that, when there is a genuine issue as to a material fact, summary judgment is inappropriate and shall not be granted. See, Arrington v. United States, 374 U.S. App. D.C. 189, 193 (2006) ("Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving

party is entitled to a judgment as a matter of law.")  In terms of an actual "dispute" over a material fact, it is enough "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Arrington, 374 U.S. at 193.  With respect to materiality, "the substantive law will identify which facts are material."  Id.  In summary, where the dispute concerns "facts that might affect the outcome of the suit under the governing law," summary judgment should be precluded as a matter of law.  Id.

In the instant case, there are genuine disputes over several issues of material fact, not the least of which is Defendant Clark's contention that another employee or employees of Hoya Federal Credit Union are responsible for Plaintiff CUMIS' loss.  The governing law requires that Plaintiff prove Defendant Clark is responsible for the financial loss that it alleges to have suffered.  There is clearly a dispute over this fact: Plaintiff CUMIS contends that Defendant Clark is responsible for the loss while Defendant Clark asserts that he is not liable for Hoya Federal Credit Union's financial deficit, account mismanagement, and/or failure to properly maintain its own internal transaction records.  Clearly, a reasonable jury could find in favor of Defendant Clark, the non-moving

party herein, on the basis of any one of a number of material facts at issue herein.

   a. <u>Defendant Clark's affidavit is sufficient to establish that there are genuine issues as to material facts in this case</u>.

It is a well-settled principle of law in this jurisdiction that a nonmoving party may defeat a motion for summary judgment by presenting factual representations in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," <u>Greene v. Dalton</u>, 164 F.3d 671, 675 (D.C. Cir. 1999)(quoting <u>Harding v. Gray</u>, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," <u>Arrington</u>, 374 U.S. at 195 (D.C. Cir. 2006).

Defendant Clark has set forth factual representations which are material to the outcome of this trial and for which there exists a genuine dispute between the parties. A copy of Defendant Clark's sworn affidavit setting forth these material facts is set forth in **Exhibit C** hereto.

   III. *Default judgment is not an appropriate form of relief in this case because Defendant Clark's discovery failures were not egregious nor were they made in bad faith.*

This Court must consider the full record when determining whether or not to enter a motion for default

against Defendant Clark.  See, NHL v. Metro Hockey Club, 427 U.S. 639, 642 (1976).  If, within the record, there is no evidence of willful disregard or bad faith on the part of the non-moving party, the Court should not order sanctions[v].

With an FBI investigation and potential criminal consequences pending, Defendant Clark had understandable trepidations with regard to offering discovery information during the course of this civil case.  As this Court previously stated in Pillsbury Co. v. Conboy, a "deponent's civil deposition testimony…is not, without duly authorized assurance of immunity at the time, immunized testimony within the meaning of 18 USCS § 6002, which provides for use immunity in federal cases, and therefore may not be compelled by Federal District Courts over a valid assertion of the deponent's Fifth Amendment privilege."  459 U.S. 248, 249-50 (1983).  Defendant Clark asserted his Fifth Amendment privilege against self-incrimination when faced with the prospect of disclosing information during the

---

[v] Fed. R. Civ. P "37 should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." NHL v. Metro Hockey Club, 427 U.S. at 640 (quoting, Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)). While the issue in NHL v. Metro Hockey Club was whether or not the complaining party's failure to comply with a pretrial request for the production of documents, we find the holding is equally instructive in actions for other discovery sanctions.

discovery phase without first obtaining adequate information from Plaintiff CUMIS.  This Court did not immunize Defendant Clark's testimony, nor did Defendant Clark receive a valid assurance of immunity from any government actor, whether judicial or investigative, at any time during these proceedings.  In fact, the only assurance that Defendant Clark received was that discovery in this matter would be stayed until he was provided with the exculpatory information that he believed would exonerate him in both the civil and criminal proceedings.

