7. That, according to my knowledge and experience as a former employee of Hoya Federal Credit Union, the business maintains records that would reflect the identities of each individual employee who is involved with a given transaction.

8. That these records are referred to as the Share Draft Daily Posting and ACH Transaction Posting, which are set forth in the manual work file, and the file maintenance records, which are held in offsite storage in Woodbridge, Virginia.

9. That the manual work file contains information on the individuals employed by Hoya Federal Credit Union who are responsible for each and every daily posting.

10. That, during the discovery phase of this proceeding, I requested true copies of all reports produced and maintained in Hoya Federal Credit Union's manual work file relating to the time period relevant to Plaintiff's Complaint.

11. That during the August 20, 2007 conference in this matter, Magistrate Deborah Robertson stated that Plaintiff was to provide me with the same records that they provided to the F.B.I. before the next court date.

12. That, in response to my discovery requests, Plaintiff produced a box of documentation containing only a small number of the materials which I requested and, alternatively, offered to produce a disk containing this information but required that I pay approximately Fourteen Thousand Dollars ($14,000.00) to obtain it, which I cannot afford.

13. That, according to the information provided to me by the Plaintiff and based upon my experience as an employee of Hoya Federal Credit Union, the information contained on the disk would only reflect daily lump sum totals after all deposits and withdrawals were entered, which is otherwise known as "non-source information," and would not indicate which employee was responsible for a specific transaction.

14. That Plaintiff offered to allow me to visit the storage site where all manual work files would be made available for my review but, despite my request, Plaintiff