refused to provide me with a manifest log that would identify the documents I would need.

15. That Plaintiff has not provided me with any information that shows what employee was responsible for a given transaction, and that I am not able to obtain this information without Plaintiff's disclosure pursuant to my discovery requests.

16. That I have also requested from Plaintiff independent audits of Hoya Federal Credit Union performed by the National Credit Union Association, for the years 2001 through 2003, but that I have only been provided with the report concerning the year 2000, and that it is essential to my defense that I be given information concerning the accuracy of Hoya Federal Credit Union's accounting after my departure.

17. That, during the period of time relevant to Plaintiff's Complaint, there were several other individual employees of Hoya Federal Credit Union who had direct access to bank funds.

18. That my defense is based upon the material fact that several individual employees of Hoya Federal Credit Union had the same access to bank funds as I did, and that this fact can only be demonstrated by the production of the specific documents that I have requested from Plaintiff.

19. That I have represented myself *pro se* in this matter from approximately September 2006 until November 23, 2007, at which time I retained Anitha Johnson, Esquire, of Odelugo & Johnson, L.L.C.

20. That I did not believe that I was required to respond to Plaintiff's discovery requests of September 6 and October 6, 2007, nor did I believe that I was required to attend the deposition scheduled for October 9, 2007, because Plaintiff had not provided adequate responses to my discovery requests pursuant to Magistrate Robertson's previous in-court Order.

21. That I contacted the deputy clerk of this Court regarding my inability to attend the October 18, 2007 Status Conference because my wife, who is diabetic, became very ill that morning.