IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CUMIS INSURANCE SOCIETY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGINALD CLARK, et al. )<br>)<br>Defendants. )<br>_____ ) | Civil Action No.: 1:05cv01277 (PLF)(DAR) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT OR, IN THE ALTERNATIVE, DEFAULT JUDGMENT**

Defendant Reginald Clark's (hereinafter, "Defendant Clark") opposition fails to identify any genuine issues of material fact precluding summary judgment. Instead, Defendant Clark wholly relies upon a self-serving affidavit in an attempt to subvert CUMIS' motion. The affidavit, however, ignores the material facts identified and instead attempts to raise new red herrings in this case in order to avoid a resolution of the claims. Moreover, Defendant Clark offers no credible explanation for failure to participate in court proceedings. Since Defendant Clark has failed to follow the local rules of this Court in opposing CUMIS' Motion and offer any factual basis to oppose the material facts in dispute, the Court is required to assume that facts set forth in its Statement of Material Facts as to which there is no Genuine Issue are admitted.

**DEFENDANT CLARK FAILS TO OPPOSE THE MATERIAL FACTS
PRESENTED BY CUMIS, THEREBY ADMITTING THESE FACTS TO BE
UNDISPUTED.**

Local Rule 56.1 proscribes that opposition to a motion for summary judgment must be accompanied by a separate, concise statement of genuine issues setting forth all material facts as to which the non-moving party contends there is a genuine issue necessary to be litigated, which

1

shall include references to the parts of the record relied on to support the statement. In deciding a motion for summary judgment, Local Rule 56.1 instructs that the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. See also, *Benn v. Unisys Corporation*, 176 F.R.D. 2, **12 (1997), quoting *Gardels v. Central Intelligence Agency*, 205 U.S. App. D.C. 224, 637 F.2d 770, 773 (D.C. Cir. 1980), stating that "failure to file a proper Rule… Statement in making or opposing a motion for summary judgment may be fatal to the delinquent party's position."

Defendant Clark makes no effort to address the merits of the motion or the specific allegations in the lawsuit. Instead, Defendant Clark makes the sweeping, conclusory assertion that "genuine issues of material fact are in dispute." Def. Oppos. (B)(II). This assertion does not meet the requirements of Local Rule 56.1. Defendant Clark failed to deny, oppose, or address any of the thirty-four (34) Material Facts as to Which There is no Genuine Issue[1] attached to CUMIS' Motion.[2] Indeed, Defendant Clark failed to even supply the Court with the required statement of material issues in dispute. Rather, Defendant Clark's sole example of a disputed material fact is simply an unsupported allegation that "another employee or employees of Hoya Federal Credit Union are responsible for Plaintiff CUMIS' loss." (Def. Oppos. (B)(II)). This is simply not sufficient.

CUMIS provided ample support for its motion, including affidavits from the Hoya Federal Credit Union's manager, a copy of the auditor's investigative report, and documentation showing Defendant Clark's wrongful actions while a Credit Union employee. This evidence,

---

[1] Many of the Material Facts as to Which There is no Genuine Issue are the very Requests for Admissions which Defendant Clark also refused to address during the discovery period.
[2] Had any such facts existed, Defendant Clark also could and should have also offered these during his deposition which he refused to attend or in discovery responses which he refused to provide.

along with Defendant Clark's failure to answer the initial Requests for Admissions within thirty days of service, which are now deemed admitted, and his failure to comply with the local rules of this Court, support a finding that CUMIS' Material Facts as to Which There is no Genuine Issue should be admitted and summary judgment should be granted.

### CUMIS IS ENTITLED TO THE INFERENCES DRAWN FROM DEFENDANT CLARK'S INVOCATION OF HIS FIFTH AMENDMENT RIGHT

Defendant Clark confirms in his Opposition that he invoked "his Fifth Amendment privilege against self-incrimination when faced with the prospect of disclosing information during the discovery phase..." This assertion, along with supporting evidence of Defendant Clark's illicit activities while employed by the credit union (see CUMIS' Motion for Summary Judgment or, in the Alternative, Default Judgment) entitles CUMIS to an adverse inference from Defendant Clark's silence. To reiterate, a court may draw an adverse inference from an individual's silence when incriminating evidence is presented. *Baxter v. Palmigiano, 425 U.S. 308 (1976).* Lower courts interpreting *Baxter* have concluded that an adverse inference may be drawn "when independent evidence exists of the fact to which the party refuses to answer." *Doe v. Glanzer, US Ct App 9th Cir.; Lasalle Bank Lake View v. Seguban, 54 F.3d 387, 391 (7th Cir. 1995); Peiffer v. Lebanon Sch. Dist., 848 F.2d 44, 46 (3rd Cir. 1988).* CUMIS has provided numerous affidavits and documentation supporting its claims against Defendant Clark. To that end, an adverse inference from Defendant Clark's silence must be allowed.

