UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
CUMIS INSURANCE SOCIETY, INC.,              )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )        Civil Action No. 05-1277 (PLF)
                                            )
REGINALD CLARK, <u>et</u> <u>al</u>.,       )
                                            )
                Defendants.                 )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

        In 2005, the Court entered a final default judgment against defendant Tonia
Shuler [Dkt. No. 17].  Nearly fourteen years later, Ms. Shuler has moved to vacate that default
judgment [Dkt. No. 183]; the plaintiff, CUMIS Insurance Society, Inc. opposes that motion [Dkt.
No. 185].  Upon consideration of the parties' filings, and for the reasons set forth in this
memorandum opinion and order, the Court finds that there are factual disputes created by the
parties' competing affidavits, which can only be resolved at an evidentiary hearing.  <u>See</u> <u>Montes</u>
<u>v. Janitorial Partners, Inc.</u>, 859 F.3d 1079, 1084-85 (D.C. Cir. 2017).

        In her motion to vacate the default judgment, Ms. Shuler argues that CUMIS
failed to properly serve process on her, and that the default judgment entered against her
therefore is void.  <u>See</u> Motion to Vacate Order on Motion for Default Judgment ("Mot. to
Vacate") [Dkt. No. 183] at 1.  Under the Federal Rules of Civil Procedure, a party can be
relieved from a final judgment if the judgment is "void."  <u>See</u> FED. R. CIV. P. 60(b)(4).  When the
requirements for effective service have not been satisfied, "it is uniformly held that a judgment is
void" because without effective service of process, the court does not have jurisdiction to

adjudicate the rights of a party. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). See also Abele v. City of Brooksville, FL, 273 F. App'x 809, 811 (11th Cir. 2008) ("[S]ervice of process that is not in substantial compliance with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit.") (internal citations omitted); 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2019) (explaining that "service of process is . . . the means by which a federal court . . . asserts [personal] jurisdiction" over the defendant).

The evidentiary hearing therefore will focus on resolving the factual dispute as to whether Ms. Shuler was personally served with process in 2005. See FED. R. CIV. P. 4(e)(2)(A) (an individual may be served by delivering a copy of the summons and complaint "to the individual personally").[1] The Return of Service Affidavit filed in 2005 and sworn to by the process server, Dwayne G. Boston, says that Ms. Shuler was personally served. See Return of Service as to Tonia Shuler ("Return of Service") [Dkt. No. 8]. But Ms. Shuler swears in the affidavit filed with her motion to vacate that she was never personally served. See Mot. to Vacate [Dkt. No. 183] at 3. A comparison of the details in each affidavit reveals discrepancies in the height, weight, and age of the person Mr. Boston swears he served, and Ms. Shuler's

---

[1]     The Court's preliminary review of CUMIS's alternative arguments about service of process – that someone else was properly served, or that Ms. Shuler's potential notice of the litigation would cure ineffective service – is that these arguments are not likely to succeed. See FED. R. CIV. P. 4(e)(2)(B) (requiring that the person served also reside at the defendant's residence); Hasenfus v. Corp. Air Servs., 700 F. Supp. 58, 66 (D.D.C. 1988) (finding service was defective when the Return of Service indicated the papers were left with a woman only *believed* to reside on the premises") (emphasis in original). See also Salmeron v. District of Columbia, 113 F. Supp. 3d 263, 269 (D.D.C. 2015) ("[P]roof of actual or constructive notice" is neither a "substitute for proper service" nor can it "cure . . . defective service.").

description of herself in 2005.[2]  With the record consisting solely of contradictory affidavits, the

Court has no choice but to hold an evidentiary hearing in order to evaluate the credibility of the

two affiants and decide as a matter of fact whether Ms. Shuler was personally served.  See

Montes v. Janitorial Partners, Inc., 859 F.3d at 1084-85.  The essential witnesses at this hearing

will be the process server, Dwayne G. Boston, and the defendant, Tonia Shuler.  The parties may

decide whether they wish to call additional witnesses.

      The parties are directed to confer with one another and submit a joint status

report, to be filed by the plaintiff, on or before December 13, 2019 proposing a number of

alternative, mutually agreed upon dates for the evidentiary hearing.  Accordingly, it is hereby

      ORDERED that the parties submit a joint status report on or before December 13,

2019 with proposed dates for an evidentiary hearing.

      SO ORDERED.


_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 12, 2019

---

[2]    The Return of Service Affidavit describes the person served as 5'7" tall; Ms. Shuler says she is 5'3" tall.  The Return of Service Affidavit describes the person served as weighing 165 pounds; Ms. Shuler says she weighed about 120 pounds in 2005.  The Return of Service Affidavit describes the person served as about 45 years old; Ms. Shuler says she was 38 years old in 2005.  Compare Return of Service [Dkt No. 8]; with Mot. to Vacate [Dkt. No. 183] at 3.