Defendant Clark's failures to appear at the his deposition on October 9, 2007, or to respond to Plaintiff CUMIS' discovery requests do not fall within the category of "bad faith" as contemplated by this Court because, as is revealed by the record, there are mitigating circumstances that this Court must consider.  Specifically, Plaintiff CUMIS failed to fully disclose the documents requested by Defendant Clark.  Without these documents, which the Court assured Defendant Clark he would receive before the stay was lifted, Defendant Clark did not have ample information with which to proceed in responding to Plaintiff's discovery.  Further, Plaintiff CUMIS did not file a Motion to Compel Defendant Clark's responses to discovery requests or attendance at the October 9, 2007 deposition.  Defendant

Clark had previously asserted his Fifth Amendment right against self-incrimination. The Court should have either immunized his testimony or held a hearing on the subject matter of Plaintiff's discovery requests before lifting the stay and subjecting Defendant Clark to potential criminal liability. Finally, and perhaps most importantly, Defendant Clark has, until recently, represented himself *pro se* in these proceedings.

C.  CONCLUSION

In consideration of the foregoing Memorandum of Points and Authorities, Defendant, Reginald Clark, respectfully requests that this Court deny Plaintiff CUMIS' Motion for Summary Judgment or, alternatively, Default Judgment, on the grounds that there are genuine disputes as to material facts in this case, and that Defendant Clark's failure to appear for the October 9, 2007 deposition, in addition to his failure to adequately respond to Plaintiff's discovery requests, were not the result of bad faith or willful conduct but, instead, the result of his lack of legal sophistication as a *pro se* litigant coupled with his understandable fear that his Fifth Amendment right against self-incrimination would be compromised.

Defendant Clark further requests that this Court reopen discovery for a limited period in order to allow him

the opportunity to propound formal requests upon Plaintiff CUMIS.

Dated: November 29, 2007

                        Respectfully submitted,

                        ODELUGO & JOHNSON, L.L.C.

                        /s/ Anitha Johnson_____
                        Anitha Johnson, #495672
                        6525 Belcrest Road
                        Suite 612
                        Hyattsville, Maryland 20782
                        (301) 832-3020
                        Attorney for the Defendant,
                        REGINALD CLARK

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that a copy of the foregoing, Defendant Reginald Clark's Motion in Opposition to Plaintiff's Motion for Summary Judgment or Default and Memorandum of Points and Authorities in support thereof, was served this 29th day of November, 2007, via electronic service and first-class mail, postage prepaid, upon the following recipients:

Amy S. Owen, Esquire  
Ben Selan, Esquire  
Cochran & Owen, L.L.C.  
8000 Towers Crescent Drive  
Suite 160  
Vienna, Virginia 22182

                                           ___/s/ Anitha Johnson_____  
                                           Anitha Johnson

```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
CUMIS INSURANCE SOCIETY, INC.  )
                               )
     Plaintiff,                ) Civil Action No.
                               ) 1:05cv01277 (PLF)(DAR)
v.                             )
                               ) Next Event:
REGINALD CLARK, et al.         ) Close of Discovery
                               ) 11/12/2007
     Defendant.                )
_____)
```

ORDER

In consideration of the foregoing, Defendant Reginald Clark's Opposition to Plaintiff's Motion for Summary Judgment or, in the Alternative, Motion for Default Judgment, it is this _____ day of _____, 2007,

ADJUDGED, ORDERED, AND DECREED as follows by this Court:

Plaintiff CUMIS' Motion is hereby DENIED; and

Further, discovery in the above-captioned matter shall be reopened until the ___ day of _____, 2007, to allow Defendant Clark and his counsel of record, Anitha Johnson, Esquire, and ODELUGO & JOHNSON, L.L.C., to propound formal discovery requests upon Plaintiff CUMIS.

 

                                                  _____
                                                  Deborah Robinson
                                                  United States District Court

Copies to:

Anitha Johnson, Esquire
Odelugo & Johnson, L.L.C.
6525 Belcrest Road
Suite 612
Hyattsville, Maryland 20782
anitha.johnson@odelugo.com
Counsel for Defendant,
Reginald Clark

Amy S. Owen, Esquire
Cochran & Owen, L.L.C.
8000 Towers Crescent Drive
Suite 160
Vienna, Virginia 22182
Aowen@cochranowen.com
Counsel for Plaintiff,
CUMIS Insurance Society, Inc.