### DEFENDANT CLARK'S AFFIDAVIT IS INSUFFICIENT TO DEFEAT CUMIS' MOTION FOR SUMMARY JUDGMENT.

In a last attempt to further delay a resolution of the civil matter involving his wrongful acts, Defendant Clark offers an affidavit. This affidavit is an unsupported and self-serving document to which the Court should attach no weight. A nonmoving party cannot survive a

summary judgment motion by relying solely on "allegations or conclusory statements." *Carter v. George Washington University*, 180 F. Supp. 2d 97, 103 (2001), citing *Greene v. Dalton*, 334 U.S. App. D.C. 92, 164 F. 3d 671, 675 (D.C. Cir. 1999).

In any event, Defendant Clark's statements in his affidavit are skewed and, in some cases, completely false. By way of example, Defendant Clark alleges under oath the following:

> 12. *That, in response to my discovery requests, Plaintiff produced a box of documentation containing only a small number of the materials which I requested and, alternatively, offered to produce a disk containing this information but required that I pay approximately Fourteen Thousand Dollars ($14,000.00) to obtain it, which I cannot afford.*

In correspondence between Defendant Clark's prior counsel and CUMIS' counsel, the latter made available the 52 disks containing information requested by Defendant Clark for review in CUMIS' counsel's office for no charge. When Defendant Clark's former counsel asked for a copy, the copy cost was initially thought to be $13,000, but later was corrected to $1,300. Copies of the correspondence confirming the same is attached as Exhibit A. Additionally, the Court's October 1, 2007 Order clearly established that Defendant Clark was required to coordinate with CUMIS "on the reasonable delivery or pick-up of the documents so that they can be delivered securely." Attached as Exhibit B is a copy of the October 1, 2007 order.

> 14. *The Plaintiff offered to allow me to visit the storage site where all manual work files would be made available for my review but, despite my request, Plaintiff refused to provide me with a manifest log that would identify the documents I would need.*

Defendant Clark again misconstrues what has occurred. CUMIS, in accordance with the Court's orders, offered to coordinate with Defendant Clark to allow access to the documents. See Exhibit C, copies correspondence from CUMIS' counsel to Defendant Clark regarding the

delivery of discovery documents and attempts to coordinate a meeting at the credit union's archive facility. However, Defendant Clark never responded with a time and date as to his availability.

Defendant Clark claims the CUMIS refused to produce a manifest log that would identify the documents he would need. This is incorrect. Defendant Clark never requested a manifest log. Indeed, Counsel is not even clear what is meant by a "manifest log." Defendant Clark, per his supplemental discovery requests, did not seek a "manifest log," but did ask for, among other items:

> 4. Ach Transaction Register   May 01- Dec 03; and
>
> ...
>
> 7. Federal Ach Daily Settlement Activity Report   May 01- Dec 03...

CUMIS coordinated access to these materials with the Credit Union, but Mr. Clark has, thus far, expressed no interest in establishing a date and time to review them.

Defendant Clark's affidavit is generally unsupported by the record or additional documentation.[3] Defendant Clark has included a one page document which he states came from a NCUA report. This is not the case. Indeed, the document Defendant Clark attached to his Opposition is from an independent accountant's report. The document was disclosed by CUMIS during discovery (document #C1207) and labeled Confidential.[4] Given Defendant Clark's disregard for the authority of this Court, it is not surprising that he chose to ignore the Order and disclose the document.

---

[3] Although Defendant Clark refers to Attachments A, B and C to his Opposition, only his affidavit and a 1 page excerpt from an auditors report is attached.

[4] The document attached by Defendant Clark, although produced by CUMIS, fails display the Bates Number or the "Confidential" designation. As such, it is presumable that Defendant Clark is withholding documents from CUMIS initially requested in its First Set of Requests for Production of Documents to Reginald Clark.

Due to the spurious nature of the affidavit along with its general lack of support, the Court should heed no weight to this document and strike Defendant Clark's Affidavit from the record.

### DEFENDANT CLARK'S DISCOVERY FAILURES WERE EGREGIOUS AND IN BAD FAITH

While Defendant Clark seeks to hide under the guise of being "pro se," a review of pleadings in this case makes it clear that even when he did not have counsel of record he was still consulting with counsel of record and having that counsel "ghost write" pleads to try to stave off a resolution of the civil matter. Defendant Clark, since the lifting of the Stay in this matter on July 18, 2007, has continued to engage in a pattern of aloof and obstructive behavior by avoiding noticed court appearances and failing to respond to any discovery propounded by CUMIS.

> Pretrial discovery is intended to operate via the parties' voluntary cooperation with a minimum of judicial oversight, and consequently, it is vulnerable to parties who choose to employ obstructive tactics in bad faith. The subversion of the [*49] discovery process by such means seriously harms the administration of justice. When discovery abuses come to the attention of the judge, the judge has a duty to take proportionate and effective countermeasures. For that purpose, Super. Ct. Civ. R. 37 permits the trial court to select from a range of sanctions, including ... the entry of a judgment of default.

*Jung v. Jung*, 791 A.2d 46, 48-49 (D.C. 2002).

Defendant Clark offered the following explanation of his failure to participate in discovery, pursuant to paragraph 20 of his affidavit attached to his Opposition to the Motion:

> 20. *That I did not believe that I was required to respond to Plaintiff's discovery requests of September 6 and October 6, 2007, nor did I believe that I was required to attend the deposition scheduled for October 9, 2007, because Plaintiff had not provided adequate responses to my discovery requests pursuant to Magistrate Robertson's (sic) previous in-court Order.*

6

Defendant Clark's explanation is not credible and, in any event, offers no factual basis to reopen discovery or allow this case to proceed.[5] CUMIS attempted to contact Defendant Clark on several occasions in order to coordinate the delivery of thirteen hundred pages of discovery materials, as well as to arrange a convenient time to meet at the credit union's archival facility in order to review the material's he had requested. A copy of the correspondence is attached as Exhibit C. Per the correspondence, he has failed to even bridge the topic of the archive facility and the documents there.

Because of Defendant Clark's refusal to cooperate or respond in even accepting the very documents he claimed he needed in court, CUMIS had to go to the added expense of filing a motion which essentially required Defendant Clark to make himself available so that the materials could be delivered. Attached as Exhibit B is a copy of the Order. In total, it took six weeks and a motion before Defendant Clark would even coordinate the delivery of a box of documents to him. Such conduct further demonstrates Defendant Clark's calculated manipulation of the legal system to delay a judgment against him. Defendant Clark's opposition essentially asserts that because he avoided communication with CUMIS and failed to respond to these CUMIS' correspondence in any sort of timely or professional manner, he then became entitled to not respond to CUMIS' discovery requests, requests for admission, deposition or even the statement of material facts which are not in dispute.

Defendant Clark has offered little regard to the Court during these proceedings as well, failing to attend no less than three status conferences since June. See Minute Entry of June 19, 2007; Scheduling Order of August 2, 2007; and Judge Robinson's October 18, 2007 Minute Entry. It appears that the only time Defendant Clark deems his presence before the Court

---

[5] Defendant Clark was savvy enough to draft and file an Opposition to CUMIS' Motion to Lift Stay in which he stated that he had complied with the local rules of this jurisdiction and should, as such, be held to a higher standard regarding his knowledge of the law than the standard *pro se* party.

7

necessary is in the face of a Show Cause Order or possible sanction. For example, as an explanation to his failure to attend the October 18, 2007 hearing, set forth in paragraph 22 of his affidavit, Defendant Clark states:

> 21. *That I believed the Court would grant my request to reschedule the October 18, 2007 conference because the October 18 conference was, itself, rescheduled from a prior date.*

Defendant Clark's logic is baffling. Defendant Clark appeared before Judge Robinson and was present when the hearing was set for October 18, 2007. Counsel was never contacted by Defendant Clark to reschedule the conference and is not aware of any communications to do so. After failing to appear in prior instances, Defendant Clark simply assumed that an appearance is optional and he would be given yet another second chance to appear at a "show cause" hearing.

Defendant Clark's motives, and the tactics of his counsel who have appeared on the record or in "ghost writings", have been consistent. Defendant Clark has managed to drag this matter on for years and interfere with the prompt and efficient administration of the Court. Defendant Clark's behavior dictates that the Court enter Summary Judgment or, alternatively, Default Judgment against him.

**CONCLUSION**

For the reasons stated herein, and for any other reasons that the Court deems just and proper, the Court should grant CUMIS Motion for Summary Judgment or, in the alternative, Default Judgment.

                                                Respectfully submitted,

Dated:  December 10, 2007                       /s/  Ben Selan
                                             Amy S. Owen (D.C. Bar No. 411601)
                                             Ben Selan (D.C. Bar No. 495232)
                                             Cochran & Owen, LLC
                                             8000 Towers Crescent Drive, Suite 160
                                             Vienna, VA  22182
                                             (703) 847-4480 (office)
                                             (703) 847-4499 (facsimile)

                                             Attorneys for CUMIS Insurance Society, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment or, in the alternative, Default Judgment, was served this 10th day of December, 2007, through appropriate ECF procedures, and first class mail, postage prepaid, upon:

Anitha Johnson
6525 Belcrest Road
Suite 612
Hyattsville, MD 20782
Anitha.johnson@odelugo.com

Counsel for Defendant Reginald Clark

/s/ Ben Selan
Ben Selan